

Stephen B. Meister
*Partner*
Direct (212) 655-3551
Fax (646) 539-3551
sbm@msf-law.com

February 10, 2022

**BY CM/ECF**

Honorable Dora L. Irizarry, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *McDonald's Corp. v. Vanderbilt Atlantic Holdings LLC,* **No. 19-cv-6471**

Dear Judge Irizarry:

We are counsel to Defendant. We write pursuant to section IV of Your Honor's Individual Motion Practice Rules to respectfully request a pre-motion conference in advance of moving for summary judgment.

**Procedural Posture**

Discovery was completed on January 21, 2022. Pursuant to Magistrate Judge Tiscione's December 2, 2021 Order, the final date to take the first step in dispositive motion practice is February 25, 2022.

**The Parties' Dueling Claims**

Plaintiff alleges that Defendant failed to cooperate in an expedited mandatory dispute resolution process to set rent during an optional extension term under a lease between the parties (the "Lease"). The Lease provides that if Plaintiff, the tenant, wishes to exercise the option to extend the Lease (for the first of four five-year extension periods), the rent will be set at 80% of the "Fair Market Rental Value" ("FMV") of the premises (but not less than $16,032.58 per month). If the parties cannot agree on FMV they each must retain "party-appraisers" to estimate FMV. If the party-appraisers' estimates differ by more than 15%, they jointly select a third appraiser. The decision of a majority of the three appraisers then governs, but unless at least two appraisers agree on FMV, the Lease requires that the three appraisers' FMV opinions be averaged to determine the option-term rent.

The Lease goes on to provide:

> If one of the parties fails to chose [sic] an appraiser within the specified time period or fails to cooperate in any way so that the process described above cannot be completed prior to 120 days of the expiration of the primary term of this Lease, the FMV of the one appraiser chosen by the cooperating party shall be used to determine the rent during the extension periods.

Plaintiff's appraiser estimated FMV at $350,000 per year. Defendant's appraiser estimated FMV at $1,348,000. Plaintiff contends that Defendant failed to cooperate in the expedited FMV dispute-resolution process and seeks a judgment declaring that in consequence the $350,000 FMV determined by Plaintiff's appraiser controls.[1]

Defendant, correspondingly, has asserted a single counterclaim that Plaintiff failed to cooperate and that its appraiser's $1,348,000 FMV governs.

The nub of Plaintiff's claim is that Defendant failed to cooperate by directing its appraiser — either through its principal or transactional attorney — to disregard the "encumbrance" represented by the Lease, in order to support an inflated FMV. The Lease expressly provides that FMV shall be determined, "exclusive of Tenant's improvements, knowing all the uses to which the property can be put…". (ECF Doc. 8-5 at 3). The party-appraisers agree this direction requires the property's rent to be assessed as if vacant, at its highest and best use. Though nowhere stated in the Lease, caselaw arguably requires that the "encumbrance" represented by the Lease, be taken into account. *See* 936 *Second Ave. L.P. v. Second Corporate Development Co., Inc.*, 10 N.Y.3d 628 (NY 2008). That is, that the appraiser consider the remaining term of the Lease in determining FMV. Originally, Defendant's appraiser did not explicitly consider the remaining term in determining FMV. However, after Plaintiff's counsel brought the caselaw to the attention of Defendant's transactional counsel, Plaintiff's appraiser considered the twenty-year remaining term (the four five-year option terms) but, upon reconsideration, did not alter his FMV opinion. Defendant's appraiser did not alter his FMV conclusion because, he opined, the relatively modest existing zoning potential of the property (allowing at most, two stories, and then only in part) could feasibly be constructed by a leaseholder with only 20 years of remaining term. Plaintiff's appraiser, conversely, considered only the first five-year option term (even though the remaining three extension terms are controlled by Plaintiff) and concluded that only a smaller structure could be built, thus supporting a far lower FMV.

**Basis for Defendant's Summary Judgment Motion**

Each party bears the burden of proving its own claim. Plaintiff cannot carry its burden because no evidence has been uncovered demonstrating that Defendant directed its appraiser as Plaintiff contends it did. No improper directions were given — by electronic, live or any other means — by Defendant or anyone acting at its behest, to its appraiser. Instead, Defendant's appraiser, on his own, came to the conclusion that the modest zoning potential of the property feasibly could be

---

[1] Alternatively, Plaintiff seeks a declaratory judgment that if a third appraiser is necessary, the three appraisers shall work collaboratively to try to agree on the FMV in a single letter opinion of value. Defendant has already conceded that the three appraisers should work collaboratively to try to agree on the FMV in a single letter opinion of value. Thus, this aspect of Plaintiff's complaint is moot.

exploited with only twenty years of remaining term. Plaintiff's appraiser disagrees, but that is simply a legitimate difference of opinion, not evidence of a failure to cooperate. Rather it is precisely the kind of difference of opinion that the third appraiser was supposed to resolve. Ironically, if the Court is required to resolve this issue, it will need to hear testimony from appraisers proffered as expert witnesses by the parties. In fact, both Plaintiff and Defendant have already retained expert witnesses, exchanged expert reports and have deposed the other side's experts.

Defendant, on the other hand, can readily carry its burden. Precisely because the difference between the party-appraisers was just the sort of professional difference of opinion the third appraiser was supposed to resolve, it is Plaintiff who failed to cooperate by refusing to send the matter to the third appraiser even after the two party-appraisers agreed on the identity of the third appraiser and he agreed to so serve. Indeed, it was precisely because Plaintiff was worried that the third appraiser would not agree with its party-appraiser's assessment (and that an averaging might then ensue) that it blocked the engagement of the agreed-upon third appraiser, instead disrupting the mandatory streamlined dispute resolution process by bringing this suit. As it now stands, Plaintiff has been paying its original term rent for well into two years of the first five-year option term.

Defendant thus intends to move for summary judgment dismissing Plaintiff's claim and granting Defendant's counterclaim. Of course, to prevail on its summary judgment motion, Defendant need not demonstrate that its appraiser's estimate of the property's FMV is correct. Rather, to resist Defendant's motion to dismiss Plaintiff's claim, Plaintiff must lay bare proof raising a triable issue of fact (which it cannot do), and to succeed on its counterclaim, Defendant need only demonstrate that the party-appraisers had a legitimate dispute, since, in that case, Plaintiff's blocking the engagement of the third appraiser necessarily amounts to a failure to cooperate.

Defendant respectfully requests that the Court schedule a pre-motion conference at which time the Court can order a briefing schedule on Defendants' motion for summary judgment.

Respectfully submitted,

*S/Stephen B. Meister*

Stephen B. Meister

cc: All counsel of record by CM/ECF