**Brendan M. Walsh**
Member of the Firm
bwalsh@pashmanstein.com
Direct: 201.270.4948



February 17, 2021

**VIA CM/ECF**
Honorable Dora L. Irizarry, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *McDonald's Corp. v. Vanderbilt Atlantic Holdings LLC*, No. 1:19-cv-6471-DLI-ST

Dear Judge Irizarry:

This firm represents Plaintiff McDonald's Corporation. We write in response to Defendant Vanderbilt Atlantic Holdings LLC's letter requesting a pre-motion conference about its proposed motion for summary judgment, and the Court's order directing a response. For the reasons set forth below, we do not believe that Vanderbilt has a basis to move for summary judgment. Furthermore, McDonald's does not plan to move for summary judgment and believes that the most efficient path forward is a short bench trial.

McDonald's has operated a restaurant at 840 Atlantic Avenue in Brooklyn since 1999 and has the right to remain on the Property until April 2039. McDonald's alleges that Vanderbilt acquired a 99-year ground lease for the Property in November 2017 for $7 million with the plan of forcing McDonald's out of its Lease, quickly knocking down the McDonald's restaurant, obtaining a change in zoning, and redeveloping the Property with a high-rise residential building. (Complaint, ECF No. 1, ¶¶ 26-31.) McDonald's alleges that, to advance these goals, Vanderbilt failed to cooperate in the contractually required fair market rental value ("FMV") appraisal process that will determine the rent for the final twenty years of McDonald's tenancy. (*Id.* ¶ 33.)

Vanderbilt's February 10 letter overly simplifies the basis for McDonald's claim that Vanderbilt failed to cooperate in the FMV process, and fails to address the substantial evidence revealed in discovery that supports McDonald's claim. In its complaint, McDonald's alleges:

- "Vanderbilt has failed to cooperate in good faith by, among other things, not appraising FMV in accordance with the Lease, New York law, and usual and customary appraisal practices." (Complaint ¶ 78.) For example:
    o Neither Vanderbilt nor its appraiser explained how the value of the Property more than doubled in value from November 2017—when Vanderbilt obtained a 99-year ground lease for $7 million—to more than $16 million in April 2019 under Vanderbilt's current valuation. (*Id.* ¶¶ 2, 27, 66.)
    o Vanderbilt improperly failed to instruct its appraiser to consider all encumbrances on the Property, including McDonald's Lease and existing zoning regulations,

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

> when preparing his FMV estimate. (*Id.* ¶ 58.)
> - "Despite statements by Vanderbilt and [its appraiser] Mr. Tener to the contrary, Mr. Tener did not perform a new appraisal in accordance with the terms of the Lease and New York law." (*Id.* ¶ 61.)
> - "[N]either Vanderbilt nor Mr. Tener has explained how both of its appraisals resulted in *identical* FMV estimates given that Mr. Tener's revised appraisal supposedly accounted for all encumbrances on the Property, . . . whereas the first appraisal did not. It defies credulity and common sense for anyone to claim that the Property could be worth the same under either scenario." (*Id.* ¶ 67.)
- "Vanderbilt has further failed to cooperate in good faith by, among other things, refusing to agree to any process that would allow the three appraisers, if necessary, to work collaboratively to determine 'if the appraisers, or a majority of them' can agree on the FMV, as the Lease requires." (Complaint ¶ 79.)

Discovery strengthened McDonald's claim that Vanderbilt failed to cooperate. For example, discovery revealed that Vanderbilt's appraiser did not consider the financial terms of Vanderbilt's 99-year ground lease for the Property because Vanderbilt rejected multiple requests from its appraiser for a copy of the ground lease. Had Vanderbilt's appraiser been given access to that lease, he would have seen that Vanderbilt and the owner of the Property, M.M.B. Associates, LLC, had agreed in November 2017 that the fair market rental value of the Property under existing zoning was $360,000 per year. This amount is incredibly close to the $350,000 FMV that McDonald's appraiser, Sharon Locatell, determined in her appraisal report and a fraction of the $1,348,000 that Vanderbilt's appraiser arrived at in his improper, and incredible, FMV analysis. Had Vanderbilt's appraiser been given access to this information—as he should have been—he would have been required to address this inconsistent valuation in his analysis.

