UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MCDONALD'S CORPORATION,

                      Plaintiff,

      v.

VANDERBILT ATLANTIC
HOLDINGS LLC,

                      Defendant.
------------------------------------------------------X

19 Civ. 06471 (DLI) (SLT)

**DECLARATION OF THOMAS J. TENER**

THOMAS J. TENER, under the penalties of perjury, declares:

1. I am the Founding Principal of KTR Real Estate Advisors LLC ("KTR").

2. On March 12, 2019, the law firm Wachtel Missry LLP ("Wachtel Missry") engaged KTR to prepare an appraisal of the property at 840 Atlantic Avenue, Brooklyn, New York (the "Premises") on behalf of its client Vanderbilt Atlantic Holdings LLC ("Vanderbilt") for use in a rent re-set proceeding as set forth in an Option Rent Addendum that is attached as Exhibit G to a Lease between McDonald's Corporation ("McDonald's") and Anthony Musto, Vanderbilt's predecessor in interest in the Premises. (*See* Exhibit D hereto.)[1] KTR had previously been engaged by Vanderbilt to perform an appraisal of the land value of the Premises.

3. Upon being engaged to appraise the Premises for the rent re-set proceeding described in the Option Rent Addendum, I began working on the appraisal along with Shaun Kest, who at the time was an employee of KTR. KTR's task in this rent re-set proceeding was to estimate the fair market rental value (the "FMV") of the Premises as of April 8, 2019. While preparing the

---

[1] In order to ensure the exhibit references in this declaration will match those in the deposition transcripts, the exhibit designations in this Declaration correspond to the exhibit designations the documents were assigned during the depositions in this action.

appraisal, I asked Morris Missry, the Wachtel Missry attorney who engaged KTR on behalf of Vanderbilt, if the appraisal I was preparing for use in the rent re-set proceeding should consider the Lease term in the estimation of the FMV, since it was not specifically excluded from consideration in the Lease.  I provided Mr. Missry with a copy of the ruling in the matter of *936 Second Ave. L.P. v. Second Corp. Dev. Co.*, 10 N.Y.3d 628, 633 (2008), which provides that "absent an agreement to the contrary, the effect of a net lease must be considered in valuing property for the purpose of setting rent for a renewal lease term."  At that time Mr. Missry told me that *936 Second Avenue* did not apply to the appraisal I was preparing for the rent re-set proceeding.  A true copy of an email exchange reflecting this discussion appears at Exhibit 31.  On April 15, 2019, I completed KTR's appraisal.  A true copy of that appraisal appears at Exhibit 32.

4.   On June 19, 2019, I attended a meeting at the offices of Wachtel Missry. In attendance were Carol DeMarco, an asset manager at McDonalds, Michael Meyer, an in-house attorney for McDonald's, Sam Rottenberg, the principal of Vanderbilt, Tom Li, who works with Mr. Rottenberg, McDonald's appraiser, Sharon Locatell, Morris Missry, and me.  At this meeting, the parties, their counsel, and their respective party appraisers discussed each side's appraisal.  The KTR appraisal report was dated April 15, 2019, estimated the FMV at $1,348,000 (making the rent for the first five-year option period $1,078,000), and appears at Exhibit 32.  Ms. Locatell's appraisal report was dated June 17, 2019, estimated the FMV at $350,000 per annum (making the rent for the first five-year option period $280,000) and appears at Exhibit W.

5.   During the June 19, 2019 meeting McDonald's in-house counsel, Michael Meyer, argued that my April 15, 2019 estimate of the FMV was improperly prepared because it did not take into account the Lease term.  After hearing Mr. Meyer's presentation at the June 19 meeting, counsel for Vanderbilt instructed me to revise the April 15, 2019 KTR appraisal considering the

2

Lease term in accordance with the ruling set forth in *936 Second Avenue*. Mr. Kest and I completed the revision to the KTR appraisal and transmitted the revised appraisal on July 30, 2019 (the "Final Tener Appraisal"). A true copy of the Final Tener Appraisal appears at <u>Exhibit SS</u>. Our conclusion that the FMV of the Premises was $1,348,000 did not change.

6. During the June 19, 2019 meeting, I critiqued Ms. Locatell's valuation for failing to consider "all of the uses to which the property can be put" in her estimation of the FMV as required in Option Rent Addendum.

7. In late September, 2019, I met with Ms. Locatell at her office and gave Ms. Locatell the Final Tener Appraisal. At this meeting, Ms. Locatell gave me an appraisal for the Premises dated September 20, 2019 ("the Final Locatell Appraisal"). A true copy of the Final Locatell Appraisal appears as <u>Exhibit BB</u>. Ms. Locatell did not change her estimate of the FMV of the Premises of $350,000 per annum in the Final Locatell Appraisal to consider "all of the uses to which the property can be put."

8. At no point in the preparation of the April 15, 2019 appraisal of the Premises or the Final Tener Appraisal were our FMV conclusions influenced by any representative of Vanderbilt, including Mr. Rottenberg and Mr. Missry. Before finalizing the April 15, 2019 appraisal, I sent a draft of the appraisal to Mr. Missry and Mr. Rottenberg asking if they had any comments. Mr. Rottenberg's only comment was: "The only comment (to the extent I have one) is that perhaps there might be a little room to be a bit more aggressive on the residential valuation." (*See* <u>Exhibit 33</u>.) I ignored this comment as I had not sent the draft of the April 15, 2019 appraisal to Mr. Missry and Mr. Rottenberg to collect comments on methodology or conclusions. Rather, I sent Mr. Rottenberg and Mr. Missry the April 15, 2019 draft appraisal to give them an opportunity to provide comments on any factual matters that KTR may have failed to consider, which is KTR's

3

practice when preparing appraisals in support of litigation and/or arbitration proceedings. Mr. Missry did not have comments to the April 15, 2019 draft appraisal.

9. The only times I recall discussing the appraisal methodology on this engagement with any representative of Vanderbilt was when I asked Mr. Missry if the ruling in *936 Second Avenue* applied to this engagement before KTR transmitted the April 15, 2019 appraisal report and later on June 19, 2019 when Mr. Missry instructed me to revise the appraisal to consider the term of the Lease in accordance with the *936 Second Avenue* ruling.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 24, 2022

_____
THOMAS J. TENER