# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCDONALD'S CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>VANDERBILT ATLANTIC HOLDINGS LLC,<br><br>　　　　　　Defendant. | No. 1:19-cv-06471 (DLI) (SLT)<br><br>**AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF VANDERBILT ATLANTIC HOLDINGS LLC** |

**TO:** Stephen B. Meister, Esq.
Howard Koh, Esq.
Meister Seelig & Fein LLP
125 Park Avenue, 17th Floor
New York, NY 10017

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff McDonald's Corporation, by and through the undersigned counsel, will take the deposition of the corporate designee(s) of Vanderbilt Atlantic Holdings LLC via remote means on **Thursday, August 12, 2021**, commencing at **10:00 A.M.** The deposition will be conducted in accordance with the Stipulation and Order for Protocol on the Conduct of Remote Deposition [ECF No. 50-1] so ordered by the Court on July 20, 2021. It will take place before a certified court reporter and will be audiovisually recorded for use at trial or a hearing in this matter. The deposition will continue until completed.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Vanderbilt Atlantic Holdings LLC is required to designate one or more officers, directors, agents, or other persons who consent to testify on behalf of Vanderbilt Atlantic Holdings LLC as to the topics set forth in Schedule A attached to this Notice, and the topics as to which each designated person will testify. Vanderbilt Atlantic Holdings LLC shall provide reasonable notice in advance of the deposition

1

regarding what witness(es) will testify as to each topic. The witness(es) are directed to bring to the deposition all documents reviewed in preparation for the deposition.

Dated: July 21, 2021

                              By:    s/ Brendan M. Walsh
                                    **PASHMAN STEIN WALDER HAYDEN, P.C.**
                                    Brendan M. Walsh, Esq.
                                    Denise Alvarez, Esq.
                                    2900 Westchester Avenue, Suite 204
                                    Purchase, New York 10577
                                    (201) 270-4948

# SCHEDULE A

# DEFINITIONS

When used hereinafter, the following words shall have the following meanings and shall each be read consistently with Local Civil Rule 26.3:

1. "Action" means the instant litigation, captioned *McDonald's Corporation v. Vanderbilt Atlantic Holdings LLC,* Civil Action No. 1:19-cv-06471 (DLI) (SLT).

2. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. The word "you" or "your" shall refer to the Defendant Vanderbilt (defined below).

4. The words "concerning" and "relating to" mean in whole or in part, directly or indirectly, expressly or implicitly: referring to, relating to, alluding to, germane to, mentioning, analyzing, concerning, characterizing, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, constituting, received by, prepared by or written by.

5. When an entity is referred to herein, said reference shall be construed to include all predecessors and successors in interest, all affiliates, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or the present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons acting on its behalf or under its control.

6. "Community Board 8" shall mean Brooklyn Community Board 8, the Community Board 8 Land Use Committee, any other committees or sub-committees of Community Board 8, as well as all employees, agents, and representatives working on its behalf.

7. "Complaint" means the complaint filed by Plaintiff McDonald's (defined below) against Vanderbilt (defined below) in this Action.

8. "Department of City Planning" shall mean the New York City Department of City Planning, and all employees, agents, and representatives working on its behalf.

9. "FMV" shall mean the fair market rental value of the Property (defined below) as described in the Option Rent Addendum to the Lease (defined below).

10. "Lease" shall mean the Ground Lease for the Property, dated March 18, 1998, acquired by Vanderbilt (defined below) in November 2017.

11. "McDonald's" shall mean McDonald's Corporation, and all employees, agents, and representatives working on its behalf.

12. "M.M.B. Associates" shall mean M.M.B. Associates, LLC and all of its predecessors and successors in interest, affiliates, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or the present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons acting on its behalf or under its control.

13. "Option Rent Addendum" shall mean the document titled "Option Rent Addendum" annexed to the Lease.

14. "Property" shall mean the property known as 840 Atlantic Avenue, Brooklyn, New York.

15. "Tener" shall refer to Thomas Tener, retained by Vanderbilt (defined below) to appraise the FMV of the Property, as required by the Option Rent Addendum, and all employees, agents, and representatives working on his behalf.

