# EXHIBIT 25

Message

---

**From**: David Lyon [dlyon@mvsappraisal.com]
**Sent**: 2/26/2019 9:58:19 PM
**To**: Sam Rottenberg [sam.rottenberg@gmail.com]
**CC**: Morris Missry [MISSRY@wmllp.com]; Tom [tli@sprgp.com]
**Subject**: RE: David Lyon / Morris Missry Conf Call
**Attachments**: 19-0163a- MVS Review of KTR Appraisal-840 Atlantic Avenue-2-26-19.pdf

**Flag**: Follow up

Gentlemen-

Attached is the Review of the KTR Appraisal Report. I am finishing the write-up of my review of the BBG Report this evening and will send that as soon as it is completed. It may be first thing tomorrow AM.

In general, both reports are deemed credible, though enhancements/clarifications/additional data would strengthen the credibility and confidence in each. If I remember correctly, the issue of the ground rent re-set was intentionally not part of the initial engagement for either KTR or BBG. In that regard, it would be my opinion that both of the appraisal reports (or one or the other depending on your decision to use either, or both in your preliminary negotiations with McDonalds, or if you are prepared to exchange either or both as per the ground lease re-set schedule) would need to be updated to a current date of value and additional market data would need to be reviewed/included. Both of the reports are professionally presented and exhibit a high degree of market competency written to a locally-accepted standard, but both can be revised to reflect a higher level of confidence. In general, appraisals prepared for litigation (or something similarly scrutinized) will include a higher degree of support and/or facts and figures and supportive data. It need not be overkill, but it may help to close the gap on negotiating a fair market rent and avoiding going to a 3rd party appraiser.

In my opinion, the KTR Report in its current form is slightly more credible, though the BBG Report can get there with some minor amplification. Both conclusions are reasonable. I would not anticipate that my opinion of value would be significantly different were I to independently appraise it (though I am happy to do so if you wish after your review of the "reviews").

Regards,
Dave

---

LEGAL NOTICE
Unless expressly stated otherwise, this message is confidential and may be privileged. It is intended for the addressee(s) only. Access to this E-mail by anyone else is unauthorized. If you are not an addressee, any disclosure or copying of the contents of this E-mail or any action taken (or not taken) in reliance on it is unauthorized and may be unlawful. If you are not an addressee, please inform the sender immediately, then delete this message and empty from your trash.

**From:** David Lyon
**Sent:** Wednesday, February 13, 2019 4:41 PM
**To:** Sam Rottenberg <sam.rottenberg@gmail.com>
**Cc:** Morris Missry <MISSRY@wmllp.com>; Tom <tli@sprgp.com>
**Subject:** Re: David Lyon / Morris Missry Conf Call

Likewise, Sam. It was a pleasure meeting you both. Sorry for the delay in responding today. I've been unexpectedly tied up most of the day. I will send the formal proposal by tomorrow am.

I can promise you a fair and reasonable analysis, which I hope will exceed your expectations. Looking forward to it.

Regards,
Dave



Exhibit
P25

Sent from my iPhone

On Feb 13, 2019, at 11:29 AM, Sam Rottenberg <sam.rottenberg@gmail.com> wrote:

David-


It was my pleasure to personally get to meet with you yesterday.  Your input and insight is highly constructive and valuable (while your experience and track record far exceeds my own).

In agreement to your proposal below:

Please have the formal engagement letter addressed to:

Vanderbilt Atlantic Holdings LLC

c/o Tom Li

390 Berry Street, Suite 201

Brooklyn N.Y. 11249

Thank you

Sam Rottenberg

SPR Group

390 Berry Street, Suite 201

Brooklyn N.Y. 11249

W (347) 308-5780

F:  (347) 308-5785

C: (917) 417-4714


"This email message and any attachments are intended solely for the use of the individual or entity to which it is addressed and may contain information that is confidential or legally privileged.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately and permanently delete this message and attachments. All information furnished herein is deemed reliable and is submitted subject to errors, omissions, change of terms and conditions, prior sale, or withdrawal without notice.  We do not represent or guarantee the accuracy of any information and are not liable for any reliance thereon."

-----Original Message-----
From: Morris Missry <MISSRY@wmllp.com>
Sent: Tuesday, February 12, 2019 4:37 PM
To: 'Sam Rottenberg' <sam.rottenberg@gmail.com>
Subject: FW: David Lyon / Morris Missry Conf Call

Morris Missry, Esq.

WACHTEL MISSRY LLP

One Dag Hammarskjold Plaza

885 Second Avenue | New York, NY 10017

Telephone: 212 909-9557  | Facsimile: 212 909-9448

Email: Missry@wmllp.com | Website: www.wmllp.com

-----Original Message-----

From: David Lyon <dlyon@mvsappraisal.com>

Sent: Tuesday, February 12, 2019 4:32 PM

To: Morris Missry <MISSRY@wmllp.com>

Subject: RE: David Lyon / Morris Missry Conf Call

Morris-

It was a pleasure meeting you and Sam today in your office.  As discussed, MVS is prepared to perform an analytic desk review of the 2 appraisals prepared by KTR and BBG.  The scope of the review process will include the following:

.    The reviewer will perform a comprehensive desk review of the Reports;

.    The reviewer will check and verify data used in the Reports;

.    The reviewer will check for mathematical accuracy and appropriate methodology used in the Reports;

.    The reviewer will be licensed in the State of New York;

.    The reviewer will comment on the conformance to USPAP of the Reports;

.    The reviewer will specifically comment in the Review if there are any facts, assumptions or conclusions employed in the Reports that require    further clarification or revision if they are materially consequential to the values reported;

.    The reviewer will research any relevant market data (retail leases, condo and rental sales pricing, and land sales data) between the appraised  date of values and the current date, and opine on whether any such data may materially contribute to a change in value;

.    The reviewer will NOT form an independent opinion of value (i.e. an appraisal) of the subject property; and

VA 012458

.     The reviewer will opine on the reasonability and credibility of the reported value opinions and suggest areas (if any) where such conclusions   may be impacted or clarified.

Our fee to produce a written desk review for each appraisal is $2,250, or $4,500 total, with a delivery in draft form within 7 to 10 days of your acceptance of a formal proposal, and a retainer in the amount of $2,250.  Should you subsequently require us to prepare an independent appraisal report of the subject property as of a current date, our fee would be an additional $6,500, with a delivery in draft form within 2 weeks.  Payment of the balance of the desk review fee in full will constitute an amenable retainer for any subsequent preparation of an appraisal by MVS.

If these terms are acceptable to you and your client, please let me know and I will send a formal proposal for you or your client to execute.  We will begin work upon receipt of the retainer.  Please let me know to whom to address the formal engagement proposal.

