# EXHIBIT 106

**Brendan M. Walsh**
Member of the Firm
bwalsh@pashmanstein.com
Direct: 201.270.4948



November 1, 2019

**VIA EMAIL AND UPS OVERNIGHT DELIVERY**
**Morris Missry, Esq.**
**Wachtel Missry LLP**
**One Dag Hammarskjold Plaza, 47th Floor**
**885 Second Avenue**
**New York, NY 10017**
**missry@wmllp.com**

Re:   **McDonald's Fair Market Rental Valuation**
      **Location Code: 31-2093**
      **840 Atlantic Avenue**
      **Brooklyn, New York 11238**

Dear Mr. Missry:

I write on behalf of my client, McDonald's Corporation, with respect to the fair market rental valuation for the above-referenced property. Please direct all future correspondence concerning this matter to my attention.

As you are aware, the renewal rent is to be determined in accordance with the Ground Lease dated March 18, 1998 (the "Lease") between Anthony M. Musto ("Musto"), as assigned to and assumed by Vanderbilt Atlantic Holdings LLC ("Vanderbilt" or, together with Musto, "Landlord"), and McDonald's Corporation.

As you are also aware, the initial 20-year term of the Lease expired on April 8, 2019. McDonald's did not terminate the Lease at the end of the initial term, so the Lease automatically extended for the first 5-year extension period beginning on April 9, 2019. McDonald's has the right to continue occupying the Demised Premises until April 8, 2039, and intends to do just that.

Vanderbilt acquired the Demised Premises from Musto on November 30, 2017 under a 99-year ground lease. Public records indicate that Vanderbilt paid $7 million for its 99-year ground lease. On May 10, 2018—less than six months after it paid $7 million to occupy the property for ***99 years***—Vanderbilt sent McDonald's a letter stating, in pertinent part:

Court Plaza South | Phone: 201.488.8200
21 Main Street, Suite 200 | Fax: 201.488.5556
Hackensack, NJ 07601 | www.pashmanstein.com

VA 027658

Morris Missry, Esq.
November 1, 2019
Page 2

> [I]n accordance with the Option Rent Addendum [to the Lease] . . . Landlord has determined that the Fair Market Value of the Demised Premises ("FMV") is $975,000.00. Therefore, the annual rent payable during the first extension period shall be $780,000.00 (80% of the FMV). If you are in agreement with the determination of FMV kindly acknowledge by signing below.

McDonald's did not agree with Landlord's valuation and opted instead to participate in the appraisal process set forth in the Option Rent Addendum to the Lease, which has been underway for many months now. Despite there being an explicit provision in the Lease governing the mechanics of the appraisal process, I understand that the parties fundamentally disagree on the appropriate method for determining FMV, including the approach to be used and whether consideration must be given to all encumbrances on the Demised Premises (current zoning restrictions, the existence of the Lease itself, etc.).[1]

The Parties' disagreements caused their appraisers to arrive at wildly different FMV estimates. At the Parties' June 19, 2019 meeting, Landlord's appraiser revealed that he estimates the FMV to be $1,348,000 per year, which would result in an annual rent of $1,078,400 ($89,867/month) for the first five-year extension period.[2] Rather than estimate the FMV using rental data in comparable commercial ground leases, as required by the Lease, Landlord's appraiser claims to have valued the property using a land sales comparison approach by analyzing land sales of properties with the same existing zoning as the Demised Premises.[3] He explained that his analysis valued the Demised Premises at $16,850,000 and that he applied an 8% capitalization rate to arrive at his FMV. He stated that he believes an 8% capitalization rate is appropriate based on a survey of approximately 50 comparable ground leases that he performed. Landlord's appraiser did not initially take into consideration the encumbrance of McDonald's Lease for the Demised Premises in arriving at his FMV estimate.

