# EXHIBIT 120



McDonald's Corporation
110 N. Carpenter St.
Chicago, Illinois 60607-2101
Direct Dial: (630) 272-8397
michael.meyer@us.mcd.com

Via Federal Express and Email

July 23, 2019

Morris Missry, Esq.
WACHTEL MISSRY, LLP
885 2nd Avenue
New York, NY 10017
missry@wmllp.com

RE:   BROOKLYN, NY
      840 Atlantic Avenue
      L/C: 031-2093

Dear Morris:

    This letter is in reference to the Ground Lease dated March 18, 1998 ("Lease"), between Vanderbilt Atlantic Holdings LLC ("Landlord") and McDonald's Corporation ("Tenant") (Landlord and Tenant are collectively referred to herein as the "Parties" and individually as a "Party"). I write concerning the Parties' efforts to determine the rent due under the Lease for the first five-year extension period beginning on April 9, 2019.

    The Option Rent Addendum to the Lease provides, in pertinent part:

> The annual rental that shall be payable during the first extension period described in Article 13 of the Lease shall be equivalent to the greater of:
>
> A. Eighty percent (80%) of the Fair Market Rental Value of the Demised Premises at the end of the primary term, exclusive of any and all improvements then existing on the Demised Premises (called the "FMV"), as determined by written agreement of Landlord and Tenant; or
>
> B. During the first five-year option, Tenant shall pay monthly rent of $16,032.58.

The Parties failed to reach agreement on the FMV. As a result, and in accordance with the Option Rent Addendum, Landlord and Tenant each engaged an appraiser to provide an estimate of the FMV.

    The Option Rent Addendum dictates the manner in which the Parties' appraisers are to estimate the FMV:

> The rental value shall be established based upon a definition of Fair Market Rental Value as the price which an average well-informed tenant would pay and an average well-informed landlord would accept, exclusive of Tenant's improvements, knowing all of the uses to which the property can be put, without duress on either party.
>
> The standard market data approach technique for valuing vacant land shall be used by appraisers. All comparable leases shall be appropriately adjusted, and the written reports shall indicate the reasons for the adjustments so made. If adequate comparable leases are not available, then a land residual technique, as defined by the American Institute of Real Estate Appraisers, shall be used.

The Parties have been unable to agree upon the process by which the Parties will engage the third appraiser in order to obtain an independent valuation. Furthermore, the Parties and their respective appraisers met on June 19, 2019 to discuss the appraisers' FMV estimates and to attempt to reach agreement on the annual rent. During that meeting, Landlord's appraiser revealed that he estimates the FMV to be $1,348,000 per year, which would result in an annual rent of $1,078,400 for the first five-year extension period. Landlord's appraiser explained that, rather than estimating the FMV using rental data in comparable commercial ground leases, he valued the property using land sales of properties with the same existing zoning as the Demised Premises. He explained that his analysis valued the Demised Premises at $16,850,000 and that he applied an 8% capitalization rate to arrive at the FMV of $1,348,000/year. He stated that he believes an 8% capitalization rate is appropriate based on a survey of approximately fifty comparable ground leases that he performed, which implied a capitalization rate of between 6% and 10%. It is our understanding that Landlord's Appraiser did not take into consideration the encumbrance of the Lease on the Demised Premises in calculating his FMV estimate.

McDonald's appraiser explained at the June 19, 2019 meeting that she estimates the FMV to be $350,000 per year, which would result in an annual rent of $280,000. She explained that she determined the FMV by gathering, comparing, and adjusting rental data in comparable commercial ground leases.[1] In arriving at her FMV estimate, McDonald's appraiser gave consideration to all existing encumbrances on the Demised Premises, including the Lease that gives McDonald's the right to occupy the Demised Premises for another 20 years.[2]

---

[1] This method is unquestionably the standard market data approach technique for estimating the fair market rental value of vacant land. *See* Appraisal Institute, *The Appraisal of Real Estate*, at 466 (14th ed.). It is unclear why Landlord's appraiser did not utilize this method, especially given his reliance on fifty comparable ground leases in determining the appropriate capitalization rate to be used in his analysis.

[2] In *936 Second Ave. LP v. Second Corporate Dev. Co, Inc.*, 10 N.Y.3d 628 (2008), the Court of Appeals of New York squarely held that "absent an agreement to the contrary, the effect of a net lease must be considered in valuing property for the purpose of setting rent for a renewal lease term. Such a rule comports with precedent, appraisal practices and common sense. If the parties to a lease desire to exclude that encumbrance in valuing the property, they only need to include language to that effect in their agreement." Because the Lease does not include any language to that effect, the Lease must be taken into consideration by the appraisers when estimating the FMV.

As I have previously explained, McDonald's strongly objects to both (1) the valuation method used by Landlord's appraiser to estimate the FMV (analyzing land sales, rather than gathering, comparing, and adjusting rental data in comparable commercial leases), and (2) the failure of Landlord's appraiser to consider the encumbrance of the Lease in estimating the FMV. Landlord's positions on these issues are inconsistent with both the plain language of the Lease and New York law, and constitutes a failure to cooperate in the process for determining the rent for the first five-year extension period of the Lease set forth in the Option Rent Addendum. These errors have caused Landlord's appraiser to grossly over-estimate the FMV of the Demised Premises, and will make it impossible for the Parties to agree on the instructions to be given to the third appraiser contemplated by the Option Rent Addendum.[3]

McDonald's demands that Landlord immediately cause its appraiser to prepare a new estimate of the FMV in a manner consistent with the plain language of the Lease and New York law. Please advise of Landlord's position within seven days of the date of this letter. I look forward to your prompt response and to Landlord's anticipated cooperation.

Sincerely,<br>
**McDONALD'S CORPORATION**<br>
<br>
Michael Meyer<br>
Senior Counsel<br>
US Legal Department

cc:    Carol DeMarco, Asset Manager (via email)

---

[3] The Parties also disagree on the process for determining the FMV in the event that a third appraiser is appointed. McDonald's reserves all of its rights with respect to this issue.

MCD006619