UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X         19 Civ 06471 (DLI) (SLT)
MCDONALD'S CORPORATION,

                Plaintiff,                              **Oral Argument Requested**

    v.

VANDERBILT ATLANTIC
HOLDINGS LLC,

                Defendant.
-------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Attorneys for Defendant*
*Vanderbilt Atlantic Holdings LLC*

June 24, 2022

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I.  THE GROUND LEASE IS IMMATERIAL AND REGARDLESS WAS NOT REQUESTED BY EITHER PARTY-APPRAISER ................................................................................. 4

II.  WHETHER *936 SECOND AVE.* APPLIES IS IMMATERIAL BECAUSE MR. TENER ULTIMATELY TOOK THAT DECISION INTO ACCOUNT WHEN PREPARING HIS FMV APPRAISAL ................................................................................................................ 7

III.  MCDONALD'S REFUSAL TO ENGAGE MR. NAKLEH, AS REQUIRED BY THE SEPTEMBER 2019 AGREEMENT, DEMONSTRATES THAT MCDONALD'S FAILED TO COOPERATE ................................................................................................................ 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*936 Second Ave. L.P. v. Second Corporate Development*,
   10 N.Y.3d 628 (2008) .................................................................................................. 2, 7, 8

*Jin Dong Wang v. LW Rest., Inc.*,
   81 F. Supp. 3d 241 (E.D.N.Y. 2015) .................................................................................. 2

*McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*,
   2020 WL 6481408 (E.D.N.Y. Sept. 30, 2020) ................................................................... 3

*Merkl v. Allied Bldg. Prod., Corp.*,
   2013 WL 1346032 (E.D.N.Y. Mar. 28, 2013) .................................................................... 4

*Milton Abeles, Inc. v. Farmers Pride, Inc.*,
   2007 WL 2028069 (E.D.N.Y. July 11, 2007) ..................................................................... 4

*Palazzo ex rel. Delmage v. Corio*,
   232 F.3d 38 (2d Cir. 2000) ................................................................................................. 2

*Quarles v. Gen. Motors Corp.*,
   758 F.2d 839 (2d Cir. 1985) ............................................................................................... 4

*Torrico v. Int'l Bus. Machines Corp.*,
   319 F. Supp. 2d 390 (S.D.N.Y. 2004) ................................................................................ 2

Rules

FRCP 56 ....................................................................................................................................... 1

L. Civ. R. 56.1 .............................................................................................................................. 1

Defendant, Vanderbilt Atlantic Holdings LLC ("Vanderbilt"), submits this reply memorandum of law in support of its Motion for Summary Judgment dismissing the Complaint of Plaintiff, McDonald's Corporation ("McDonald's"), and awarding Vanderbilt summary judgment declaring that McDonald's failed to cooperate in the process set forth in the ORA[1] and, as a result, the FMV of the leased premises during the first five-year option term is set at $1,348,000 per year.

## PRELIMINARY STATEMENT

In response to Vanderbilt's summary judgment motion, McDonald's takes a scattershot approach, trying desperately to raise a genuine dispute about a material fact where no such dispute exists. In response to Vanderbilt's trim six-page, 36-paragraph Statement Pursuant to FRCP 56 and Local Rule 56.1, McDonald's has responded with 51 pages containing 37 pages of alleged new facts broken into 32 paragraphs, some of which have multiple sub-paragraphs. McDonald's is desperately hoping to identify a factual dispute to defeat summary judgment.

But, Fed R. Civ. P. concerns itself only with *genuine* disputes over *material* facts. Despite McDonald's painstaking efforts, none of the additional allegedly disputed facts are material.

McDonald's argues that this Court should deny summary judgment because, first, Vanderbilt had a motive not to cooperate in the FMV process. But proof of alleged motive to breach a contractual obligation is not evidence that Defendant actually breached.

