

Denise Alvarez
Partner
370 Lexington Avenue, Suite 505
New York, NY 10017
Direct: 201.270.4946
Fax: 201.488.5556
dalvarez@pashmanstein.com

January 7, 2025

**VIA ECF**

Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *McDonald's Corp. v. Vanderbilt Atlantic Holdings LLC*, No. 19-cv-6471

Dear Judge Irizarry:

This firm represents Plaintiff McDonald's Corp. We write regarding certain evidentiary issues for the upcoming trial that McDonald's and Defendant Vanderbilt Atlantic Holdings, LLC were unable to resolve through the meet and confer process.[1]

As the Court is aware, the primary issue at trial is whether Vanderbilt, as landlord, and McDonald's, as tenant, cooperated in good faith in the fair market valuation ("FMV") process necessary to determine the rent for 840 Atlantic Avenue (the "Property") for the first extension term under the parties' lease (the "Lease"). McDonald's contends that Vanderbilt acquired a 99-year ground lease for the Property in November 2017 with the intention of redeveloping the Property without a McDonald's and sought to corrupt the FMV process to result in an unfairly high rent that would force McDonald's to terminate the Lease and vacate the Property.

The first issue concerns email chains that Vanderbilt seeks to admit, which McDonald's contends are inadmissible hearsay. Vanderbilt claims that these documents are admissible as "admissions by silence" or through another hearsay exception, but has not specified the purpose for which it seeks to have each document admitted. The second issue concerns documents related to Vanderbilt's efforts to rezone and redevelop the Property that McDonald's seeks to admit, but Vanderbilt argues that they are irrelevant and/or cumulative of the parties' factual stipulations. The third issue relates to the admission of certain of Vanderbilt's pleadings, which McDonald's seeks to use to show Vanderbilt's bad faith both before and after the filing of this suit.

---

[1] This letter addresses only certain of the parties' remaining evidentiary disputes. McDonald's reserves the right to raise any additional objections at trial.


1. **Disputes about documents that Vanderbilt seeks to admit at trial**[2]

During the pretrial conference on November 14, the parties and Your Honor discussed McDonald's hearsay objections to various email chains that Vanderbilt seeks to admit. Nov. 14, 2024 Tr. at 28:11-29:22. Vanderbilt's counsel stated that it seeks to admit some emails for the truth of the matter asserted as McDonald's "admission by silence" and others "for impeachment purposes." *Id*. at 29:4-10. Vanderbilt's counsel repeated this position during the parties' meet and confer. However, Vanderbilt's proposed exhibits do not meet the standard to be admitted as "admissions by silence." A party's silence does not, by itself, constitute an admission. *U.S. v. Flecha*, 539 F.2d 874, 877 (2d Cir. 1976). Rather, the third party's statement and surrounding circumstances must show "an intent [by the silent party] to adopt the statement," such as when the silent party uses or relies upon the third party's statement. *See Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 262 (S.D.N.Y. 2003); *King v. Wang*, No. 14-cv-7694, 2021 WL 5232454, at *12 (S.D.N.Y. Nov. 9, 2021).

Here, none of the emails that Vanderbilt seeks to introduce constitute McDonald's adoptive admission of a third party's statement. For this reason, on December 16, McDonald's counsel emailed Vanderbilt's counsel asking them to identify which exhibits Vanderbilt intends to offer for their truth as "admissions by silence" and which exhibits it intends to offer for other purposes. Vanderbilt's counsel has not responded. McDonald's respectfully requests that Vanderbilt be directed to identify which exhibits it intends to offer for their truth as non-hearsay "admissions by silence" so that McDonald's and the Court can address whether such emails are admissible.

2. **Documents that McDonald's seeks to introduce at trial**

   a) <u>Documents related to Vanderbilt's efforts to rezone and redevelop the Property</u>[3]

Vanderbilt objects to McDonald's introduction of documents related to Vanderbilt's efforts to rezone and redevelop the property. Vanderbilt argues that the documents are irrelevant and covered by factual stipulations. They are not. Unlike the stipulations, the proposed exhibits establish that *before and during* the FMV process, Vanderbilt was working to rezone and redevelop the Property, including preparing plans for a new building on the Property without a McDonald's restaurant. The limited facts regarding Vanderbilt's rezoning and redevelopment efforts that Vanderbilt has agreed to stipulate to all relate to events that occurred *after* the FMV process and *after* McDonald's filed this lawsuit. As such, the proposed stipulations do not address Vanderbilt's state of mind when it matters most—before and during the FMV process.

---

[2] Vanderbilt's proposed trial exhibits 22, 25, 37, 48-50, 53-54, and 66. All references to trial exhibits refer to those identified in the Proposed Joint Civil Pretrial Order, filed on January 24, 2024 [ECF No. 93].

[3] McDonald's proposed trial exhibits 5, 10, 12-14, 44-45, 51, and 54-55.



As the Court previously held, "the determination of a party's breach of its 'obligation or covenant of good faith and fair dealing' requires an examination 'not only [of] the express language of the parties' contract, but also [of] any course of performance or course of dealing that may exist between the parties.'" *See* Order on Motions in Limine [ECF No. 75] at 5 (quoting SJ Decision at 15). Thus, "[t]o prove [Vanderbilt] breached its duty to cooperate in good faith, [McDonald's] must 'show[ ] *intent* to harm the other contracting party, or, alternatively, a reckless disregard of the other contracting party's rights under the contract.'" *Id*. For these reasons, proving bad faith is "'heavily fact-laden'" and "'necessarily depends on the facts of the particular case.'" SJ Decision at 15-16 (both quoting *First Niagara Bank N.A. v. Mortg. Builder Software, Inc.*, 13-CV-592S, 2016 WL 2962817, at *7 (W.D.N.Y. May 23, 2016)).

