

Joshua D. Bernstein

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 259 6452

January 10, 2025

**VIA ECF**
Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**   *McDonald's Corp. v. Vanderbilt Atlantic Holdings LLC*
            **Case No. 1:19-cv-06471-DLI-ST**

Dear Judge Irizarry:

    As you know, this firm represents Defendant Vanderbilt Atlantic Holdings LLC ("Vanderbilt") in connection with the above-referenced matter. Pursuant to Your Honor's Order, dated January 8, 2025, we write in response to the letter of Plaintiff McDonald's Corp. ("McDonald's"), dated January 7, 2025, regarding certain evidentiary issues for the upcoming trial.

    First, McDonald's claims that certain email chains that Vanderbilt seeks to admit are inadmissible hearsay, as they do not constitute admissions by silence. McDonald's is incorrect.

    As a threshold matter, we believe that McDonald's arguments with respect to these exhibits is premature. The testimony at trial will dictate (i) whether Vanderbilt will need to use some of these documents at trial at all, (ii) the purpose of the use of such documents, and (iii) whether any such documents constitute admission by silence. Vanderbilt submits that the Court should wait to see how the evidence develops at trial before rendering a determination as to whether these documents are admissible. That is particularly the case since admission by silence is not the only basis, and in some cases is not even one of the bases, that Vanderbilt believes the documents to be admissible. Rather, certain of the exhibits are statements of a party opponent (22, 25, 48, 49, 50, 53), not admitted for the truth of the matter asserted (22, 25, 37, 48, 49, 50, 53, 54, 66) or constitute a present sense impression (25).[1]

    To the extent that the Court wishes to address the admission by silence issue, McDonald's interpretation of the law on this issue is overstated. As observed in *U.S. v. Flecha*, 539 F.2d 874, 877 (2d Cir. 1976) and *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262

---

[1] The exhibit numbers referenced herein and in McDonald's letter are those contained on the parties' Proposed Joint Pretrial Order, filed January 24, 2024. The parties are presently working on a revised exhibit list, which the parties will be filing with the Court. Therefore, the exhibit numbers of some of the exhibits referenced by McDonald's are likely to have changed.

F. Supp. 2d 251, 262 (S.D.N.Y. 2003) – cases cited by McDonald's – a court must analyze "the context of all relevant facts and circumstances" in determining whether there is an admission by silence. In particular, a court will look to the circumstances of the communication and inquire as to whether the correspondence in question would have warranted a reply. *See e.g., Hellenic Lines Ltd. v. Gulf Oil Corp.*, 340 F.2d 398, 402 (2d Cir. 1965) (finding that a party's failure to reply to a letter under circumstances which reasonably called for a reply constituted an "admission by silence"); *Marine Midland Bank, N.A. v. Goyak*, No. 84 Civ. 1204, 1984 WL 3654, at *3 n.8 (S.D.N.Y. 1984) ("[I]f correspondence is made 'under circumstances which reasonably called for a reply,' then a failure to reply may be found to be an admission by silence") (internal quotation omitted). *See also Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, 732 F. Supp.3d 326, 357 (S.D.N.Y. 2024) (holding that the plaintiff's failure to object to an email summary of a conversation held between the parties was an adoptive admission).

Further, McDonald's relies on caselaw that does not advance its argument. *Penguin Books U.S.A., Inc.* merely holds that failing to act *standing alone* is not sufficient to justify a finding that there has been an admission by silence, and that the Court must analyze "the context of all relevant facts and circumstances." *Penguin Books*, 262 F. Supp. 2d at 262. Likewise, as observed in *King v. Wang*, No. 15-cv-7694, 2021 WL 5232454, at *12 (S.D.N.Y. Nov. 9, 2021), "if the witness is silent in the face of a statement that incriminates or defames the witness, the witness is deemed to have adopted it."