Discovery also revealed that Vanderbilt has no legitimate interest in the rent McDonald's pays; only an interest in how quickly it can terminate McDonald's Lease. Vanderbilt's ground lease provides that (i) so long as the McDonald's Lease remains in effect, Vanderbilt must pay **all rent** that McDonald's pays under the Lease to M.M.B.; (ii) Vanderbilt cannot generate revenue from the Property until McDonald's leaves; (iii) the 99-year term of the ground lease began to run on November 30, 2017 and is in no way dependent on when McDonald's vacates the Property; and (iv) Vanderbilt can lock in a lower rent for the rest of the 99-year term of its ground lease if McDonald's terminates its Lease before November 30, 2027.

Additionally, discovery showed that during Vanderbilt's first conversations with McDonald's after it became McDonald's landlord, Vanderbilt's principal said he wanted to discuss a "potential new location" for the McDonald's restaurant, said that Vanderbilt considers the Property "a redevelopment site," and asked what McDonald's would do "if it didn't like the rent for the option [term]." Around this same time, Vanderbilt was working on a private rezoning application for the construction of a high-rise mixed-use building "with completion and occupancy expected to occur in 2022." As recently as February 2021, Vanderbilt represented to the Department of City Planning that construction would start in January 2022 and be finished in October 2023, with no mention of McDonald's right and intention to stay on the Property until 2039.

Vanderbilt's contention that the difference in FMV estimates is simply a matter of "professional difference of opinion" is neither credible nor supported by the evidence. McDonald's obtained expert testimony from Amanda Aaron, a highly respected MAI-designated appraiser who lives and works in Brooklyn. In a comprehensive, 32-page report, she concluded, among many other things, that the appraisal prepared by Vanderbilt's appraiser is "non-compliant with the Lease and non-compliant with [the Uniform Standards of Professional Appraisal Practice], and neither reasonable nor credible." She also found that "Vanderbilt's withholding of [its 99-year ground lease with M.M.B.] likely led to a significant 'error of omission in the Tener report resulting in a 'significant effect on the credibility of the assignment results.'"

On top of all of this—and more—Vanderbilt reversed its position on the role of the third appraiser after McDonald's filed suit. Vanderbilt contends that it "mooted" McDonald's second claim by conceding this issue (a contention with which McDonald's disagrees).[1] But, if anything, this change in position strengthens McDonald's claim that Vanderbilt failed to cooperate by wrongly insisting for months that the appraisers could not speak with each other. This concession is also fatal to Vanderbilt's counterclaim that McDonald's failed to cooperate by filing this litigation.

McDonald's has a basis to move for summary judgment, but feels that the most efficient path forward is for the Court to conduct a bench trial, which we estimate will last about 3 days. Although the Court might conclude on this record that Vanderbilt failed to cooperate, the Court cannot resolve disputed issues of fact about the credibility of Vanderbilt's representatives and appraiser without a trial. Because we believe that the Court will be best positioned to make its decision based on all the evidence, and not just those narrow areas where there are no disputed issues of fact, McDonald's requests that the Court schedule a bench trial.

We see no basis for Vanderbilt's proposed motion for summary judgment, especially given the testimony from McDonald's appraisal expert, Amanda Aaron. Because there is substantial evidence that Vanderbilt failed to cooperate in the FMV process, we believe Vanderbilt's motion will simply cause delay and unnecessary work for the Court and the parties. But if the Court permits Vanderbilt to move for summary judgment, McDonald's requests permission to move to strike the proposed expert testimony of Vanderbilt's appraisal expert, Michael Hedden, if Vanderbilt relies in any way on his proposed expert testimony. Unlike Ms. Aaron, Mr. Hedden performed no independent research or analysis and essentially concluded that Mr. Tener's report was reasonable and credible "based upon looking at his resume" and his speculation that someone with Mr. Tener's experience and reputation must have done the analysis correctly.

We thank the Court for its time and attention to this case.

Respectfully submitted,

/s/ Brendan M. Walsh

cc: All Counsel of Record via CM/ECF

---

[1] McDonald's second claim seeks a declaratory judgment that, if a third appraiser is necessary, the three appraisers will work collaboratively to try to agree on the FMV in a single letter opinion of value. (Complaint ¶ 94.)