16. "Vanderbilt" shall mean Vanderbilt Atlantic Holdings LLC, and all employees, attorneys, agents, and representatives working on its behalf.

17. "Vanderbilt Lease" shall mean the 99-year lease for the Property between M.M.B. Associates and Vanderbilt commencing November 30, 2017.

## DEPOSITION TOPICS

1. Information reviewed or considered by Vanderbilt in the selection of an appraiser to conduct an estimate of the FMV of the Property on Vanderbilt's behalf.

2. Information reviewed or considered by Vanderbilt in the selection of a third appraiser to conduct an estimate of the FMV of the Property pursuant to the Lease.

3. Communications between Vanderbilt and Tener concerning the selection of a third appraiser.

4. All instructions provided by Vanderbilt to Tener with regard to conducting an estimate of the FMV of the Property, including, but not limited to, Vanderbilt's statement that *936 Second Avenue L.P. v. Second Corporate Development Co. Inc.*, 10 N.Y.3d 628 (2008), does not apply to the estimation of the FMV of the Property.

5. All communications between Vanderbilt and Tener with respect to conducting an estimate of the FMV of the Property, including but not limited to, any discussions about the methodology to be used in conducting the estimate and whether there were any comparable leases to use in estimating the FMV.

6. All instructions provided by Vanderbilt to Tener to revise his letter opinion of value after the June 19, 2019 meeting identified in paragraph 42 of the Complaint.

7. All communications between Vanderbilt and Tener regarding changes or potential changes to his letter opinion of value after the June 19, 2019 meeting identified in paragraph 42 of the Complaint.

8. All communications between Vanderbilt and Tener concerning the performance of a land residual analysis to estimate the FMV of the Property.

9. All internal communications at Vanderbilt about whether the New York Court of Appeals' decision in *936 Second Avenue L.P. v. Second Corporate Development Co. Inc.*, 10 N.Y.3d 628 (2008), applies to the estimation of the FMV of the Property.

10. Vanderbilt's position regarding whether encumbrances on the Property must be considered in determining the FMV of the Property and the factual basis for same.

11. Vanderbilt's position regarding whether current zoning regulations must be considered in determining the FMV of the Property and the factual basis for same.

12. Vanderbilt's position regarding whether a potential rezoning may be considered in determining the FMV of the Property and the factual basis for same.

13. Vanderbilt's position regarding whether the Lease permits the FMV of the Property to be estimated using the land sales comparison approach and the factual basis for same.

14. The factual basis for Vanderbilt's position that McDonald's failed to cooperate in the FMV process required by the Option Rent Addendum.

15. The factual basis for Vanderbilt's (a) initial position that the Lease did not permit the three appraisers to collaborate to try to agree on the FMV of the Property in a single letter opinion of value; and (b) current position that the three appraisers may collaborate in determining the FMV of the Property.

16. Any appraisals or valuations done of the Property, including, but not limited to appraisals done by BBG, Inc. and Republic Valuations.

17. Any reviews or analyses conducted of the appraisals done of the Property, including, but not limited to, the reviews conducted by Metropolitan Valuation Services, Inc.

18. The financial terms of the Vanderbilt Lease and the consideration paid for the Vanderbilt Lease.

19. All information reviewed and considered by Vanderbilt in determining a consideration amount of $7,000,000 on the Real Estate Transfer Tax Return for the conveyance of the Property, and the factual basis for same.

20. All communications regarding the consideration amount to be entered on the Real Estate Transfer Tax Return for the conveyance of the Property.

21. Vanderbilt's plans for the Property, both before and after it entered into the Vanderbilt Lease, including, but not limited to, communications with M.M.B. Associates or any other entity or person about such plans.

22. Vanderbilt's telephone calls to McDonald's in early 2018 concerning McDonald's anticipated tenure on the Property and a potential new location.

23. Vanderbilt's retention and collection of documents potentially relating to this Action, including, but not limited, Vanderbilt's document retention policies and Vanderbilt's collection and production of documents in response to McDonald's requests for the production of documents.