Regards,

Dave

_____

LEGAL NOTICE

Unless expressly stated otherwise, this message is confidential and may be privileged. It is intended for the addressee(s) only.  Access to this E-mail by anyone else is unauthorized.  If you are not an addressee, any disclosure or copying of the contents of this E-mail or any action taken (or not taken) in reliance on it is unauthorized and may be unlawful. If you are not an addressee, please inform the sender immediately, then delete this message and empty from your trash.

-----Original Message-----

From: Morris Missry <MISSRY@wmllp.com>

Sent: Tuesday, February 12, 2019 8:48 AM

To: David Lyon <dlyon@mvsappraisal.com>

Subject: Re: David Lyon / Morris Missry Conf Call

Yes. Thank you.

Morris Missry, Esq.

WACHTEL MISSRY LLP

One Dag Hammarskjold Plaza<x-apple-data-detectors://3/2>

885 Second Avenue | New York, NY 10017<x-apple-data-detectors://3/2>

Telephone: 212 909-9557<tel:212%20909-9557>

Facsimile: 212 909-9448<tel:212%20909-9448>

Email: Missry@wmllp.com<mailto:Missry@wmllp.com>

Website: www.wmllp.com<http://www.wmllp.com/>

On Feb 12, 2019, at 8:45 AM, David Lyon <dlyon@mvsappraisal.com<mailto:dlyon@mvsappraisal.com>> wrote:

Good morning.  Confirming 1:30pm today in your office.  Thank you.

Regards,

Dave

_____

LEGAL NOTICE

Unless expressly stated otherwise, this message is confidential and may be privileged. It is intended for the addressee(s) only.  Access to this E-mail by anyone else is unauthorized.  If you are not an addressee, any disclosure or copying of the contents of this E-mail or any action taken (or not taken) in reliance on it is unauthorized and may be unlawful. If you are not an addressee, please inform the sender immediately, then delete this message and empty from your trash.

-----Original Message-----

From: Morris Missry <MISSRY@wmllp.com<mailto:MISSRY@wmllp.com>>

Sent: Wednesday, February 6, 2019 10:39 AM

To: David Lyon <dlyon@mvsappraisal.com<mailto:dlyon@mvsappraisal.com>>

Subject: RE: David Lyon / Morris Missry Conf Call

David, are you available at 1:30 on Tuesday?

Morris Missry, Esq.

WACHTEL MISSRY LLP

One Dag Hammarskjold Plaza

885 Second Avenue | New York, NY 10017

Telephone: 212 909-9557  | Facsimile: 212 909-9448

Email: Missry@wmllp.com<mailto:Missry@wmllp.com> | Website: www.wmllp.com<http://www.wmllp.com>

-----Original Appointment-----

From: David Lyon <dlyon@mvsappraisal.com<mailto:dlyon@mvsappraisal.com>>

Sent: Wednesday, February 6, 2019 9:40 AM

To: Morris Missry

Subject: Accepted: David Lyon / Morris Missry Conf Call

When: Wednesday, February 6, 2019 10:10 AM-10:40 AM (UTC-05:00) Eastern Time (US & Canada).

Where: 1-866-642-1665, Passcode: 2129099557

_____

This email has been scanned by the Symantec Email Security.cloud service.

For more information please visit http://www.symanteccloud.com

_____

----------

This email has been scanned for spam and viruses by Proofpoint Essentials. Visit the following link to report this email as spam:

https://us1.proofpointessentials.com/index01.php?mod_id=11&mod_option=logitem&mail_id=1549464003-KN2ab6OMt58g&r_address=missry%40wmllp.com&report=1

IMPORTANT NOTICES: NOTICE UNDER E-SIGN ACT: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature; and no offer, commitment or assent by or on behalf of the sender or the sender's client is expressed or implied by the sending of this email, or any attachments hereto. NOTICE OF ATTORNEY'S CONFIDENTIALITY: This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person.

***************************************

U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.

***************************************

VA 012461

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

This email has been scanned by the Symantec Email Security.cloud service.

For more information please visit http://www.symanteccloud.com

---

---

This email has been scanned by the Symantec Email Security.cloud service.

For more information please visit http://www.symanteccloud.com

---

----------

This email has been scanned for spam and viruses by Proofpoint Essentials. Visit the following link to report this email as spam:

https://us1.proofpointessentials.com/index01.php?mod_id=11&mod_option=logitem&mail_id=1549979142-dQpcQgb1c6G6&r_address=missry%40wmllp.com&report=

**************************************

U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.

**************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

This email has been scanned by the Symantec Email Security.cloud service.

For more information please visit http://www.symanteccloud.com

---

---

This email has been scanned by the Symantec Email Security.cloud service.

VA 012462

For more information please visit http://www.symanteccloud.com

----------

This email has been scanned for spam and viruses by Proofpoint Essentials. Visit the following link to report this email as spam:

https://us1.proofpointessentials.com/index01.php?mod_id   &mod_option=gitem&mail_id   500 07096-z8xMpM5EmsOK&r_address=ssry%40wmllp.com&report=

IMPORTANT NOTICES: NOTICE UNDER E-SIGN ACT: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature; and no offer, commitment or assent by or on behalf of the sender or the sender's client is expressed or implied by the sending of this email, or any attachments hereto. NOTICE OF ATTORNEY'S CONFIDENTIALITY: This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person.

**************************************

U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.

**************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Virus-free. www.avast.com

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

VA 012463

# METROPOLITAN VALUATION SERVICES

### REAL ESTATE CONSULTING AND APPRAISAL

February 26, 2019

Vanderbilt Atlantic Holdings, LLC
390 Berry Street
Brooklyn, NY 11249
Attn: Tom Li

re:     Comprehensive Desk Review of the Appraisal of
840 Atlantic Avenue, 547 Vanderbilt Avenue, and 847-853 Pacific Street – The "Report"
KTR– Thomas J. Tener, MAI, and Shaun Kest, MAI – The "Appraiser(s)"
January 17, 2019 – Date of Report
August 20, 2018 – Date of Value "As Is"

Dear Mr. Li:

Pursuant to your request, Metropolitan Valuation Services, Inc. ("MVS") is pleased to submit this comprehensive desk review (the "Review") of the above-referenced appraisal report (the "Appraisal" or the "Report") prepared by KTR Real Estate Advisors of 840 Atlantic Avenue, 547 Vanderbilt Avenue, and 847-853 Pacific Street, Brooklyn, NY, 11238, (collectively, the "Subject Property').