McDonald's appraiser explained at the June 19, 2019 meeting that she estimates the FMV to be $350,000 per year, which would result in an annual rent of $280,000 ($23,333/month). She explained that she determined the FMV by gathering, comparing, and adjusting rental data in

---

[1] The Parties also disagree as to how the third appraiser's letter opinion of value shall be used (provided we get to this step) in determining the FMV of the Demised Premises. Landlord has taken the position that the parties' appraisers may not have any discussions with the third appraiser about the estimated FMV at any stage. Landlord contends that the third appraiser shall simply issue a letter opinion of value and, unless the FMV exactly matches the FMV of one of the other appraisers, the new rent shall be determined by averaging the three appraisers FMV calculations. McDonald's contends that the appraisers must be given an opportunity to discuss their valuations with one another before or after they issue their individual letter opinions of value to determine whether all, or a majority of the three, can reach agreement on a valuation to be included in a letter opinion of value.

[2] McDonald's paid annual rent of $167,292 ($13,941/month) for the most recent 5-year period ending April 8, 2019.

[3] The Lease does not authorize an appraisal using a land sales comparison approach under any circumstances.

Morris Missry, Esq.
November 1, 2019
Page 3

comparable commercial ground leases, as required by the Lease. She also gave consideration to all existing encumbrances on the Demised Premises, including the Lease that gives McDonald's the right to occupy the Demised Premises until April 2039.

Following discussions and communications between you and Michael Meyer of McDonald's to close the gap on the Parties' positions, Landlord conceded in late August that, in accordance with New York law and the terms of the Lease, the Demised Premises must be appraised as encumbered by the Lease. You advised McDonald's that Landlord had instructed its appraiser to redo his analysis accordingly. As a result, McDonald's was stunned to learn at the Parties' September 27, 2019 meeting that Landlord's appraiser had again calculated the FMV to be $1,348,000 per year, notwithstanding his alleged consideration of the encumbrance of the Lease. And given that Landlord had contended until late August 2019 that its appraiser need not consider the encumbrance of the Lease in his appraisal, McDonald's was surprised to see that the "new" letter opinion of value prepared by Landlord's appraiser was dated July 30, 2019, which was a month prior to Landlord's concession.

In subsequent discussions, Landlord's appraiser stated that he had once again valued the Demised Premises using a land sales comparison approach and also a land residual method, notwithstanding the fact that the Lease does not authorize an appraisal using the land sales comparison approach and expressly provides that the land residual valuation method may only be used "[i]f comparable leases are not available." We understand that you and Landlord's appraiser have conceded that the Lease calls for the Demised Premises to be appraised by gathering, comparing, and adjusting rental data in comparable commercial ground leases, but that you both contend that an alternative method is appropriate here because there are no comparable ground leases.

We are greatly concerned by Landlord's failure to undertake the FMV appraisal process required by the Lease in good faith. Landlord's assertions that its appraiser did, in fact, consider the encumbrance of the Lease in his valuation of the Demised Premises and that there are no comparable ground leases defy credulity. McDonald's appraiser identified at least ten comparable ground leases in her letter opinion of value and Landlord's own appraiser previously indicated that he arrived at the capitalization rate for his land sales comparison approach by conducting a survey of fifty comparable ground leases. There is no credible basis upon which Landlord's appraiser may contend that the ground leases identified in McDonald's letter opinion of value are not comparable. And does Landlord's appraiser contend that the $7 million that Landlord paid in November 2017 for its 99-year ground lease of the Demised Premises is irrelevant and that the value of the Demised Premises has more than doubled in value in less than two years?

We understand that Mr. Dushinsky and his associates have been pursuing a rezoning of the Demised Premises that would allow the construction of a high-rise residential building on the property and that Landlord cannot proceed with those plans earlier than April 2039 if McDonald's

Morris Missry, Esq.
November 1, 2019
Page 4

remains at the property for the duration of its Lease. However, it is entirely improper for Landlord to attempt to corrupt the FMV appraisal process to try to either drive McDonald's away from the property or gouge McDonald's with an unfairly high rent for the property for the remaining twenty years of the Lease.

We demand that Landlord cooperate in the FMV appraisal process and direct its appraiser to redo his appraisal in accordance with the terms of the Lease and New York law. If it fails to do so, McDonald's will aggressively pursue its rights in litigation. Please advise us of your position by the close of business on November 8, 2019. Additionally, please advise Landlord and all of its agents and representatives, including Slater & Beckerman P.C., to indefinitely preserve all documents and information relating in any way to the Demised Premises.

We look forward to your prompt response.

Very truly yours,
s/ Brendan M. Walsh