Then, McDonald's argues that Vanderbilt's purported failure to provide McDonald's or Vanderbilt's own appraiser, Thomas Tener, with a copy of its 2017 Ground Lease evidences a failure to cooperate. This is a curious choice for McDonald's lead substantive argument.[2] In its

---

[1] Capitalized terms not defined herein have the same meanings as set forth in the Declaration of Pinchus ("Sam") Rottenberg, executed April 28, 2022 ("Moving Decl.") and the Reply Declaration of Pinchus "Sam" Rottenberg executed June 24, 2022 ("Reply Decl.").

[2] McDonald's also contends that Vanderbilt's principal Pinchus "Sam" Rottenberg's Moving Declaration is a "sham affidavit." As shown in the Reply Decl., the alleged inconsistencies between Mr. Rottenberg's deposition testimony and the Reply Aff. are not material and misrepresent both what Mr. Rottenberg said at his deposition and in the Moving

1

Complaint, McDonald's first mentions the Ground Lease at paragraph 27 of its 94 paragraph Complaint. But it is only at paragraph 66 of the 94-paragraph Complaint, that McDonald's articulates the purported relevance of the Ground Lease, claiming that "neither Vanderbilt nor Mr. Tener has explained the basis for their contention that the value of the Property has more than doubled in value in less than a year-and-a-half—from approximately $7 million in November 2017 when Vanderbilt entered into a 99-year lease for the Property, to more than $16 million in April 2019 under Vanderbilt's current analysis."

As Vanderbilt previously pointed out, the value of a ground lease and the value of the leased land are not the same. In response, McDonald's changed its theory on why the Ground Lease is relevant, contending that the rental rates set forth in the Ground Lease are appropriate rental comps. But McDonald's reinvented theory cannot survive the testimony of its own party appraiser, Sharon Locatell, who admitted that the Ground Lease is not a relevant comp. Regardless, because it is undisputed that neither party-appraiser sought the unredacted Ground Lease in connection with their FMV appraisals (and neither noted it missing in their appraisals), McDonald's cannot carry its burden of proof that this allegation supports its claim that Vanderbilt failed to cooperate.

Next, McDonald's contends that Vanderbilt refused to perform the FMV consistent with its view of what the New York Court of Appeals held in *936 Second Ave. L.P. v. Second Corporate Development Corp.*, 10 N.Y.3d 628 (2008). But this argument fails because Vanderbilt ultimately instructed Mr. Tener to consider the impact of the *936 Second Ave.* as an accommodation to

---

Decl. Moreover, the alleged inconsistencies between Mr. Rottenberg's deposition testimony and the Moving Decl. are resolved by documentary evidence. Thus, McDonald's "sham affidavit" argument a transparent attempt to distract the Court from the infirmities in McDonald's position and the Court should simply ignore it. *See Torrico v. Int'l Bus. Machines Corp.*, 319 F. Supp. 2d 390, 394, n.2. (S.D.N.Y. 2004); *see also Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000); *Jin Dong Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 260 (E.D.N.Y. 2015).

McDonald's, and Mr. Tener provided a revised FMV appraisal that addressed *936 Second Ave.* As Vanderbilt's moving papers explain, McDonald's position that *936 Second Ave.* should not apply is based upon a legitimate (and Vanderbilt claims, the only correct) interpretation of both *936 Second Ave.* and the ORA. Given these undisputed facts, McDonald's claim that Vanderbilt failed to cooperate by first asserting, but ultimately abandoning — as an accommodation — its legitimate position on the *936 Second Ave.* not only fails, Vanderbilt's undisputed conduct actually demonstrates it went above and beyond what was required in an effort to be cooperative.

McDonald's next contention is that because it would not accede to McDonald's view that the ORA required the three appraisers to collaborate, that also demonstrates Vanderbilt's failure to cooperate. But here too, McDonald's has failed to carry its burden on this summary judgment motion; ironically, it was McDonald's that refused to cooperate by breaching the September 2019 Agreement in refusing to engage Marc Nakleh as the third appraiser within 21 days of the signing of the September 2019 Agreement as that Agreement plainly requires.