Despite the fact intensive inquiry required to show bad faith, Vanderbilt contends that admitting documents related to redevelopment and rezoning would "sidetrack" the case. But McDonald's seeks to admit only ten such documents. *See supra* n. 2. And such documents show that both before and while Vanderbilt was pretending to cooperate in the FMV process to determine the rent that McDonald's would pay, it was taking steps to redevelop the Property without a McDonald's. For example, McDonald's proposed exhibit 5 is a June 2017 letter of intent sent by Vanderbilt's principal Sam Rottenberg, and signed by his partner Simon Dushinsky, to enter into a ground lease to become McDonald's landlord. In that letter, Vanderbilt's members tout their redevelopment experience, supporting McDonald's claim that Vanderbilt acquired the Property with the intent of redeveloping it. Additionally, the letter shows that Vanderbilt proposed terms that would incentivize Vanderbilt to quickly rezone and redevelop the Property without a McDonald's on the Property. Thus, this proposed exhibit 5 shows that in 2017, two years *before* the FMV appraisal process, Vanderbilt was already planning to rezone and redevelop the Property without a McDonald's restaurant despite McDonald's contractual right to remain on the Property through 2039. Similarly, drawings prepared by Vanderbilt's architect around March 2018 include renderings of different potential building configurations, none depicting an area for McDonald's or its drive-through currently on the Property. Ex. P-44, VA 017725-29. Other documents show that Vanderbilt hoped to complete construction of a high-rise mixed-use building on the Property by 2022 or 2023, well before the end of the Lease's term.

As the Court recognized during the pretrial conference, "what's really pertinent is what is going on in 2018 and 2019 with the valuation process as far as what actually did happen with the rezoning . . . ." Tr. at 24:22-25:1. The documents that McDonald's seeks to admit do just that—they show what was happening with Vanderbilt's redevelopment efforts both before and during the FMV process. Given that such documents are directly relevant to McDonald's claim that Vanderbilt acted in bad faith during the FMV process, Vanderbilt's attempt to exclude them is simply an effort to hide unfavorable evidence. Accordingly, McDonald's respectfully requests that Court overrule Vanderbilt's objections and admit such evidence.



b) <u>Vanderbilt's Answer with Counterclaim, Answer with Amended Counterclaim, and Second Circuit brief[4]</u>

McDonald's seeks to admit at trial Vanderbilt's Answer and Counterclaim [ECF No. 23] ("Counterclaim"), Answer and Amended Counterclaim [ECF No. 28] ("Amended Counterclaim"), and Second Circuit brief appealing the Court's denial of Vanderbilt's motion to compel arbitration. These documents are relevant to show Vanderbilt's bad faith conduct in refusing to allow collaboration between the third appraiser and the party appraisers during the FMV process. Vanderbilt's unsubstantiated refusal to allow collaboration constitutes one of the many reasons that the FMV process could not be completed and was another effort by Vanderbilt to obtain an unfairly high FMV, as it was Vanderbilt's position that unless the third appraiser independently arrived at a FMV that matched—to the penny—with the FMV of a party appraiser, then all three appraisals would need to be averaged.

Although the Court stated at the pretrial conference that pleadings are not proof (Tr. at 25:21-26:8), McDonald's requests that the Court reconsider that decision. The Second Circuit has long held that pleadings, even those amended or withdrawn, constitute party admissions.

> The law is quite clear that [superseded] pleadings constitute the admissions of a party-opponent and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party. A party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories.

*U.S. v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984). "'When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extra-judicial admission made by a party or his agent.'" *Id*. (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir. 1929)).

Here, Vanderbilt's original and amended pleadings are admissible against Vanderbilt as statements by a party opponent. Moreover, the Second Circuit's reasoning going back nearly a century applies directly to the present case: Vanderbilt should not be permitted to claim one set of facts, decide that it would be advantageous to change its story, and do so without the factfinder knowing of its about-face. Indeed, the Court previously recognized that Vanderbilt's changing pleadings constitute admissions that bind Vanderbilt throughout this case. Despite Vanderbilt's original insistence that the third appraiser work independently, the Court found that

---

[4] McDonald's proposed trial exhibits 140-42.



Vanderbilt's Amended Counterclaim "requests a judgment that the three appraisers estimate the FMV collaboratively, just as Plaintiff requests in its second claim. *See* Ans. and Counterclaim at Ans. ¶ 145; *Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) ('Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant[s] throughout this litigation.')." SJ Decision at 21. Vanderbilt purported to consent to a collaborative approach in its Second Circuit brief, only to change positions again when its summary judgment brief claimed that the appraisers must work "'non-collaboratively.'" *Id*. (quoting Vanderbilt's memorandum of law). The Court concluded, in the SJ Decision, that these variable positions raise credibility issues for trial. Vanderbilt's "lack of candor in its papers" was "unacceptable and disconcerting" and "nothing short of frivolous." *Id*. at 21. "[T]he foregoing only adds to this Court's credibility concerns lending further support to the conclusion that summary judgment is inappropriate here." *Id*. at 21-22. McDonald's therefore should be permitted to introduce Vanderbilt's pleadings as evidence of Vanderbilt's bad faith and unsubstantiated shifts in position.

We look forward to discussing these issues with Your Honor at the January 15 conference.

Respectfully submitted,

*/s/ Denise Alvarez*
Denise Alvarez

cc: All Counsel of Record (via ECF)