Second, McDonald's claims that 10 documents relating to Vanderbilt's efforts to rezone the Property should be admitted into evidence. Vanderbilt continues to believe that the issue of developing the property and rezoning is a collateral issue, which should not be the focus of the trial or cause the trial to be unnecessarily lengthy. At the pretrial conference, Your Honor agreed, observing that the rezoning and development efforts are really "a side issue." Tr. 20:23-25 ("THE COURT: That is a side issue. I mean, in terms of the weeds of the rezoning process and what happened or didn't happen really is a complete side issue."). *See also id.*, 21:9-12 ("I don't need to get into chapter and verse of what happened with the City or with the state or whoever else was interested in the rezoning").

Nonetheless, Vanderbilt has agreed to adding stipulations of fact on that topic. Indeed, in the revised stipulation of facts to be filed with the Court, there are seven stipulations of fact on the topic of development and rezoning. Those stipulations of fact are more than sufficient to make the immaterial point that McDonald's seeks to make at trial. Vanderbilt believes that adding 10 exhibits on the development and rezoning issue will cause the trial to be sidetracked on a truly collateral issue.

McDonald's claims that these exhibits "support[] McDonald's claim that Vanderbilt acquired the Property with the intent of redeveloping it" and that "drawings prepared by Vanderbilt's architect around March 2018 include renderings of different potential building configurations, none depicting an area for McDonald's or its drive-through currently on the Property." But these issues are already addressed by stipulations of fact and deposition testimony (which will be used at trial). For example, stipulation of fact no. 7 states "[o]n January 17, 2018, the Rabsky Group retained Slater and Beckerman, P.C. to provide advice and lobbying services in connection with a 'rezoning of the [Property] for greater density.' The letter engaging Slater & Beckerman, P.C. was signed on the Rabsky Group's behalf by Simon Dushinsky, a member of Vanderbilt." Further, Mr. Rottenberg and

Mr. Li testified at their depositions that the property cannot be developed as designed with a McDonald's on the property. *See* S. Rottenberg Depo. Tr. at 136:6-9; *see also* T. Li Depo. Tr. at 57:4-10. Yesterday, McDonald's designated this portion of Mr. Li's testimony, among others, which designations Vanderbilt is currently reviewing.[2]

Therefore, the 10 exhibits that McDonald's seeks to admit on this issue are cumulative, unnecessary and a waste of the parties and Court's time and resources. Vanderbilt is, of course, willing to further confer with McDonald's on a more narrow list of exhibits on this topic or having stipulations of fact obviate the need for some or all of these exhibits.

Third, McDonald's seeks to have certain of Vanderbilt's litigation pleadings and a Second Circuit brief admitted into evidence. Your Honor already considered these proposed exhibits and rejected their admission outright. Tr. 25:2-22 ("These are not proof. These are pleadings."). We agree with Your Honor's decision and believe it should be reaffirmed.

McDonald's cites *U.S. v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) and *Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006), but neither case supports its position. *McKeon*, which involved a criminal jury trial (the third such trial after two mistrials), concerned the admission into evidence at a third trial of portions of the opening statement made by the defendant's lawyer at the second trial. That clearly has no applicability here. The *McKeon* Court's comment on pleadings as evidence concerned the situation where a party advances a different version of *the facts* in an *amended pleading*. That is not the issue here either.

*Gibbs* merely stands for the proposition that "facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation." *Gibbs*, 440 F.3d at 578. At issue here are not admissions of fact, but merely Vanderbilt's request for relief that the Court direct the three appraisers to estimate the fair market rental value in collaboration with one another. Further, *Gibbs* did not concern the issue of admitting a pleading into evidence at a trial, but its use on a summary judgment motion.

At bottom, Vanderbilt's pleadings are of record in this case. It is undisputed that the relief Vanderbilt seeks in its claim for declaratory judgment is that the parties retain the third appraiser and that the three appraisers may collaborate. There is no need for the *unverified* pleadings and an appellate brief to be admitted into evidence and time wasted on examination of a witness thereon.

We thank the Court for its attention to this matter.

    Respectfully,

    *s/ Joshua D. Bernstein*

    Joshua D. Bernstein

---

[2] Vanderbilt reserves the right to object to McDonald's deposition designations and/or provide counter-designations.