This appraisal review of was prepared in conformance with Standard Rule 3 per the Uniform Standards of Professional Appraisal Practice.  The scope of our assignment included (or did not include) the following:

- The reviewer has performed a comprehensive desk review of the Report;
- The reviewer has checked and verified data used in the Report;
- The reviewer has checked for mathematical accuracy and appropriate methodology used in the Report;
- The reviewer is licensed in the State of New York;
- The reviewer has commented on the conformance to USPAP of the Reports;
- The reviewer has specifically commented in the attached Review if there are any facts, assumptions or conclusions employed in the Report that require further clarification or revision if they are materially consequential to the value(s) reported;
- The reviewer has researched any relevant market data (retail leases, condo and rental sales pricing, and/or land sales data) between the appraised date of value(s) and the current date, and has opined on whether any such data may materially contribute to a change in value(s);
- The reviewer has NOT formed an independent opinion of value (i.e. an Appraisal) of the subject property; and
- The reviewer has opined on the reasonability and credibility of the reported value opinion(s) and suggested areas (if any) where such conclusions may be impacted or clarified.

**METROPOLITAN VALUATION SERVICES, INC.**
**44 East 32nd Street – 11th Floor**
**New York, NY  10016**
**Phone (212) 213-8650   Fax (212) 213-8621**
**www.MVSappraisal.com**

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 2*

The purpose of this Review is to assist the client in evaluating the Appraisal under review for USPAP compliance and comment on its overall presentation of data, analysis and final value conclusion(s) as it relates to a ground rent reset set forth in the terms of an associated ground lease with McDonald's Corporation. This appraisal review is subject to the assumptions, limiting conditions and certification contained herein. The intended use of this review is to assist the client in evaluation of the Appraisal under review for internal business decisions as it relates to an imminent ground rent reset for the subject property. This appraisal review has been prepared for the exclusive benefit of the above-named client and stated intended user. It may not be used or relied upon by another party. Any party who uses or relies upon any information in this report, without the preparer's written consent, does so at their own risk. Attached is our appraisal review report together with the Certification.

### *Overview*
Per the Report submitted to MVS prepared by KTR, the subject property is comprised of 3 parcels of land which in the aggregate contain 29,000 square feet of site area, which is presently split-zoned M1-1 and R6B. The site is primarily situated along the southeasterly corner of Atlantic and Vanderbilt Avenues, with additional non-contiguous frontage along the northerly side of Pacific Street, in the Prospect Heights neighborhood of the Borough of Brooklyn, Kings County, City and State of New York. The site is identified on the Kings County tax map as Block 1122, Lots 1, 68, and 71. The site is presently improved with a 1-story, 3,760 square foot quick-service restaurant (McDonalds), who operates the site and facility under a long-term ground lease agreement (with an expiration of the current term noted to be on April 8, 2019).

According to the Report, and in its current configuration, Lot 1 is an L-shaped parcel divided by 2 zoning districts. The northern portion of the site, fronting on Atlantic Avenue is situated within an M1-1 manufacturing district, while the southern portion of the site is within an R6B residential district. Lot 68 also appears to be divided by zoning district with the easterly portion of the site within the R6B district and the westerly portion in the M1-1 district. Lot 71 is fully located within the M1-1 manufacturing district. The subject is also located in the proposed "M Crown" rezoning area, currently under consideration by NYC Planning and the Community Board 8 Subcommittee.

### *Purpose and Scope of the KTR Appraisal*
The purpose of the Appraisal is to provide an estimate of the Market Value of the Fee Simple Interest in the subject land, as if vacant, unencumbered and available for development to its highest and best use, breaking out values for the M1-1 zone portions of the site and the R6B zoned portion of the site. In addition, the client has requested an opinion of the Market Value of the Fee Simple Interest in the subject site under the hypothetical condition that the entire site is rezoned based on the current proposals represented in the "M Crown" study. The scope of work also includes an opinion of the market ground rent for the subject property.

The Appraisal notes the following hypothetical condition(s):

- *The subject is in an area that is being considered by the NYC Department of City Planning and the Community Board 8 Subcommittee for rezoning as part of the "M-Crown" rezoning. The submitted presentation prepared by the Department of City Planning, dated February 12, 2018, details a plan that would result in a significant up-zoning of the subject site. Under this potential rezoning the subject would be split-zoned with the portion along*



**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

VA 012465

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 3*

*Atlantic Avenue in the High-Density C area and the portion along Pacific Street in the MX area.*

*Under the current presentation, the subject would be zoned C6-1 Commercial Zone along Atlantic Avenue, with a community facility FAR of 6.5, a commercial FAR of 6.0 and a residential Mandatory Inclusionary Housing FAR of 4.6. The MX rezoning area will further be subdivided into interior side street and north-south blocks. The subject appears to be in both portions of this rezoning. The MX interior side streets, will convert the current zoning to a C4-3A Commercial Zone, with a community facility FAR of 4.8, a commercial FAR of 3.0 and a residential Mandatory Inclusionary Housing FAR of 3.6 and the MX north-south blocks, will convert the current zoning to a C4-4A Commercial Zone, with a community facility FAR of 4.8, a commercial FAR of 4.0 and a residential Mandatory Inclusionary Housing FAR of 4.6. This appraisal includes an opinion of the Market Value of the Fee Simple Interest in the subject land under the hypothetical condition that the subject property is rezoned under the "M-Crown" plan, as described above, as of the effective date of this appraisal.*

The Appraisal notes the following extraordinary assumption(s):

- *According to Public Records, a Memorandum of Lease dated November 30, 2017 between M.M.B Associates, LLC ("Landlord") and Vanderbilt Atlantic Holdings LLC ("Tenant") was recorded on December 26, 2017. The Memorandum identifies a 99-year ground lease encumbering the subject property. According to the client, this ground lease is between related parties. This appraisal assumes no division of interest is created by this ground lease. The values developed herein reflect the Fee Simple Estate, exclusive of the noted ground lease.*

- *As part of the Hypothetical Analysis associated with the "M Crown" rezoning, the subject would be in a Mandatory Inclusionary Housing Area. Although not finalized, the Mandatory Housing will include one or more of four permanent affordable housing requirements. City Planning and the City Council can choose to impose one or both basic affordable options. Option 1 requires 25.0% of the units be affordable, with 10.0% at 40.0% of Area Median Income (AMI) and 15.0% at 60.0% of AMI. Option 2 requires 30.0% of the units to be affordable at 80.0% of AMI. In addition, City Planning and the City Council may also add one or both of two other options. Option 3 requires 20.0% of the units to be affordable at 40.0% of AMI. Option 4 requires 30.0% of the units be affordable, with 5.0% at 70.0% of AMI, 5.0% at 90.0% of AMI and 20.0 at 115.0% of AMI. Based on the City's posture regarding the need for affordable housing, this analysis assumes that at the least Option 1 and Option 2 will be required as apart of "M Crown". It is note assumed that Options 3 or Option 4 will be required for the subject.*

We note that MVS conducted only a cursory review of the valuation of the subject property by KTR under the "M-Crown" re-zoning. As the proposed re-zoning initiative has not yet been approved, it is our opinion that this valuation scenario is highly speculative as of both the effective date of value, and the date of the Report.