Similarly, McDonald's also contends that its refusal to engage Mr. Nakleh in the timeframe the September 2019 Agreement required did not constitute its own failure to cooperate. Here, McDonald's simply misreads the September 2019 Agreement.[3]

## ARGUMENT

To defeat a motion for summary judgment a party must point to a genuine dispute of

---

[3] McDonald's also contends that because its paid expert witness, Amanda Aaron, prepared a report stating her opinion that Mr. Tener's FMV appraisal did not comply with the ORA, Vanderbilt's motion should be denied. Of course, McDonald's paid expert has that view; just as Vanderbilt's expert Michael Hedden has the view that Mr. Tener's work complied with the ORA. (*See* Expert Report of Michael P. Hedden. MAI, CRE, FRICS, dated November 12, 2021, Ex 103). Which appraiser got it right, is, of course, exactly what the parties agreed the third appraiser would do. Regardless, whether Vanderbilt cooperated in the FMV process set forth in the ORA is a *legal* question to be determined by the Court after considering the evidence and law, as this Court held in denying Vanderbilt's earlier motion to compel arbitration. *McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, No. 19-CV-06471 (DLI)(ST), 2020 WL 6481408, at *1 (E.D.N.Y. Sept. 30, 2020), *aff'd*, 851 F. App'x 259 (2d Cir. 2021). No expert may make that determination.

3

material fact; it cannot rely upon a dispute over an immaterial fact or a dispute that is manufactured and not genuine. *Merkl v. Allied Bldg. Prod., Corp.*, 2013 WL 1346032, at *6 (E.D.N.Y. Mar. 28, 2013) (Irizarry, J.) ("[T]he mere existence of factual issues – where those issues are not material to the claims before the court – will not suffice to defeat a motion for summary judgment.") (quoting *Quarles v. Gen. Motors Corp.,* 758 F.2d 839, 840 (2d Cir. 1985)); *Milton Abeles, Inc. v. Farmers Pride, Inc*., 2007 WL 2028069, at *9 (E.D.N.Y. July 11, 2007) (Irizarry, J.) ("When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. Rather, there must exist specific facts showing that there is a genuine issue for trial in order to deny summary judgment as to a particular claim. In opposing a motion for summary judgment, conclusory allegations, conjecture, and speculation are 'insufficient to create a genuine issue of fact.") (citations omitted.)

## I. THE GROUND LEASE IS IMMATERIAL AND REGARDLESS WAS NOT REQUESTED BY EITHER PARTY-APPRAISER

In its Complaint, McDonald's, to the extent it mentions the Ground Lease at all, contends the Ground Lease is relevant because when Vanderbilt and M.M.B. signed the Ground Lease they filed a New York State Real Property Transfer Tax form and paid the attendant taxes based upon a $7 million valuation of the Lease.  Now, McDonald's attempts to manufacture an issue out of the Ground Lease entered into in 2017.  McDonald's fails.  No genuine issue is raised.  The Ground Lease is a development agreement, not an occupancy lease.

Under the Ground Lease, Vanderbilt agreed to re-zone, demolish and redevelop the Property with an entirely new, much larger building. (PX 4 at 25-26, 54-57.) That new building, costing many millions of dollars, would revert to the lessor, M.M.B., upon the termination of the Ground Lease.  The parties (to the Ground Lease) agreed that whatever rent McDonald's paid, would be in turn be remitted by Vanderbilt to M.M.B for so long as McDonald's remained in

4

possession of the Premises.  Thus, as a threshold matter, any FMV determination is "consistent with" the Ground Lease because it merely provides a dollar-for-dollar pass-through while McDonald's is in possession of the Premises.

Yes, once McDonald's leaves, the rental amounts change, but remain under market.  That is why the Ground Lease is completely immaterial. It cannot be used as a "rental comp."  Said differently, the rent under the Ground Lease recognizes Vanderbilt's commitment to spend at least $500,000 and likely millions more in re-developing the property, which is why the parties to the Ground Lease agreed it had a value of $7 million, and paid transfer taxes thereon.