**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 4*

### KTR Value Conclusions

According to the Report, KTR estimates that the Market Value of the Fee Simple Interest of the subject site, as if vacant, unencumbered and available for development to its highest and best use, under current zoning, ($12,000,000 for the M1-1 Parcel and $6,300,000 for the R6B Parcel), free and clear of financing as of August 20, 2018, is **$18,300,000.**

According to the Report, KTR estimates that the Market Value of the Fee Simple Interest in the subject property, as if vacant, unencumbered and available for development to its highest and best use, under the hypothetical condition that the entire site is rezoned based on the current proposals represented in the "M Crown" study, free and clear of financing as of August 20, 2018, is $38,800,000.

Though not presented within the Letter of Transmittal, KTR provided an analysis of a current market-oriented ground rent based upon the $18,300,000 value opinion. Utilizing a yield based upon 6.0% of land value, an annualized ground rent of $1,098,000 per year was indicated, based upon the existing zoning and as-of-right development envelope.

### Executive Summary of Our Findings:

- The Report is presented in a format and with a degree of detail appropriate for the complexity of the property type, market conditions, and the intended use and users of the appraisal. *We note that should the appraisal be used in conjunction with the McDonalds ground rent re-set, the valuation scenario under the re-zoning scenario should be removed.*

- The overall appraisal process, analysis and presentation appear professional and competent.

- The value conclusions presented in the report appear reasonable with adequate support, although there are some areas that could be strengthened, and consideration for additional sales activity may impact the ultimate market value conclusion. These include:

  1. Consistent with the expiration of the current ground rent term, reportedly on April 8, 2019, the Appraiser should consider any and all more recent and relevant transactions which have taken place since the August 20, 2018 date of value. In New York City, recording of closed sales can lag up to 6 to 9 months. MVS performed a cursory search of additional sales activity in 2018 and it is suggested that the Appraiser review these sales for consideration assuming a valuation of the property as of a current date. These sales are detailed in a following section.

  2. In that regard, a more recent date of value should be considered. This would require a "freshening" of related market support within the Appraisal.

  3. Should the appraisal be utilized in conjunction with the ground rent re-set terms contained within the ground lease between ownership and the McDonalds Corporation, it is suggested that the Appraiser provide greater detail/support for the adjustments utilized within the Sales Comparison Approach. Adjustments based on quantitative methods vs. qualitative percentage adjustments (unless the percentage adjustments are



**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 5*

4. Should the Appraisal be utilized in conjunction with the ground rent re-set, the Highest and Best Use analysis as improved should consider the encumbrance in place with respect to the Ground Lease, which precludes near-term demolition. Similarly, the tenant retains additional option periods which would limit any redevelopment opportunity.

5. Additional support for the 6.0% rate selection for the ground rent indication should be provided. We note that in New York City, ground rent re-sets are typically at or around 6.0%; however, initial year terms are typically negotiated between lessor and lessee, and initial rates typically are lower and range between 4.5% and 5.5%. The Appraiser should make a clear distinction that the 6.0% is a reasonable "re-set" rate, which we agree that it is.

6. Inclusion of a cursory Land Residual Analysis based upon the Highest and Best Use Conclusions (under the existing zoning and as-of-right development envelope) would provide additional credibility to the value opinion via the Sales Comparison Approach (i.e. a test of reasonability").

***Our specific findings / comments are as follows:***

| | |
|---|---|
| *Methodology* | The subject property is a nominally improved development site which is subject to a long-term ground lease with an investment-grade tenant (McDonalds Corporation). The highest and best use of the property as if vacant was determined to be for mixed-use development. The highest and best use as improved is for mixed-use development. The appraisal employs the Sales Comparison Approach to value. The Income Capitalization Approach and Cost Approach were reasonably excluded, though elements of the Income and Cost Approaches could be reasonably employed if a Land Residual is included. We concur with the methodology employed for the "As Is" valuation and suggest that a Land Residual technique be include to enhance credibility/reasonability of the conclusions via the Sales Comparison Approach. |
| *Completeness of Report* | The Report is USPAP compliant and is an acceptable presentation of an appraisal report in a narrative reporting format. |
| *Regional Analysis* | This section appears to be adequate. |
| *Neighborhood Analysis* | This section appears to be adequate. |
| *Site Analysis* | This section appears to be adequate. |

**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

VA 012468

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 6*

| | |
|---|---|
| *Improvement Analysis* | This section was reasonably excluded as the purpose of the appraisal was to opine on the market value of the subject property as if vacant and unencumbered. |
| *Zoning Analysis* | This section appears to be adequate.  We note that measurements of the subject property's site area under the split-zoning mapping appear to have been calculated by the appraiser and based upon public records.  The measurements are deemed to be credible and accurate.  The following table details the Appraiser's measurements of the "as-of-right" development envelope. |

### DEVELOPABLE AREA OF THE FULL SUBJECT LOT

| Segment | Dimensions | | Sq.Ft. | Zoning | FAR | Dev.Area |
|---|---|---|---|---|---|---|
| Lot 1 (M1-1) | 170 | 100 | 17,000 | M1-1 | 1.0 | 17,000 |
| Lot 1 (R6B) | 50 | 100 | 5,000 | R6B | 2.0 | 10,000 |
| Lot 68 (M1-1) | 5 | 100 | 500 | M1-1 | 1.0 | 500 |
| Lot 68 (R6B) | 20 | 100 | 2,000 | R6B | 2.0 | 4,000 |
| Lot 71 | 45 | 100 | 4,500 | M1-1 | 1.0 | 4,500 |
| Overall Lot ("U"-shape) | | | 29,000 | | | 36,000 |

*R6B Far Can Be Increased to 2.2 with Inclusionary Housing
Source: Compiled by KTR Real Estate Advisors LLC

A total development envelope of 36,000 square feet of zoning floor area ("ZFA") is estimated, which appears reasonable.  Of the total ZFA, 22,000 square feet is located within the M1-1 zone, and 4,000 square feet is located within the R6B zoning district.