And that is precisely why McDonald's never claimed — in its Complaint — that the Ground Lease was material because it was a rental comp.  McDonald's did not even raise the Ground Lease in any substantive way until page 14, paragraph 66 of its Complaint.  Even then, McDonald's raised the Ground Lease for an entirely different point. McDonald's claimed that M.M.B. and Vanderbilt had filed a Transfer Tax Return upon the creation of the Ground Lease and listed its value as $7,000,000, which McDonald's then argued was inconsistent with the $16,850,000 value listed in Mr. Tener's FMV appraisal, as the land value. Of course, that theory was demonstrably wrong because the value of a ground lease and the value of the ground being leased, are two entirely different things.  The most valuable land in the world could be subject to a ground lease that is worthless — if the ground rent is high enough or the term is short enough. That is, the value of a ground lease is measured by how long the lease is and how much below market the rent is. If the rent is at or over market, the ground lease, by definition, has no value.

Once Vanderbilt exposed McDonald's (original) theory as not holding water, McDonald's pivoted, completely reinventing its "tertiary non-cooperation" theory (behind Mr. Tener's failure to account for *936 Second Ave.* and the collaboration issue).  McDonald's reinvented (tertiary-

5

now-primary) theory fares no better.  Not only is the initial Ground Lease rent of $360,000 not applicable at all if McDonald's remains in possession , *but, in addition, the Ground Lease parties valued the lease as having an equity value at $7,000,000 on a current basis — meaning they believed (and paid transfer taxes based on) the Ground Lease being worth $7,000,000 because the rent was way under market.* That $7,000,000 value (because the Ground Lease rents were under market) was Vanderbilt's economic return for investing millions into M.M.B.'s Property.  Of course, if the re-zoning effort failed, the Ground Lease dissolved, thus further establishing that the Ground Lease is strictly a development deal.

    In short, because the Ground Lease is a development deal, not an occupancy lease, and is admittedly at an under market rent, it has no utility whatsoever as a rental comp.  That is precisely why McDonald's own appraiser, in the plainest terms, testified at her deposition that the Ground Lease was immaterial to the FMV.  Ms. Locatell testified the Ground Lease "was not relevant to the assignment that [she] was given…." Locatell Dep. at page 173, line 10 to page 174, line 16.

    In fact, neither appraiser sought the Ground Lease in connection with his or her FMV appraisal, despite the fact that a Memorandum of Lease appeared of record.  Thus, Vanderbilt not furnishing the never-requested lease, cannot possibly form the basis for a non-cooperation claim.  Any responsible appraiser knowing, by virtue of a recorded memo of lease, that a relevant lease comp existed but had not been considered, would have surely inserted a conspicuous caveat in his or her report that the value conclusion could change were this critical lease provided and considered.  Neither appraiser did that, and to the contrary, Ms. Locatell confirmed in her sworn testimony that the ground lease would not have changed her FMV conclusion.[4]

---

[4] Even if the Court were to believe that an issue of fact were raised as to *whether* the Ground Lease was a relevant rental comp, McDonald's claim — to the extent based on the Ground Lease — must still be dismissed.  As the Court noted when denying Vanderbilt's motion to compel arbitration, the Court's function is not to determine FMV (that is for the third appraiser) but to make the legal determination whether a party failed to cooperate. Because there is no

6

McDonald's cannot recover from its own appraiser's testimony. It guts their reinvented theory. Try as they might to distance themselves from their own appraiser, by arguing, absurdly, that while Ms. Locatell did not need the Ground Lease, Mr. Tener did, McDonald's fails to resuscitate its reinvented argument. Mr. Tener only requested the Ground Lease in connection with an earlier hypothetical valuation of an unencumbered fee simple estate. That has nothing to do with an FMV appraisal, and there is no evidence that Mr. Tener disagreed with Ms. Locatell that the Ground Lease was irrelevant to the FMV determination. If he did disagree, a caveat would appear in his FMV appraisal, but no caveat is there. No triable issue has been raised. The terms of the Ground Lease are what they are, and we know neither appraiser required (or sought) the Ground Lease to complete his or her FMV assessment, and that both deemed it immaterial.