The Appraiser notes on page 22 that:

*"It is also noted that Lot 68 could potentially be treated as fully R6B under Section 77-11 of the Zoning Resolution, Special Provisions for Zoning Lots Divided by District Boundaries.  However, as it is unclear if Lot 1 and Lot 68 were "zoning lot existing" on the date when these zoning districts were enacted, Section 77-11 may not apply to the current development of the subject site in total."*

An in-depth analysis/review of the speculative re-zoning was not conducted by MVS, but a cursory review of the calculations indicates that the measurements are reasonable.

| | |
|---|---|
| *Real Estate Tax Analysis* | This section appears to be adequate. |
| *Highest and Best Use* | This section appears to be well developed and mostly adequate.  The highest and best use as if vacant is adequately described and we concur with the conclusions.  We note that the Appraiser |

**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 7*

|  |  |
|---|---|
|  | concludes that the Highest and Best Use of the subject property site as improved is for demolition of the improvements and mixed-use redevelopment.  We do not necessarily concur with this conclusion as the ground lease encumbrance precludes demolition.   The Appraiser should provide clarification and revisit this conclusion. |
| *Valuation Process* | This section appears to be adequate.  A land residual technique, which employs elements of the Cost and Income Approaches, would require revisions in this section should the Appraiser decide to employ this technique as a measure of testing the reasonability of the opinion(s) via the Sales Comparison Approach. |
| ***Sales Comparison Approach*** | Given the split-zoning, the Appraiser appropriately provides 2 separate valuation scenarios: the first for the M1-1 zoned area, which has a 22,000 square foot ZFA; and the second for the R6B zoned area, which has a total ZFA of 14,000 ZFA. |
| *M1-1 Component* | For the M1-1 site area, the Appraiser analyzes a total of 3 comparable sales, all of which are located in Brooklyn, with sale dates between May 2016 and December 2017.  The unadjusted sales prices range between $331.25 and $580.32 per ZFA.  Transactional adjustment variables considered by the Appraiser include property rights, financing terms, conditions of sale, expenditures after purchase (demolition at $20.00 per square foot), and market conditions. |
| ***Note:*** *Market Conditions* | We note that the effective date of value is August 20, 2018, a retrospective date of value in our opinion relative to the current date (February 26, 2019) and certainly relative to the date of expiration of the McDonald's ground lease on April 8, 2019.  Should the KTR Appraisal be utilized by ownership for the ground rent re-set, the Appraiser should carefully consider any changes in market conditions between the effective date of the Report and the date of expiration of the lease. |
|  | The following graphic from the Cushman & Wakefield Property Sales Report Year-End 2018 for Brooklyn, indicates that although the overall dollar volume was up from the prior year, the number of sales were down 5.4% in 2018, and the price per buildable square foot (equal to the "ZFA") in the Appraisal, was down 4.0% from Year-End 2017.  We note that this is just one data point from one brokerage and includes the entirety of the Borough; however, the Appraiser should consider any changes in market conditions for development sites should the eventual date of value be updated to a current date. |

**M E T R O P O L I T A N  V A L U A T I O N  S E R V I C E S**
R E A L   E S T A T E   C O N S U L T I N G   A N D   A P P R A I S A L

VA 012470

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 8*



Property adjustment variables include consideration for location, site size, development potential (zoning), shape, and site orientation. We generally concur with the adjustments applied, though the adjustment for location for Comparable Sale No. 2 as being a superior location is debatable, and we feel that this site is comparable, if not slightly *inferior* to the subject property. The Appraiser appropriately notes that Comparable Sale No. 1 is a known contaminated site. However, as National Grid is assumed to be responsible for remediation, the impact on development (i.e. delay due to clean-up) is unknown and is not easily adjusted for. This sale represents the low-end of the adjusted range.

After all reasonable adjustments are applied, the Appraisal exhibits an adjusted range between $358.59 and $576.57 per ZFA. The Appraiser places primary reliance on Comparable Sales No. 2 and 3, which reflect adjusted sale prices of $522.29 and $576.57 per ZFA, respectively. The average is $549.43 per ZFA. Were the location adjustment for Comparable Sale No. 2 changed to 0% (similar location), the adjusted sale price for this comparable would be $548.40 per ZFA, and the average would be $562.49 per ZFA for Comparable Sales No. 2 and 3. The Appraiser concludes to a unit value conclusion of $550.00 per ZFA, or $12,100,000 against 22,000 buildable square feet (or "ZFA"). Deducting $20.00 per square foot against an existing improvement of 3,760 square feet for demolition, or $75,200 (a reasonable amount), the adjusted market value, as if vacant, is $12,024,800, which is rounded to $12,000,000.

We generally concur with the unit value conclusion for the M1-1 component of the overall site, though a reasonable argument could be made for a moderate increase to $560.00 per ZFA, which would result in a rounded market value of $12,250,000 (including demolition).

**M E T R O P O L I T A N   V A L U A T I O N   S E R V I C E S**
R E A L   E S T A T E   C O N S U L T I N G   A N D   A P P R A I S A L

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 9*

A perceived weakness in this section is the relatively overall small sample size of 3 comparable sales, especially when 1 of the sales has been identified as having environmental contamination issues which lessens the credibility of this sale as being instructive. We generally concur with the unit value conclusion for the M1-1 zoned component of the overall site. However, we do note that additional sales activity exists in the immediate and surrounding competitive submarkets which may provide additional credibility to the conclusion, or may in fact provide evidence which would impact the overall value conclusion.

The following table includes additional sales data which should be considered by the Appraiser (if not already considered for the initial Appraisal Report).

### ADDITIONAL MANUFACTURING-ZONED LAND SALES

| Address | Block/Lot | Sale Date | Sale Price | Site Area (Sq.Ft.) | Zoning | FAR | Max. ZFA | Price per ZFA |
|---------|-----------|-----------|------------|--------------------|--------|-----|----------|---------------|
| 1 Wythe Avenue | 2641/1, 3, & 4 | 10/24/2018 | $15,300,000 | 17,424 | M1-2 | 2.0 | 34,848 | $439.05 |
| 553 Sackett Street | 426/49 | 10/25/2018 | $5,800,000 | 8,500 | M1-2 | 2.0 | 17,000 | $341.18 |

*Source: MVS Research*

*R6B Component*

For the R6B area, the Appraiser analyzes a total of 4 comparable sales, all of which are located in Brooklyn, with sale dates between March 2017 and March 2018. We note that the adjustment table on page 53 of the Report mis-identifies the Sales in the primary header (Sale 2 is not labeled). The unadjusted sales prices range between $390.00 and $508.91 per ZFA. Transactional adjustment variables considered by the Appraiser include property rights, financing terms, conditions of sale, expenditures after purchase (demolition at $20.00 per square foot), and market conditions. Property adjustment variables include consideration for location, site size, development potential (zoning), shape, and site orientation. We generally concur with the adjustments applied. The Appraiser appropriately notes that Comparable Sale No. 2 may not be an arm's-length transaction. As such, this sale is given minimal consideration in the analysis.

After all reasonable adjustments are applied, and excluding Sale No. 2 at $464.02 per SFA (as adjusted), the Appraisal exhibits an adjusted range between $424.80 and $480.35 per ZFA. The Appraiser concludes to a market-oriented and well-supported unit value conclusion of $450.00 per ZFA, or $6,300,000 against 14,000 buildable square feet (or "ZFA").

We generally concur with the unit value conclusion for the R6B component of the overall site. However, we do note that additional

**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 10*

sales activity exists in the immediate and surrounding competitive submarkets which may provide additional credibility to the conclusion, or may in fact provide evidence which would impact the overall value conclusion.

The following table includes additional sales data which should be considered by the Appraiser (if not already considered for the initial Appraisal Report).