In sum, Vanderbilt's failure to provide Mr. Tener or Ms. Locatell with the Ground Lease, which is now McDonald's lead substantive argument — fails; the Ground Lease is immaterial to the FMV determination, as both party-appraisers agreed.

## II. WHETHER *936 SECOND AVE.* APPLIES IS IMMATERIAL BECAUSE MR. TENER ULTIMATELY TOOK THAT DECISION INTO ACCOUNT WHEN PREPARING HIS FMV APPRAISAL

In its moving papers, Vanderbilt carefully explained that *936 Second Ave.* does not apply here because the Court held "that absent an agreement to the contrary, the effect of a net lease must be considered in valuing property for the purpose of setting rent..." *936 Second Ave. L.P. v. Second Corp. Dev. Co.*, 10 N.Y.3d 628, 633, 891 N.E.2d 289, 293 (2008).

Here, the ORA expressly provides that the appraiser must take into account "all uses to which the property can be put…" (emphasis added.) Thus, if a use is allowed and *936 Second*

---

genuine dispute that neither party-appraiser asked for a copy of the Ground Lease in connection with their FMV appraisal, and neither noted it missing in their appraisal report, McDonald's claim that Vanderbilt failed to cooperate itself fails. McDonald's cannot carry its burden of raising a triable issue of fact.

*Avenue* is read to stop the appraisers from considering that use, then the appraisers will not be considering "all" the uses to which the property can be put. Such a reading would frustrate the intent of the drafters of the Lease and, hence, Mr. Missry was correct in his original direction to Mr. Tener not to consider the 20-year renewal term in preparing his FMV appraisal.

But the Court need not necessarily resolve this issue because Vanderbilt ultimately agreed to apply *936 Second Ave.* and directed Mr. Tener to redo his appraisal taking the decision into account. As it happened, Mr. Tener's conclusion did not change after he took *936 Second Ave.* into account. Such an outcome is similar to a Court granting a motion for reconsideration, but, upon reconsideration, adhering to its prior decision.

Contrary to McDonald's position here, the facts demonstrate not that Vanderbilt failed to cooperate, but that Vanderbilt bent over backwards to cooperate. Vanderbilt was so motivated to complete the FMV process that it agreed to revise its appraisal to take *936 Second Ave.* into account even though it did not believe the case applied.

McDonald's contends that Mr. Tener is wrong in his conclusion that applying *936 Second Ave.* to his FMV appraisal results in the same FMV determination that Mr. Tener made before he applied *936 Second Ave.* But the ORA leaves that issue to the neutral third appraiser; it is not evidence that Vanderbilt failed to cooperate.[5]

### III. MCDONALD'S REFUSAL TO ENGAGE MR. NAKLEH, AS REQUIRED BY THE SEPTEMBER 2019 AGREEMENT, DEMONSTRATES THAT MCDONALD'S FAILED TO COOPERATE

The September 2019 Agreement provides: "The Parties have selected Mark Nakleh as the

---

[5] McDonald's opposition papers attempt to make hay of Mr. Rottenberg's deposition testimony that he was not familiar with *936 Second Ave.* But, as revealed in the Rottenberg Reply Decl., that is yet another of McDonald's false flags. *936 Second Ave.* speaks for itself and, ultimately, it is for this Court, not any of the parties, or their lawyers, appraisers, or expert witnesses, to decide what the decision means. Hence, the mere fact that after his deposition, Mr. Rottenberg came to have his own understanding of the meaning of *936 Second Ave.* and set forth his interpretation of the decision in his declaration in support of this motion, is not evidence that Mr. Rottenberg's declaration was a "sham" and no reason to disregard it.