ADDITIONAL RESIDENTIAL-ZONED LAND SALES

| Address | Block/Lot | Sale Date | Sale Price | Site Area (Sq.Ft.) | Zoning | FAR | Max. ZFA | Price per ZFA |
|---|---|---|---|---|---|---|---|---|
| 44 Willoughby Street | 151/22 | 11/30/2017 | $11,000,000 | 1,725 | C6-4.5 | 12.0 | 20,700 | $531.40 |
| 526 Union Avenue | 2741/3 | 12/4/2017 | $11,332,750 | 10,000 | M1-2/R6A | 3.6 | 36,000 | $314.80 |
| 170 Park Place | 1164/18 | 4/11/2018 | $2,900,000 | 1,498 | R7A | 4.0 | 5,992 | $483.98 |
| 508 Waverly Avenue | 2011/38 | 8/2/2018 | $2,150,000 | 2,675 | R6 | 2.43 | 6,500 | $330.77 |

*Source: MVS Research*

**Reconciliation**
**(Land Sales Analysis)**   The Appraiser reconciles to the value via the Sales Comparison Approach of **$18,300,000**. The reconciled value opinion represents the sum of the M1-1 component site value of $12,000,000 and the R6B component site value of $6,300,000. Against a total development envelope of 36,000 square feet (based on the existing zoning), the blended value is equal to $508.33 per ZFA, a reasonable indication for this location. The reconciliation is well developed and the market value opinion is well supported by the data presented within the Appraisal.

**Ground Rent Analysis**   A ground rent analysis was requested by KTR's client. The Report indicates that KTR reviewed several ground leases and ground rent re-sets throughout Manhattan and the Outer Boroughs. However, no actual market data was provided in the Report.

The following paragraph is extracted from Page 69 of the Appraisal:

*"The applicable percentage of land value indicated by the ground leases reviewed range from 4.5% to 10.0%, with a median of 6.0% and an average of 6.7%. The ground leases involving apartment buildings range from 5.0% to 7.0%, with a median of 6.0% and an average of 5.9%. It is noted that the ground leases reviewed are primarily in Manhattan and would likely yield higher rates than that of the subject; however, given the potential for near term up-zoning of the subject's site as reflected in the "M Crown" zoning presentation from February 12, 2018, **an initial rent tied to the land value based on current zoning** would be at a higher percentage of land value suggested by location along. If not for the*

**M E T R O P O L I T A N   V A L U A T I O N   S E R V I C E S**
R E A L   E S T A T E   C O N S U L T I N G   A N D   A P P R A I S A L

VA 012473

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 11*

*potential appreciation in land value that would result from enactment of the "M Crown" zoning, the subject land would likely command a ground rent of 4.0% to 5.0% of the current land value. Given the strong likelihood that "M Crown" zoning would be passed in the first term of the Ground Lease, a higher market rent would likely be negotiated. Based on this data, a base ground rent, of 6.0% of the fair market value of the subject land at the existing M1-1/R6B zoning would be consistent with market. If rezoned, the ground rent would most likely be based on a more modest percentage of land value. In our opinion this rate would be approximately 4.5% of the land value based on the "M Crown" zoning.*

The Appraiser concludes to 6.0% of the underlying unencumbered land value of $18,300,000, or an annual rental of $1,098,000.

While we concur with the 6.0% selection for a **re-set**, we disagree that this rate would be reflective of an "initial" rate against the land valuation. In this location, we are of the opinion that the initial rate would be closer to 4.5% to 5.0%, and no consideration would be given to any potential "up-zoning" as of the current date of value, as this would be highly speculative without formal, or at least anecdotal municipal approval. The Appraiser should clarify the analysis and provide actual comparable data to provide additional credibility to the conclusions.

**Conclusions**

*Completeness*

The submitted Report is sufficient with respect to scope and content.

*Adequacy and Relevance of the Data*

The Report presents adequate data required for a report conducted to a local standard for the original intended use by ownership. As noted, certain sections should be expanded upon in order to increase the credibility and overall confidence of the conclusions of value. This would include additional market research, an update of the Report to a more current date of value, quantitative support for adjustments, and the inclusion of a Land Residual Analysis.

*Appropriateness and Reasonability*

The Appraisal is presented in a format with a degree of detail appropriate for the complexity of the property type, market conditions and the intended use and function of the appraisal. The overall appraisal process, analysis and presentation are adequate and professionally presented. The appraisal is USPAP compliant. The value conclusions are generally supported by the data contained within the Report.

**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 12*

| | |
|---|---|
| *Reviewer's Comments* | In our opinion, the Report is well-documented and adequately supports conclusions of market value for the subject property as of the effective date of value.  The value conclusions are reasonable and well-supported, and the report can be relied upon.  We would recommend additional "color" and support for the sections previously discussed herein to amplify the credibility of the analysis and confidence in the overall conclusions. |

Please feel free to contact the undersigned with any questions you may have regarding our observations and/or conclusions.

Sincerely,

***METROPOLITAN VALUATION SERVICES, INC.***

*DRAFT*                                                      *DRAFT*

By:   Martin B. Levine, MAI                  By:   David C. Lyon
       Chairman                                              Executive Vice President
       *For the Firm*                                        *For the Firm*
       mlevine@MVSappraisal.com              dlyon@MVSAppraisal.com

**M E T R O P O L I T A N   V A L U A T I O N   S E R V I C E S**
R E A L   E S T A T E   C O N S U L T I N G   A N D   A P P R A I S A L

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 13*

## APPRAISAL REVIEW CHECKLIST

**Regulatory Review Items** (adequacy)

| | |
|---|---|
| • Client and other intended users identified? | Yes |
| • Purpose, function, and intended use identified | Yes |
| • "As-is" value stated with date of value?  Other values appropriately labeled, if any? | Yes |
| • If the purpose of the assignment is to develop an opinion of market value, was an opinion of reasonable exposure time presented?  Was it based on relevant market data? | Yes |
| • Real property interests correctly identified?  Dates of value correct? | Yes |
| • Personal property interests separated from real property? | N/A |
| • Legal description included? | Yes |
| • Three-year ownership history reported and analyzed? | Yes |
| • Current listing, option or pending contract revealed and analyzed? | Yes |
| • Is the appraisal presented in a sufficiently detailed written report? | Yes |
| • Scope of work stated?  All appropriate approaches to value included?  Scope appropriate to the appraisal assignment? | Yes |
| • Appropriate definition of Market Value stated and source cited? | Yes |
| • Statement of competency or compliance with competency provision? | Yes |

**Property Description** (adequacy)

| | |
|---|---|
| • Relevance and adequacy of regional, city and neighborhood data? | Yes |
| • Neighborhood trends discussed and supported? | Yes |
| • Market trends including supply/demand factors discussed and supported? | Yes |
| • Adequacy of site analysis? | Yes |
| • Adequacy of zoning analysis?  State whether current use is legal and conforming? | Yes |
| • Taxes disclosed and analyzed?  Past due taxes reported? | Yes |
| • Easements, deed restrictions or other title report issues identified and analyzed? | Yes |
| • Issue of seismic, environmental, flood insurance or other hazards addressed? | Yes |
| • Does the appraisal include adequate exhibits of the subject site and improvements? | Yes |
| • Adequacy of improvements description including remaining economic life? | Yes |
| • Photographs of subject property sufficient? | Yes |