8

third appraiser pursuant to the terms of the Lease and agree to engage Mr. Nakleh within 21 days of this agreement." But McDonald's did not engage Mr Nakleh within 21 days after signing the September 2019 Agreement, *i.e.*, by October 7, 2019. McDonald's attempts to justify its breach of the 2019 Agreement by pointing to the sentence immediately after the sentence quoted above which provides: "The Parties further agree that their appraisers shall jointly communicate with Mr. Nakleh that the Parties intend to retain him upon agreement regarding the process set forth in the Lease." McDonald's contends that because it had not agreed regarding the process set forth in the lease, it had no obligation to retain Mr. Nakleh within 21 days of the September 2019 Agreement.

McDonald's protestations notwithstanding, that is not what the September 2019 Agreement says. The obligation to engage Mr. Nakleh is unconditional. It obligates McDonalds to engage Mr. Nakleh and <u>then</u> to attempt to agree on the process set forth in the Lease if that process was not yet agreed to. If <u>after</u> engaging Mr. Nakleh, the parties could not agree on the process set forth in the Lease, McDonald's could have sought a judicial declaration concerning the meaning of the Lease; McDonald's also could have sought preliminary injunctive relief or a temporary restraining order tolling or staying its obligation to engage Mr. Nakleh. But McDonald's did not do any of this. Instead, McDonald's breached the Lease as modified by the September 2019 Agreement, by refusing to hire Mr. Nakleh and filing this action. A breach of a contractual obligation is a quintessential "failure" to cooperate. Hence, McDonald's has failed to cooperate and under the terms of the ORA, Vanderbilt is entitled to a declaratory judgment that Mr. Tener's FMV appraisal shall be used to determine the rent during the option period.[6]

---

[6] In its moving papers McDonald's criticizes Vanderbilt for not stating any reasons why the Court should grant Vanderbilt summary judgment dismissing Count II of McDonald's Complaint. Count II seeks a a declaratory judgment that the two party-appraisers and Mr. Nakleh work collaboratively to attempt to issue a single letter opinion of the FMV of the Premises. In its Brief to the Second Circuit on the Appeal of this Court's decision denying Vanderbilt's motion to dismiss, Vanderbilt "waived any claim that the MDR Clause requires a non-collaborative approach, and irrevocably consents to Appellee's interpretation that a collaborative approach should be followed by the three

## CONCLUSION

The Ground Lease is immaterial to the resolution of this case; regardless, it cannot be disputed that neither party-appraiser sought the Ground Lease in connection with their FMV appraisals, nor noted it missing. Whether Mr. Tener should have initially applied *936 Second Ave.* when preparing his appraisal is also immaterial because that case does not control here, and regardless, ultimately Mr. Tener actually applied *936 Second Ave.* to his appraisal. As for the collaboration issue, the parties modified the Lease in September 2019, agreeing to engage Mr. Nakleh within 21 days and thereafter to attempt to resolve the issue. McDonald's cut short that process by refusing to engage Mr. Nakleh. McDonald's cannot carry its burden of proof, and no triable issues are raised.

In contrast, Vanderbilt has made out an irrefutable case for the granting of summary judgment on its counterclaim. The parties entered into an agreement on September 16, 2019 unconditionally obligating both parties to engage Mr. Nakleh by October 7, 2019. McDonald's breached that agreement, which modified and supplemented the ORA, without first seeking a tolling or stay order from the Court. As a result, McDonald's caused vast delays and failed to cooperate.

The Court should dismiss McDonald's Complaint and award Vanderbilt summary judgment.

Dated: New York, New York  
       June 24, 2022

**MEISTER SEELIG & FEIN LLP**

 /s/ Stephen B. Meister  
By:   Stephen B. Meister  
      Howard S. Koh  
125 Park Avenue – 7th Floor  
New York, New York 10017  
Tel: (212) 655-3500

---

appraisers." See also Vanderbilt's Amended Answer and Counterclaim in (CM/ECF Doc No. 28) ¶¶ 100 and 145. Hence, Count II of McDonald's Complaint is moot and should be dismissed.