**Highest and Best Use** (adequacy)

| | |
|---|---|
| • Adequacy of discussion and analysis? | Yes |
| • Highest and best use reported as if vacant?  As exists? | Yes/Yes |
| • For proposed improvements, economic feasibility and competing projects in planning considered?  Use of real estate as of date of value stated and reflected in appraisal? | N/A |

**Valuation** (adequacy**)**

| | |
|---|---|
| • Exclusion of any of the usual approaches to value or any permitted deviations from the requirements of Standard 1 adequately explained? | Yes |



**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

VA 012476

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 14*

## APPRAISAL REVIEW CHECKLIST (continued)

**Land Value** (adequacy)

| | |
|---|---|
| • Current and comparable land sales? | Yes |
| • Location map of comparable land sales included? | Yes |
| • Comparable land sales adjusted for cash equivalency? | Yes |
| • Were time adjustments reasonable, supported and separated from general adjustments? | Yes |
| • Comparable sales analyzed on an adjustment grid with adequate support and discussion for adjustments made? | Yes |
| • Reasoning for land value conclusion logical? | Yes |

**Market Analysis** (adequacy)

| | |
|---|---|
| • Prospective absorption period reasonable and supported? | N/A |
| • Projected capital, sales and holding expenses reasonable and supported? | N/A |
| • Profit allowance adequate?  Market supported? | N/A |
| • Discount rate adequately reflect associated risk?  Market supported? | N/A |
| • Report adequately derive and report the individual retail prices, bulk retail value and the market value of the asset in its entirety to a single purchaser? | N/A |

**Cost Approach** (adequacy)

| | |
|---|---|
| • Replacement cost new and indirect costs documented? | N/A |
| • Entrepreneurial profit analyzed and adequately documented? | N/A |
| • Cost to complete, leasing expenses and/or holding costs during construction considered? | N/A |
| • All forms of depreciation considered?  Deferred maintenance discussed? | N/A |
| • Is the value by the cost approach reasonable?  If not, is there adequate discussion? | N/A |

• **Income Capitalization Approach** (adequacy)

| | |
|---|---|
| • Rental properties comparable? | N/A |
| • Photographs and location map of comparable rentals included? | N/A |
| • Comparable rents analyzed on an adjustment grid with adequate support and discussion for adjustments made? | N/A |
| • Current rent roll and income history provided? | N/A |
| • Contract rents analyzed separately from market rents?  Impact of leases considered? | N/A |
| • Projected rental income supported? | N/A |
| • Vacancy and collection loss supported? | N/A |
| • Expense history of the subject included? | N/A |
| • Projected expenses adequately supported if different from historical trend?  Expense comparables included? | N/A |
| • Income, expenses and vacancy rate adequately adjusted to reflect any anticipated lease-up period? | N/A |



**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

VA 012477

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 15*

## APPRAISAL REVIEW CHECKLIST (continued)

- Market support for direct capitalization rate?  Cap rate comparables included?      N/A
- Is a discounted cash flow analysis included?      N/A
- Cash flow assumptions and projections adequately supported?      N/A
- All capital expenditures deducted (such as, finish/retrofit costs, leasing etc.)?      N/A
- Market support for the discount rate?      N/A
- Reversionary capitalization rate adjusted for future risk or older improvements?      N/A
- Sales costs deducted from reversionary value?      N/A
- Does the report adequately discount the "as is" value if the property is not stabilized?      N/A

**Sales Comparison Approach – Improved Sales** (adequacy**)**

- Improved sales current and comparable?      N/A
- Photographs and location map of sales included?  Adequate information provided?      N/A
- Comparable sales analyzed on an adjustment grid with adequate support and
  discussion for adjustments made?      N/A
- Were property rights, cash equivalency, condition of sale and time of sale adjustments
  reasonable, applied sequentially and separated from general adjustments?      N/A
- Sales adjusted for occupancy at date of sale, deferred maintenance and/or remaining
  tenant improvements?      N/A
- Is the value estimated by the sales comparison approach reasonable and supported?  If
  not, is there adequate discussion?      N/A

**Reconciliation and Final Opinion of Value** (adequacy)

- Final value appropriately split between real property, personal property and intangible
  items such as goodwill and going-concern value?      N/A
- Appropriate discussion relating to the various approaches, applicability and weight?      Yes
- If the property is not stabilized, are appropriate deductions and discounts applied and
  the time required to achieve stabilization estimated and supported?      Yes
- Report details/depth commensurate with the complexity of the property type, market
  conditions and the intended use and function of the appraisal?      Yes
- Does the final value estimate appear reasonable and supported based on the data?      Yes

**Other Reporting Requirements** (adequacy)

- If the subject is proposed, were time estimates for sales or leasing completion
  supported?  Was an adequate absorption study included?      N/A
- If the subject is proposed, are the dates for the starting and completion of construction
  reasonable?      N/A
- If any pertinent information was unavailable, is the information described and the steps
  taken by the appraiser to obtain the information stated?      N/A
- Does the appraisal contain a table of contents?      Yes


**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

VA 012478

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 16*

- Appraisal summary sheet included?                                                                                 Yes
- Copy of the engagement letter in the addendum?                                                          Yes
- Certification complete per current USPAP?                                                                    Yes
- Does the certification state who inspected the subject property?                                  Yes
- Does the certification state whether the appraiser performed any services regarding the subject property within the prior three years, as an appraiser or in any other capacity?   Yes
- Did the appraiser attempt to personally verify all comparable data and report verifications in accordance with report format?                                                                  Yes
- Assumptions/Limiting Conditions stated and reasonable?                                            Yes
- Extraordinary and hypothetical assumptions stated separately from general assumptions and limiting conditions and in a clear and conspicuous manner?                                 Yes
- Appraiser's qualifications included?                                                                                  Yes
- Appraisal signed by an appropriately licensed/certified appraiser accompanied by current license/certification number?                                                                                       Yes



**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

VA 012479

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 17*

### *CERTIFICATION*

We, Martin B. Levine, MAI and David C. Lyon certify that to the best of our knowledge and belief that:

1.      The statements of fact contained in this report are true and correct.
2.      The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are our personal, impartial, and unbiased professional analyses, opinions, and conclusions.
3.      We have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
4.      We have performed no services, as appraisers, regarding the property that is the subject of this report within the 3-year period immediately preceding acceptance of this assignment.
5.      We have no bias with respect to the properties that are the subject of this report or to the parties involved with this assignment.
6.      Our engagement in this assignment was not contingent upon developing or reporting predetermined results.
7.      Our compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
8.      Our analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*.
9.      Martin B. Levine, MAI and David C. Lyon have inspected the property that is the subject of this report. Martin B. Levine, MAI and David C. Lyon has extensive experience in the appraisal of similar properties.
10.     No one provided significant real property appraisal assistance to the persons signing this certification.
11.     The reported analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Code of Professional Ethics and Standards of Professional Appraisal Practice* of the Appraisal Institute.
12.     The use of this report is subject to the requirements of the Appraisal Institute relating to review by its duly authorized representatives.
13.     As of the date of this report, Martin B. Levine, MAI has completed the continuing education program for Designated Members of the Appraisal Institute.  David C. Lyon has completed the continuing education requirements for Candidates for Designation.
14.     Martin B. Levine MAI has been duly certified to transact business as a Real Estate General Appraiser (New York State certification #46000003834).  David C. Lyon has been duly certified to transact business as a Real Estate General Appraiser (New York State certification #46000043655).

### *METROPOLITAN VALUATION SERVICES, INC.*

### *DRAFT*                                              *DRAFT*

By:    Martin B. Levine, MAI                      By:  David C. Lyon
         Chairman                                              Executive Vice President



*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 18*

### MARTIN B. LEVINE, MAI
CHAIRMAN - METROPOLITAN VALUATION SERVICES

**MARTIN B. LEVINE** is a co-founder of Metropolitan Valuation Services, Inc.  Mr. Levine is primarily responsible for the appraisal of commercial, non-multifamily properties, as well as for the company's quality control, reporting format, staff development and business relationships.

Mr. Levine has more than 40 years of experience in real estate appraisal.  During his career Mr. Levine has appraised virtually every property type and performed a vast array of consulting assignments including feasibility and alternative use studies.  Mr. Levine's clients include local, regional, national and foreign banks, Wall Street conduits, insurance companies, pension funds, private investors, government agencies and attorneys.

As a former executive vice president of a national valuation and due diligence firm for fourteen years, Mr. Levine oversaw one of the largest staff of professional appraisers in the Metropolitan New York area.  Mr. Levine's responsibilities included marketing and professional oversight of five appraisal teams led by specialists in Metropolitan New York commercial and multifamily valuation, hospitality, retail, and New Jersey.  Appraisal assignments included trophy office buildings, regional shopping centers, major industrial complexes, large-scale multifamily complexes and hotels.  Properties appraised were concentrated in Metropolitan New York, but many clients utilized the firm for their national assignments, including multi-property portfolios.

Previous appraisal experience includes eleven years at The Chase Manhattan Bank, where Mr. Levine managed the largest institutional appraisal staff in New York City and oversaw all appraisals conducted for bank clients doing business in New York.  Mr. Levine was also the Director of Real Estate Consulting for Planned Expansion Group, where he managed a small consulting group attached to an architectural and planning concern.  Assignments included appraisals, land use and feasibility studies and economic forecasting.

Mr. Levine is a designated member of the Appraisal Institute (MAI) and is certified by the State of New York as a real estate General Appraiser.  Mr. Levine received his Bachelor of Architecture and Master of City and Regional Planning degrees from Pratt Institute and has completed numerous courses in finance and real estate.  He has served as Chairman of the Admissions Committee of the Metropolitan New York Chapter of the Appraisal Institute, and he has served on the Chapter's Board of Directors.  Mr. Levine has been qualified and testified as an expert witness in New York, Brooklyn, Newark, Riverhead and Mineola courts.



**METROPOLITAN VALUATION SERVICES**
REAL ESTATE CONSULTING AND APPRAISAL

VA 012481

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 19*

## DAVID C. LYON
### EXECUTIVE VICE PRESIDENT - METROPOLITAN VALUATION SERVICES

**DAVID C. LYON** is an Executive Vice President with Metropolitan Valuation Services, Inc., with over 21 years of experience in the valuation industry.  Mr. Lyon's appraisal experience has included a variety of income-producing properties within the Metropolitan New York and Northeast regions, as well as assignments completed on a nationwide basis and the Caribbean. Mr. Lyon is primarily responsible for the valuation of the firm's most complex commercial assignments, staff management, and new business development.  Additionally, Mr. Lyon is an approved Supervisory Appraiser in the State of New York, working closely with the company's junior appraisers and associates.

Areas of particular expertise and specialization include large-scale office buildings; regional and community retail shopping centers, office condominiums, and special-purpose facilities including marinas, air-side cargo facilities, and horse farms.  In addition to his expertise in the office and retail industry, Mr. Lyon has extensive experience in the appraisal of major multi-family rental; cooperative, and condominium facilities; proposed sub-divisions; vacant residential and commercial land; scheduled development sites; industrial properties, and feasibility and market studies.  Mr. Lyon also implemented and directs the company's Litigation Support Division providing valuation and consulting services for tax certiorari and commercial arbitration cases, as well estate and trust valuation.  Clients include prominent law firms and property owners, as well as major municipalities, including the City of New York Law Department.

Mr. Lyon earned his Bachelor's degree from LeMoyne College, Syracuse, New York, and has also been awarded a Certificate in the Appraisal of Investment Properties from New York University.   Mr. Lyon is certified by the States of New York and Illinois as a Real Estate General Appraiser (NY Certification #46000043655 and IL Certification #553.002394), and is a Candidate for Designation with the Appraisal Institute.   Mr. Lyon has successfully completed all educational, experience, and demonstration report requirements for the MAI designation.  Mr. Lyon was an inaugural recipient of a merit-based scholarship awarded by the Scholarship Committee of the New York Metropolitan Chapter of the Appraisal Institute.

Mr. Lyon is active in local and national charitable and volunteer endeavors, including Team Red White and Blue ("Team RWB"), advocating veteran awareness through community activity, Tuesday's Children, and the March of Dimes.  Mr. Lyon is a 2-time Ironman Triathlon finisher and is a 2-time finisher of the prestigious Escape From Alcatraz.  A native of Saratoga Springs (NY), Mr. Lyon is a lifelong and avid horseman, and is a partner in several successful thoroughbred racehorses. He is the founder and managing partner of Blue Lion Thoroughbreds, LLC, a boutique racehorse partnership syndicate.



**M E T R O P O L I T A N   V A L U A T I O N   S E R V I C E S**
R E A L   E S T A T E   C O N S U L T I N G   A N D   A P P R A I S A L

VA 012482

*Desk Review of the Appraisal of 840 Atlantic Avenue, Brooklyn, NY*
*Prepared by KTR Real Estate Advisors – as of August 20, 2018*
*February 26, 2019*
*Page 20*

### NEW YORK STATE CERTIFICATION OF THE APPRAISERS



# METROPOLITAN VALUATION SERVICES
### REAL ESTATE CONSULTING AND APPRAISAL

VA 012483