UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MCDONALD'S CORPORATION, | : | **<u>AMENDED JOINT CIVIL PRETRIAL</u>** |
| | : | **<u>ORDER</u>** |
| Plaintiff, | : | |
| | : | No. 1:19-cv-06471-DLI-ST |
| v. | : | |
| | : | |
| VANDERBILT ATLANTIC HOLDINGS | : | |
| LLC, | : | |
| | : | |
| Defendant. | : | |

**DORA L. IRIZARRY, U.S. District Judge:**

The following matters have been agreed to by counsel, and are hereby Ordered:

**I.      Trial Counsel**

Denise Alvarez, Esq.
Brendan M. Walsh, Esq.
PASHMAN STEIN WALDER HAYDEN, P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
dalvarez@pashmanstein.com
bwalsh@pashmanstein.com
Tel: 201.488.8200
Fax: 201.488.5556
*Attorneys for Plaintiff McDonald's Corporation*

Joshua D. Bernstein, Esq.
Benjamin R. Joelson, Esq.
Kathleen M. Prystowsky, Esq.
Tara L. Raghavan, Esq.
Elizabeth C. Puccio-Williams, Esq.
AKERMAN LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel: 212-880-3800
Fax: 212-259-7181
joshua.bernstein@akerman.com
benjamin.joelson@akerman.com
kathleen.prystowsky@akerman.com

79529605;1

tara.raghavan@akerman.com
elizabeth.puccio-williams@akerman.com
*Attorneys for Defendant Vanderbilt Atlantic Holdings LLC*

## II.    Subject Matter Jurisdiction

The parties agree that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2). Plaintiff McDonald's Corporation ("McDonald's") is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is in Chicago, Illinois. Defendant Vanderbilt Atlantic Holdings LLC ("Vanderbilt") is a limited liability company organized and existing under the laws of the State of New York. Vanderbilt is a citizen of the State of New York because its three members – Pinchus "Sam" Rottenberg, Simon Dushinsky and Yadler Rabinowitz – are citizens of the State of New York and reside in Kings County.

Complete diversity of citizenship exists between the parties because McDonald's is a citizen of the States of Delaware and Illinois, and Vanderbilt is a citizen of the State of New York and is not a citizen of Delaware or Illinois. Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    Claims and Defenses

### A.    McDonald's Claims and Defenses

McDonald's has one claim remaining to be tried: its claim, in the First Cause of Action in the Complaint, for a declaratory judgment that Vanderbilt failed to cooperate in the contractually-required fair market rent valuation ("FMV") process that will determine the rent that McDonald's must pay Vanderbilt under the final twenty years of its grounds Lease (from April 9, 2019 through April 8, 2039) for the Property at 840 Atlantic Avenue, Brooklyn, New York. The Option Rent Addendum to the Lease provides that "[i]f one of the parties . . . fails to cooperate in any way so that the process described [in the Option Rent Addendum] cannot be completed prior to 120 days

of the expiration of the primary term of this Lease [August 6, 2019], the FMV of the one appraiser chosen by the cooperating party shall be used to determine the rent during the extension periods."

It is McDonald's position that Vanderbilt failed to cooperate in good faith by, among other things, not appraising the FMV in accordance with the Lease, New York law, and usual and customary appraisal practices. McDonald's further contends that Vanderbilt failed to cooperate in good faith by, among other things, refusing to agree to any process that would allow the three appraisers, if necessary, to work collaboratively to determine if "the appraisers, or a majority of them" can agree on the FMV, as the Lease requires.

McDonald's seeks a judgment in its favor and against Vanderbilt:

a. Declaring that Vanderbilt failed to cooperate in good faith in the FMV process described in the Option Rent Addendum to the Lease;

b. Declaring that the FMV of $350,000 calculated by McDonald's appraiser shall alone be used to determine the rent during the extension periods; and

c. Declaring that McDonald's shall pay rent in the amount of $23,333 per month for the first five-year extension period extending from April 9, 2019 through April 8, 2024.

The Second Cause of Action, seeking a declaratory judgment that the three appraisers shall work collaboratively to agree on the FMV in a single letter opinion of value, need not be tried because Vanderbilt previously conceded before the Court of Appeals for the Second Circuit that the three appraisers must work collaboratively. In the September 27, 2023 decision denying Vanderbilt's motion for summary judgment, this Court found that Plaintiff's second claim is not moot but that Vanderbilt "has waived any argument against [McDonald's] second claim as the role of the third appraiser and the FMV determination process." [ECF No. 75 at 22.]. Accordingly,

while a trial is not necessary to resolve this issue, McDonald's respectfully requests entry of judgment on this claim, declaring that the three appraisers shall work collaboratively to try to agree on the FMV in a single letter opinion of value.

McDonald's strongly disputes Vanderbilt's counterclaim for a declaratory judgment that McDonald's failed to cooperate in the contractually-required FMV process. As the evidence will demonstrate, McDonald's cooperated in good faith, while Vanderbilt's refusal to determine the FMV in accordance with the Lease, New York law, and usual and customary appraisal practices, prevented the process from being completed.

**B.    Vanderbilt's Claims and Defenses**

**Vanderbilt's Statement of its Claims**

Vanderbilt asserts that (1) McDonald's failed to cooperate with the fair market valuation process prescribed in the Option Rent Addendum such that the process could not be completed in the applicable time period; and (2) McDonald's breached the September 2019 Letter Agreement by delaying and refusing to engage the third appraiser, Mark Nakleh.

Vanderbilt seeks a judgment in its favor and against McDonald's:

A. declaring that McDonald's failed to cooperate in the process set forth in the Option Rent Addendum to the Lease, and, as a result, the FMV of the Property is set at $1,348,000 per annum;

B. declaring that McDonald's breached the September 2019 Letter Agreement, and, as a result, the FMV of the Property is set at $1,348,000 per annum;

C. declaring that McDonald's shall pay rent in the amount of $1,078,400 per annum for the first five-year extension period of April 9, 2019 through April 8, 2024;

D.  alternatively, directing that the three appraisers, *i.e.*, Mr. Tener, Ms. Locatell, and Mr. Nakleh, or a majority of them, collaborate and estimate the FMV of the Property and that if the three appraisers, or a majority of them, cannot agree on the FMV of the Property, it shall be determined by adding all three estimates and dividing the total of all three estimates by the number three.

**Vanderbilt's Statement of its Defenses**

Vanderbilt asserts the following defenses: (1) McDonald's declaratory judgment claim that Vanderbilt has failed to cooperate in good faith is nothing more than a disagreement with Vanderbilt's appraiser Thomas Tener's expert judgment and appraisal techniques, and thus is not cognizable; (2) it is not the Court's role in this case to evaluate the underlying assumptions made by the appraisers or to determine which appraiser's valuation is more persuasive – rather, the Court's role is to determine whether, during a process that began in April 2019, either party "fail[ed] to cooperate in any way" with the appraisal process, thereby preventing the process from concluding within the applicable timeframe; (3) Vanderbilt relied on the advice of its counsel, Morris Missry, and appraiser, Thomas Tener, throughout the fair market valuation process prescribed in the Option Rent Addendum; (4) at a minimum, Vanderbilt substantially complied with the fair market valuation process prescribed in the Option Rent Addendum and thus satisfied its duty to cooperate; (5) McDonald's claims are barred by its own bad faith conduct with respect to the fair market valuation process prescribed in the Option Rent Addendum and prior breach of its obligations; (6) McDonald's waived its claims that Vanderbilt failed to cooperate in the fair market valuation process prescribed in the Option Rent Addendum by entering into the letter agreement in September 2019; and (7) the letter agreement executed by the parties in September

2019 amended the ORA and extended the parties' time to complete the fair market valuation process prescribed in the Option Rent Addendum.

## IV. Jury/Non-Jury and Length of Trial

Plaintiff and Defendant jointly assert that this is a non-jury trial and anticipate that the trial will take 4 to 6 days, including closings.

## V. Consent to Trial Before Magistrate Judge

The parties do not consent to trial before the magistrate judge.

## VI. Stipulations of Fact and Law

1. Plaintiff McDonald's Corporation ("McDonald's") is a corporation organized and existing under the laws of Delaware. Its principal place of business is in Chicago, Illinois.

2. Defendant Vanderbilt Atlantic Holdings LLC ("Vanderbilt") is a limited liability company organized and existing under the laws of the State of New York.

3. The real property at issue in this lawsuit, 840 Atlantic Avenue, Brooklyn, New York, 11238, is comprised of approximately 29,000 square feet of land and is located at the southeast corner of Vanderbilt Avenue and Atlantic Avenue in Brooklyn, New York (the "Property").

4. As of April 9, 2019 (day 1 of the first Extension Period), the Property was split zoned in the M1-1 manufacturing district (22,100 square feet), which allows for low-scale industrial and commercial uses, and the R6B residential district (7,000 square feet), which allows for moderate density residential uses.

5. The Property is owned in fee simple by M.M.B. Associates LLC ("M.M.B."), as successor-in-interest to Anthony Musto ("Musto").

6. On or around March 18, 1998, Musto as landlord and McDonald's as tenant signed a ground lease for the Property (the "Lease").

7. On January 17, 2018, the Rabsky Group retained Slater and Beckerman, P.C. to provide advice and lobbying services in connection with a "rezoning of the [Property] for greater density." The letter engaging Slater & Beckerman, P.C. was signed on the Rabsky Group's behalf by Simon Dushinsky, a member of Vanderbilt.

8. On May 30, 2018, Vanderbilt retained BBG Real Estate Services ("BBG") to perform an appraisal of the "as is market value" of the fee simple interest in the Property and the projected ground rent for McDonald's.

9. KTR issued an appraisal report dated August 30, 2018 of the market value of the fee simple interest in the Property and the market ground rent for the subject property.

10. In early January 2019, Vanderbilt engaged Republic Valuations to prepare an appraisal of the "as is market value of the fee simple interest of the [Property] based on the proposed M-Crown zoning, as of January 8, 2019."

11. In or around late January 2019, Vanderbilt retained attorney Morris Missry ("Missry") of Wachtel Missry LLP to represent Vanderbilt with respect to the determination of Fair Market Rental Value ("FMV") of the Property under the Lease.

12. On February 14, 2019, Vanderbilt engaged Metropolitan Valuation Services ("Metropolitan"), to perform "desk reviews" of the appraisals of KTR Real Estate Advisors LLC ("KTR") dated January 27, 2019 and BBG dated July 9, 2018, previously prepared for Vanderbilt.

13. Republic Valuations sent Vanderbilt a draft appraisal report on February 15, 2019.

14. Missry, Rottenberg, and Tom Li ("Li") interviewed Thomas Tener ("Tener") and other appraisers in late February 2019 before deciding in early March 2019 to engage Tener as Vanderbilt's appraiser for the FMV process under the Lease.

15.    On or around March 8, 2019, Wachtel Missry LLP engaged KTR to serve as Vanderbilt's appraiser for the FMV process under the Lease.

16.    Missry signed the KTR engagement letter as the client, and Tom Li signed on behalf of Vanderbilt "For Payment and Indemnification Purposes."

17.    On or around April 15, 2019, Vanderbilt advised McDonald's that it had appointed Tener, a Managing Member of KTR, as its appraiser for the FMV process.

18.    On or around April 15, 2019, McDonald's advised Vanderbilt that it had appointed Sharon Locatell ("Locatell") as its appraiser for the FMV process.

19.    On May 9, 2019, Locatell and Tener agreed to select Marc Nakleh as the third appraiser for the FMV process. However, both Locatell and Tener advised their respective clients that day that there was a disagreement about the process for the third appraiser.

20.    Missry and Mike Meyer, in-house counsel at McDonald's, communicated about the FMV process, including the role of the third appraiser, via email between May 20, 2019 and May 31, 2019.

21.    On June 19, 2019, representatives of McDonald's and Vanderbilt met at Missry's law office in Manhattan.

22.    On or around September 16, 2019, McDonald's and Vanderbilt signed a letter agreement (the "September 2019 Agreement").

23.    On September 27, 2019, Tener and Locatell met in Locatell's office and exchanged their letter opinions of value.

24.    In June 2020, Vanderbilt filed an Environmental Assessment Statement ("EAS") to the Department of City Planning as part of the ULURP process.

79529605;1

25.     On or around January 14, 2021, Vanderbilt filed an application subject to the Uniform Land Use Review Procedure ("ULURP") with the New York City Department of City Planning for certain land use approvals, including a zoning map amendment to the Property to change M1-1 and R6B zoning district to a C6-3X zoning district, and a zoning text amendment to designate a Mandatory Inclusionary Housing area over the project site (the "Rezoning Application").

26.     Vanderbilt submitted its ULURP application for a zoning map amendment, together with related zoning text amendment actions, to allow construction of an 18-story mixed use development containing 316 dwelling units, commercial space, and community facility space on the Property and adjoining properties.

27.     In or around September 2021, the New York City Council approved the Rezoning Application submitted by Vanderbilt.

28.     In early 2022, Vanderbilt filed for permits to construct a 16-story mixed use building on the Property and adjoining properties. Plans submitted by Vanderbilt show that the modified proposed redevelopment will contain a total zoning floor area of 296,115 square feet, of which 253,290 will be residential, 34,825 will be commercial, and 8,000 will be a community facility. Vanderbilt's plans, as approved by the New York City Department of Buildings, contemplate 338 dwelling units in the new building.

## VII.    Witnesses

### A.  McDonald's Witnesses, Including Possible Impeachment and Rebuttal Witnesses

1.  Carol DeMarco
    McDonald's Corporation
    c/o Pashman Stein Walder Hayden, P.C.

Ms. DeMarco is expected to testify about Vanderbilt's failure to cooperate in good faith in

79529605;1

the FMV process, communications with Vanderbilt and its agents about the FMV process, McDonald's good faith participation in the FMV process, and McDonald's communications with its appraiser about the FMV process.

> 2. Michael Meyer
> McDonald's Corporation
> c/o Pashman Stein Walder Hayden, P.C.

Mr. Meyer is expected to testify about Vanderbilt's failure to cooperate in good faith in the FMV process, communications with Vanderbilt and its agents about the FMV process, McDonald's good faith participation in the FMV process, and McDonald's communications with its appraiser about the FMV process.

> 3. Pinchus "Sam" Rottenberg
> Vanderbilt Atlantic Holdings LLC
> c/o Akerman LLP

Mr. Rottenberg is expected to testify about Vanderbilt's failure to cooperate in good faith in the FMV process, his communications with McDonald's concerning the FMV process and whether McDonald's would vacate the property, Vanderbilt's plans to redevelop the Property at 840 Atlantic Avenue, Brooklyn, New York, any actions taken by Vanderbilt in furtherance of its plans to redevelop the Property, and any communications between Vanderbilt and its appraiser, Tom Tener, and other appraisers.[1]

> 4. Shiming "Tom" Li
> Vanderbilt Atlantic Holdings LLC
> c/o Akerman LLP

Mr. Li is expected to testify about Vanderbilt's plans to redevelop the Property at 840

---

[1] Vanderbilt objects to all testimony concerning appraisals that were conducted prior to April 15, 2019, which are not the operative appraisals of Vanderbilt or McDonald's and are therefore not relevant to the underlying claims and defenses in this action. Vanderbilt's position is laid out in more detail in its pre-motion conference letter filed on January 11, 2024 seeking the Court's permission to file a motion *in limine* precluding certain irrelevant appraisals and related documents and communications.

Atlantic Avenue, Brooklyn, New York, and any actions taken by Vanderbilt in furtherance of its plans to redevelop the Property.

5. Amanda Aaron, MAI, CRE
   Aaron Valuation, Inc.
   c/o Pashman Stein Walder Hayden, P.C.

Ms. Aaron is expected to testify about the issues identified in her expert report, including, but not limited to, her expert opinion that Mr. Tener's appraisal of the FMV of the Property does not comply with the Lease and industry-wide appraisal standards, and cannot be relied upon as an indication of fair market rental value pursuant to the Lease, and that the appraisal conducted by McDonald's appraiser, Sharon Locatell, does comply with the Lease, legal precedent and industry-wide appraisal standards.

6. Sharon Locatell, MAI, CRE, MRICS
   Appraisers and Planners, Inc.
   c/o Pashman Stein Walder Hayden, P.C.

If needed, Ms. Locatell may testify as to her role in the FMV process, Vanderbilt's failure to cooperate in good faith in the FMV process, communications with Vanderbilt and its agents about the FMV process, McDonald's good faith participation in the FMV process, and the letter opinion of value prepared by Ms. Locatell for the Property.

**B. Vanderbilt's Witnesses, Including Possible Impeachment and Rebuttal Witnesses**

1. Sam Rottenberg
   Vanderbilt Atlantic Holdings LLC
   c/o Akerman LLP

Mr. Rottenberg is expected to testify regarding (1) Vanderbilt's decision to enter into a ground lease for the property at 840 Atlantic Avenue, Brooklyn NY 11238 (the "Property"); (2) Vanderbilt's relationship with M.M.B. Associates LLC; (3) Vanderbilt's ownership of the Property; (4) the lease for the Property, dated March 18, 1998, between Anthony Musto as landlord and McDonald's as tenant, including but not limited to the rent paid thereunder; (5) the facts, circumstances, events, correspondence and discussions regarding the rent reset process set forth in the Option Rent Addendum, including documents and correspondence exchanged, and discussions had, between the parties; (6) Vanderbilt's engagement of Morris Missry; (7) Vanderbilt's

appointment of Thomas Tener as its appraiser in the rent reset process set forth in the Option Rent Addendum; (8) the June 19, 2019 meeting between Vanderbilt representatives, McDonald's representatives, and the parties' respective appraisers; (9) Vanderbilt's reliance on its agents, Morris Missry and Thomas Tener, in connection with the rent reset process set forth in the Option Rent Addendum; and (10) the development potential and opportunities for the Property.

   2.   Anthony Musto
        c/o Akerman LLP

Mr. Musto is expected to testify regarding (1) the lease for the Property, dated March 18, 1998, between Anthony Musto as landlord and McDonald's as tenant; (2) M.M.B. Associates LLC's decision to enter into a ground lease for the Property with Vanderbilt in November 2017; (3) the process and procedure for the rent reset proceedings set forth in the Option Rent Addendum; and (4) the development potential and opportunities for the Property.[2]

   3.   Morris Missry
        Wachtel Missry LLP
        c/o Akerman LLP

Mr. Missry is expected to testify regarding (1) his engagement by Vanderbilt in connection with the rent reset proceedings set forth in the Option Rent Addendum; (2) the engagement of Tom Tener to prepare appraisals for the rent reset proceedings set forth in the Option Rent Addendum and the decision to prepare the July 30, 2019 appraisal; (3) Vanderbilt's and McDonald's efforts to select and engage the third appraiser, Mark Nakleh; (4) his opinion on and discussions regarding the applicability of the ruling in the matter of *936 Second Ave. L.P. v. Second Corp. Dev. Co.*, 10 N.Y.3d 628 (2008) for the appraisals to be performed pursuant to the Option Rent Addendum; (5) the June 19, 2019 meeting between Vanderbilt representatives, McDonald's representatives, and the parties' respective appraisers; (6) the September 16, 2019 letter agreement between the parties; (7) his opinion on and discussions regarding the role of the third appraiser; and (8) McDonald's failure to engage Mr. Nakleh by October 7, 2019 (the deadline set forth in the September 16, 2019 agreement).

   4.   Thomas Tener
        KTR Real Estate Advisors
        c/o Akerman LLP

Mr. Tener is expected to testify regarding (1) his engagement by Vanderbilt to prepare appraisals for the rent reset proceedings set forth in the Option Rent Addendum and the decision to prepare the July 30, 2019 appraisal, (2) the preparation of and methodologies contained in the appraisals dated April 15, 2019 and July 30, 2019; (3) discussions with Vanderbilt regarding the preparation of the appraisals dated April 15, 2019 and July 30, 2019; (4) Vanderbilt's and

---

[2] McDonald's objects to the testimony of Mr. Musto because Vanderbilt never identified him as a potential trial witness or as a person having knowledge regarding the claims and defenses asserted in this litigation, as required by Fed. R. Civ. P. 26 and 33. McDonald's position is set forth in more detail in its letter filed on January 23, 2024 seeking a pre-motion conference or briefing schedule for McDonald's anticipated motion *in limine* precluding Mr. Musto's testimony.

McDonald's efforts to select and engage the third appraiser, Mark Nakleh; (5) discussions regarding the applicability of the ruling in the matter of *936 Second Ave. L.P. v. Second Corp. Dev. Co.*, 10 N.Y.3d 628 (2008) for in the appraisals to be performed pursuant to the Option Rent Addendum; (6) the June 19, 2019 meeting between Vanderbilt representatives, McDonald's representatives, and the parties' respective appraisers; (7) discussions with McDonald's and Sharon Locatell regarding Ms. Locatell's appraisals dated June 17, 2019 and September 20, 2019; (8) his opinion on and discussions regarding the role of the third appraiser; (9) McDonald's failure to engage Mr. Nakleh by October 7, 2019 (the deadline set forth in the September 16, 2019 agreement).

5. Michael Heddon
   2700 Princeton Pike
   Lawrenceville, NJ 08648
   c/o Akerman LLP

Mr. Heddon is expected to testify regarding (1) his professional background, experience and qualifications; (2) his review of Thomas Tener's appraisal prepared on July 30, 2019 including Mr. Tener's appraisal methods and techniques; and (3) the purpose and role of a neutral third-party appraiser.[3]

6. Sharon Locatell
   Appraisers and Planners, Inc.
   c/o Pashman Stein Walder Hayden, P.C.

Ms. Locatell is expected to testify regarding (1) her engagement by Vanderbilt to prepare appraisals for the rent reset proceedings set forth in the Option Rent Addendum; (2) McDonald's efforts to select and engage the third appraiser, Mr. Nakleh; (3) the June 19, 2019 meeting Vanderbilt representatives, McDonald's representatives, and the parties' respective appraisers; (4) McDonald's failure to engage Mr. Nakleh by October 7 (the deadline set forth in the September 16, 2019 agreement); and (5) her appraisals dated June 17, 2019 and September 20, 2019.

Vanderbilt reserves the right to call any and all witnesses identified in McDonald's witness list.

---

[3] McDonald's objects to the proposed expert testimony of Mr. Hedden because Mr. Hedden's proposed expert opinion lacks the required factual and methodological foundation required by Fed. R. Evid. 702. McDonald's position is set forth in more detail in its letter filed on January 23, 2024 seeking a pre-motion conference or briefing schedule for McDonald's anticipated motion *in limine* precluding Mr. Hedden's testimony. McDonald's further objects to any testimony regarding expert opinions not set forth in Mr. Hedden's expert report dated November 12, 2021.

**VIII.   Exhibits and Objections Thereto**

Plaintiff's Trial Exhibit List (see pages 15 - 29)

Defendant's Trial Exhibit List (see pages 30 - 52)

79529605;1

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 1 | N/A | ECF No. 1-1 (Rottenberg Dec. Ex. B (ECF No. 66-4)): Ground Lease dated March 18, 1998 between Anthony M. Musto and McDonald's Corporation | |
| 2 | N/A | Walsh Dec. Ex. 1 (ECF No. 68-4): Amended Notice of Rule 30(b)(6) Deposition of Vanderbilt Atlantic Holdings LLC dated July 21, 2021 | Relevance |
| 3 | VA029030-029031 | Organizational Charts produced by Vanderbilt Atlantic Holdings LLC | |
| 4 | VA016544-016548 | Email dated June 19, 2017 from Sam Rottenberg to Jonathan Eiseman and Jay Levinton, with attached letter of intent | Relevance (almost 2 years before FMV process began) |
| 5 | VA010103-010196 | Lease dated November 30, 2017 between M.M.B. Associates, LLC and Vanderbilt Atlantic Holdings LLC for premises located at 840 Atlantic Avenue, Brooklyn, New York | |
| 6 | N/A | Recorded Memorandum of Lease entered November 30, 2017 by and between M.M.B. Associates, LLC and Vanderbilt Atlantic Holdings LLC | |
| 7 | VA010453-010455 | Email dated May 29, 2018 from Sam Rottenberg to Tom Li forwarding email dated May 29, 2018, with attachment, from Eugene Mekhtiyev | Bottom email is hearsay; relevance |
| 8 | VA020147-020156 | Email dated March 13, 2018 from Sam Rottenberg to Simon Dushinsky, forwarding emails | Hearsay; |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| | | dated May 12, 2018, with attachment, from Ofer Cohen | |
| 9 | MCD006083-318 | (Complete Version of excerpt at Walsh Dec. Ex. 5): 840 Atlantic Avenue Rezoning Environmental Assessment Statement dated February 25, 2021 | Relevance; Cumulative of Vanderbilt's Proposed Stipulations of Fact |
| 10 | MCD006379-006382 | Email chain between Sam Rottenberg and Carol DeMarco, from February 8, 2018 to February 26, 2018 | |
| 11 | MCD008022 | Walsh Dec. Ex. 6 (ECF No. 68-9): Email from Murray Schneier, Esq. to Michael Meyer, Esq. dated February 16, 2018 | |
| 12 | MCD005479-05480 (Alternatively VA 011562-VA 011563) | Letter dated May 10, 2018 from Vanderbilt Atlantic Holdings LLC to McDonald's Corporation | |
| 13 | ECF No. 1-1 pages 31-32 | Option Rent Addendum dated March 18, 1998 between Anthony M. Musto and McDonald's Corporation | |
| 14 | VA015253-015262 | Walsh Dec. Ex. 7 (ECF No. 68-10): Email chain and attached signed proposal from BBG, Inc. to Sam Rottenberg of SPR Group dated May 30, 2018 | |
| 15 | VA010599-10701 | Walsh Dec. Ex. 8 (ECF No. 68-11): Appraisal Report of BBG, Inc. dated July 9, 2018 and addressed to Sam Rottenberg of SPR Group | |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 16 | VA022633 | Walsh Dec. Ex. 9 (ECF No. 68-12): Email from Tom Tener to Sam Rottenberg dated June 7, 2018 | |
| 17 | VA010580-10586 | Walsh Dec. Ex. 10 (ECF No. 68-13): Cover email and signed engagement letter between KTR Real Estate Advisors LLC and Vanderbilt Atlantic Holdings LLC dated June 27, 2018 | |
| 18 | VA023216-023223 | Emails among Tom Tener, Sam Rottenberg, Tom Li, Shaun Kest, and Theresa Nygard, from June 7, 2018 to August 9, 2018 | |
| 19 | VA000002-000115 | Walsh Dec. Ex. 11 (ECF No. 68-14): Appraisal Report of KTR Real Estate Advisors dated August 30, 2018 and addressed to Sam Rottenberg of Vanderbilt Atlantic Holdings LLC | |
| 20 | VA011951-012047 | Walsh Dec. Ex. 12 (ECF No. 68-15): Cover email and draft appraisal report dated January 31, 2019 and addressed to Vanderbilt Atlantic Holdings LLC | |
| 21 | VA011918-011924 | Walsh Dec. Ex. 13 (ECF No. 68-16): Cover email and signed engagement letter between Metropolitan Valuation Services, Inc. and Vanderbilt Atlantic Holdings, LLC dated February 14, 2019 | |
| 22 | VA012456-012483 | Walsh Dec. Ex. 14 (ECF No. 68-17): Cover email and comprehensive desk review of the appraisal report of KTR Real Estate Advisors prepared by Metropolitan Valuation Services, Inc. dated | |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| | | February 26, 2019 and addressed to Vanderbilt Atlantic Holdings, LLC | |
| 23 | VA012503-012521 | Comprehensive desk review of the appraisal 840 Atlantic Avenue of BBG prepared by Metropolitan Valuation Services, Inc. dated February 27, 2019 and addressed to Vanderbilt Atlantic Holdings, LLC | |
| 24 | VA016358-016360 | Emails among Tom Li, Shaun Kest, and Tom Tener, with attachment, from January 9, 2019 to February 25, 2019 | |
| 25 | VA015989-015996 | Walsh Dec. Ex. 15 (ECF No. 68-18): Cover email and signed engagement letter between KTR Real Estate Advisors LLC and Wachtel Missry dated March 8, 2019 | |
| 26 | VA000958 | Walsh Dec. Ex. 16 (ECF No. 68-19): Email from Tom Tener to Morris Missry, cc: to Sam Rottenberg, dated April 1, 2019 | |
| 27 | VA000699-000703 | Walsh Dec. Ex. 17 (ECF No. 68-20): Email and attachment from Tom Tener to Morris Missry dated April 1, 2019 | |
| 28 | VA001753-001754 | Tener Dec. Ex. A (ECF No. 66-12): Emails dated April 1, 2019 between Tom Tener and Morris Missry | |
| 29 | VA001940-001955 | Tener Dec. Ex. B (ECF No. 66-13): Restricted Appraisal of 840 Atlantic Avenue dated April 15, 2019 prepared by KTR Real Estate Advisors LLC | |

79529605;1

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 30 | VA001508-001509 | Emails between Sam Rottenberg, Tom Tener, and Morris Missry, from April 10, 2019 to April 11, 2019 | |
| 31 | VA049199 | Morris Missry's notes from June 19, 2019 meeting | |
| 32 | VA016196-016198 | Emails among Sam Rottenberg, Tom Tener, Morris Missry, Tom Li, and Michael Meyer, from June 27, 2019 to July 2, 2019 | |
| 33 | VA001045-001060 | Restricted Appraisal of 840 Atlantic Avenue dated July 30, 2019 prepared by KTR Real Estate Advisors LLC | |
| 34 | VA019025-019034 | Emails between Sam Rottenberg, Tom Tener, and Morris Missry, from April 10, 2019 to April 25, 2019 | |
| 35 | VA001321-001322 | Emails dated May 6, 2019 between Sam Rottenberg, Tom Tener, and Morris Missry | |
| 36 | VA017719-017729 | Walsh Dec. Ex. 20 (ECF No. 68-23): Email and attachment from Jonathan Imani of IMC Architecture DPC to Eugene Mekhtiyev, cc: to Sam Rottenberg and others, dated March 13, 2018 | Relevance; hearsay; cumulative of Vanderbilt's Proposed Stipulations of Fact |
| 37 | VA018774-018779 | Walsh Dec. Ex. 21 (ECF No. 68-24): Email and attachment from Christina Szczepanski of Philip Habib & Associates to Sam Rottenberg and others dated November 28, 2018 | Relevance; hearsay; cumulative of Vanderbilt's Proposed Stipulations of Fact |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 38 | VA027486-027487 | Email chain between Tom Li, Tom Tener, Sam Rottenberg and others, from June 28, 2018 to August 8, 2018 | |
| 39 | VA 027820-027828 | Email from Sam Rottenberg to Tom Li dated August 14, 2018, forwarding email chain between Tom Tener, Sam Rottenberg and others from June 7, 2018 to August 9, 2018 | |
| 40 | VA 028037-028046 | Emails between Sam Rottenberg and Tom Li dated August 14, 2018, with email chain between Tom Tener, Sam Rottenberg and others from June 7, 2018 to August 9, 2018 | |
| 41 | VA 044862-044891 | Email from Stefanie Marazzi to Sam Rottenberg and others dated October 12, 2018 with attachments | Relevance; Cumulative of Vanderbilt's Proposed Stipulations of Fact |
| 42 | VA 027972-027982 | Email chain between Sam Rottenberg, Tom Tener, Shaun Kest, Tom Li, and others from June 10, 2018 to October 17, 2018 | |
| 43 | VA 028067 | Agenda for November 19, 2018 Department of City Planning meeting regarding 840 Atlantic Ave. | Relevance; Cumulative of Vanderbilt's Proposed Stipulations of Fact |
| 44 | VA028077-028085 | Walsh Dec. Ex. 22 (ECF No. 68-25): Interdivisional Meeting Record dated December 13, 2018 to Sam Rottenberg, Tom Li, and others | Relevance; Cumulative of Vanderbilt's Proposed Stipulations of Fact |
| 45 | VA027997-028000 | Email chain between Shaun Kest, Sam Rottenberg, Tom Tener, and Tom Li from August 30, 2018 to January 10, 2019 | |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 46 | VA 027814-027819- | Email chain between Shaun Kest, Sam Rottenberg, Tom Tener, and Tom Li from August 30, 2018 to January 16, 2019 | |
| 47 | VA 027838-027958 | Email chain between Shaun Kest, Sam Rottenberg, Tom Tener, and Tom Li from August 30, 2018 to January 17, 2019, with attached revised appraisal | |
| 48 | VA 027808-027813 | Letter dated January 22, 2019 from KTR Real Estate Advisors to Vanderbilt Atlantic Holdings LLC | |
| 49 | VA 027513-027514 | Emails between Tom Li, Tom Tener, and Shaun Kest dated February 25, 2019 | |
| 50 | VA 027432 | Email from Tom Tener to Tom Li dated February 25, 2019 | |
| 51 | VA 019581-019583 | Emails chain between Tom Li, Tom Tener, Sam Rottenberg and Morris Missry from to July 9, 2019 to July 24, 2019 | |
| 52 | VA028154 | Walsh Dec. Ex. 23 (ECF No. 68-26): Typewritten notes produced by Vanderbilt | Authenticity (who wrote this? Was never established in depositions) |
| 53 | VA 027625-027630 | Email from Tom Li to Sam Rottenberg dated May 21, 2019, with forwarded emails between Tom Tener, Sam Rottenberg and Morris Missry from May 21, 2019 | |
| 54 | VA 028018-028023 | Email from To Li to Tom Tener, Sam Rottenberg, and Morris Missry, with forwarded emails between Tom Tener, Sam | |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|:---:|:---|:---|:---|
| | | Rottenberg and Morris Missry from May 21, 2019 | |
| 55 | VA 001059 | Professional Qualifications of Thomas J. Tener, MAI | |
| 56 | VA 023239-023248 | Email chain between Tom Li, Tom Tener, Shaun Kest, Sam Rottenberg, and Theresa Nygard from June 7, 2018 to August 9, 2018 | |
| 57 | N/A | Excerpt of The Appraisal of Real Estate, 14th Edition, Appraisal Institute (pages 465-467) | |
| 58 | VA 000313-000357 | Email from Tom Li to Shaun Kest, with a copy to Sam Rottenberg, dated January 9, 2019, with attachments | |
| 59 | VA 000587 | Email from Tom Tener to Sam Rottenberg and Morris Missry, with a copy to Shaun Kest, dated March 25, 2019 | |
| 60 | VA 000664-000666 | Email from Tom Ten;loer to Morris Missry dated April 2, 2019 | |
| 61 | VA 001506-001507 | Email chain between Tom Tener, Morris Missry, and Sam Rottenberg from April 10, 2019 to April 15, 2019 | |
| 62 | VA 000117 | Excel Workbook with the name 19-1-00075 - 840 Atlantic Ave FINAL.xlsx | |
| 63 | VA 001592-001596 | Email chain between Tom Tener, Morris Missry, and Sam Rottenberg from April 25, 2019 to April 30, 2019 | |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 64 | MCD002701 | Walsh Dec. Ex. 37 (ECF No. 68-40): Email dated May 9, 2019 from Sharon Locatell to Carol DeMarco and Michael Meyer | Hearsay |
| 65 | VA 000408-000409 | Calendar Entry for teleconference on May 10, 2019 between Tom Tener, Morris Missry, Sam Rottenberg, and Tom Li | |
| 66 | VA 0001248-001254 | Email chain between Tom Tener, Sam Rottenberg, and Morris Missry from May 6, 2019 to May 14, 2019 | |
| 67 | VA 017997-018001 | Email chain between Sam Rottenberg, Tom Tener, Shaun Kest, and Theresa Nygard from June 7, 2018 to June 13, 2018 | |
| 68 | N/A | Excerpt of The Appraisal of Real Estate, 14th Edition, Appraisal Institute (pages 370-371) | |
| 69 | VA001083-00184 | Walsh Dec. Ex. 24 (ECF No. 68-27): Email chain between Tom Tener and Sam Rottenberg, from June 18, 2019 to July 9, 2019 | |
| 70 | VA 001061-001064 | Emails between Sam Rottenberg, Morris Missry, and Tom Tener from June 18, 2019 to July 24, 2019 | |
| 71 | VA001039-001044 | Walsh Dec. Ex. 25 (ECF No. 68-28): Email chain between Tom Tener and Sam Rottenberg, from June 18, 2019 to July 30, 2019, and attached invoice | |
| 72 | VA 000959 | Excel Workbook with the name Quick Residual.xlsx | |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 73 | VA 002153 | Excel Workbook with the name Retail Rent Comps.xlsx | |
| 74 | VA 000848-000857 | Email from Tom Tener to Shaun Kest dated July 24, 2019, with attachment, and forwarded email chain between Tom Li, Tom Tener, Sam Rottenberg and Morris Missry from July 9, 2019 to July 23, 2019 | |
| 75 | VA 001773-001775 (Word version of attachment) | Emails between Tom Tener, Sam Rottenberg, and Morris Missry from September 3, 2019 to September 4, 2019, with attachment | |
| 76 | VA 001776-001778 | Emails between Tom Tener, Sam Rottenberg, and Morris Missry from September 3, 2019 to September 4, 2019 | |
| 77 | VA 001833-001841 | Email chain from September 16, 2019 to October 8, 2019 | |
| 78 | VA 000420 | Email from Tom Tener to Morris Missry and Sam Rottenberg dated September 30, 2019 | |
| 79 | VA 012072-012079 | Email chain between David Lyon, Tom Li, Sam Rottenberg, and Morris Missry from February 6, 2019 to February 15, 2019 | |
| 80 | VA 043064-043073 | Email chain between David Lyon, Tom Li, Sam Rottenberg, and Morris Missry from February 6, 2019 to February 26, 2019 | |
| 81 | VA 012525-012526 | Email chain between Morris Missry, Michelle Zell, Tom Li, Abel Santamaria, and Sam Rottenberg from February 22, 2019 to February 28, 2019 | |

79529605;1

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 82 | VA 001963-001964 | Emails between Tom Tener, Sam Rottenberg, and Morris Missry dated April 1, 2019 | |
| 83 | VA 018965-018966 | Emails between Tom Tener, Sam Rottenberg, and Morris Missry dated April 10, 2019 | |
| 84 | VA 024565-024568 | Email chain between Morris Missry, Sam Rottenberg, and Tom Tener from April 10, 2019 to April 15, 2019 | |
| 85 | MCD007663-007665 | Emails between Morris Missry and Mike Meyer from August 28, 2019 | |
| 86 | VA 034179-034180 | Letter dated September 16, 2019 from McDonald's Corp. to Vanderbilt Atlantic Holdings LLC, countersigned by Vanderbilt Atlantic Holdings LLC | |
| 87 | VA 000778-000780 | Email chain between Tom Tener, Sam Rottenberg, Morris Missry, and others from September 20, 2019 to September 24, 2019 | |
| 88 | N/A | Defendant's Amended Answers and Objections to Plaintiff's First Set of Interrogatories, dated May 27, 2021 | |
| 89 | VA 034315-034322 | Email from Morris Missry to Sam Rottenberg, Tom Tener, and Dani Schwartz dated November 1, 2019, with attachment | |
| 90 | N/A | Advanced Market Analysis and Highest & Best Use, Appraisal Institute | Relevance; hearsay; cumulative of Vanderbilt's Proposed Stipulations of Fact |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 91 | VA010209-010213 | Walsh Dec. Ex. 26 (ECF No. 68-29): Assignment and Assumption of Lease between M.M.B. Associates, LLC and Vanderbilt Atlantic Holdings LLC, dated November 30, 2017 | |
| 92 | VA027658-027661 | Walsh Dec. Ex. 27 (ECF No. 68-30): Letter dated November 1, 2019 from Brendan M. Walsh, Esq., on behalf of McDonald's Corporation, to Morris Missry, Esq., as counsel to Vanderbilt Atlantic Holdings LLC | |
| 93 | VA028110-028111 | Walsh Dec. Ex. 28 (ECF No. 68-31): Letter dated December 11, 2017 from McDonald's Corporation to Vanderbilt Atlantic Holdings, LLC | |
| 94 | VA022123-022124 | Walsh Dec. Ex. 29 (ECF No. 68-32): Emails between representatives of McDonald's Corporation and Vanderbilt Atlantic Holdings LLC, and internal Vanderbilt emails, from December 13, 2017 to December 15, 2017 | Relevance |
| 95 | VA015148-015243 | Walsh Dec. Ex. 30 (ECF No. 68-33): Emails between representatives of McDonald's Corporation and Vanderbilt Atlantic Holdings LLC from December 13, 2017 to December 15, 2017, and attached redacted Lease dated November 30, 2017 between M.M.B. Associates, LLC and Vanderbilt Atlantic Holdings LLC for premises located at 840 Atlantic Avenue, Brooklyn, New York | Relevance |
| 96 | MCD006594-006595 | Walsh Dec. Ex. 32 (ECF No. 68-35): Letter dated April 2, 2019 from | The document provided does not include the |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
|  | (Alternatively VA 015415-VA 015417) | Vanderbilt Atlantic Holdings LLC to McDonald's Corporation | page stamped as MCD006595. |
| 97 | MCD005639-005641 | Walsh Dec. Ex. 33 (ECF No. 68-36): Email dated April 22, 2019 from Carol DeMarco to Sharon Locatell forwarding December 18, 2018 email from Ellen Benjamin | Relevance; hearsay |
| 98 | MCD006633-006636 | Walsh Dec. Ex. 34 (ECF No. 68-37): Emails dated December 15, 2018 between McDonald's employees |  |
| 99 | MCD006372 | Walsh Dec. Ex. 35 (ECF No. 68-38): Email dated February 8, 2018 from Carol DeMarco to Sam Rottenberg |  |
| 100 | MCD007312 | Walsh Dec. Ex. 36 (ECF No. 68-39): Carol DeMarco's handwritten notes from her May 24, 2018 telephone call with Sam Rottenberg | Hearsay |
| 101 | VA000309 | Walsh Dec. Ex. 38 (ECF No. 68-41): Email dated May 9, 2019 from Tom Tener to Morris Missry and Sam Rottenberg |  |
| 102 | VA001264-001267 | Walsh Dec. Ex 39 (ECF No. 68-42): Email chain between Tom Tener, Morris Missry, and Sam Rottenberg, from May 6, 2019 to May 14, 2019 |  |
| 103 | MCD006708-006714 (Alternatively VA 019421-VA 019428) | Walsh Dec. Ex. 40 (ECF No. 68-43): Email chain between Morris Missry, Michael Meyer, Sam Rottenberg, and Carol DeMarco, from May 20, 2019 to May 31, 2019 |  |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| 104 | MCD006617-006619 (Alternatively VA 019576-VA 019580) | Walsh Dec. Ex. 41 (ECF No. 68-44): Letter dated July 23, 2019 from Michael Meyer, Esq., on behalf of McDonald's Corporation, to Morris Missry, Esq., as counsel to Vanderbilt Atlantic Holdings LLC | |
| 105 | MCD000707-000733 | Walsh Dec. Ex. 44 (ECF No. 68-47): Restricted Appraisal Report as a Letter Opinion of Value dated September 20, 2019 from Appraisers and Planners Inc. to Carol DeMarco of McDonald's Corporation, incorrectly identified as McDonald's USA LLC | |
| 106 | N/A | The Appraisal of Real Estate, 14th Edition, Appraisal Institute | |
| 107 | N/A | Marshall & Swift Valuation Service Cost Manual, April 2019 edition | Relevance (not within court's purview to evaluate assumptions in appraisals); authenticity; hearsay |
| 108 | VA 013128-013130 | Letter dated April 15, 2019 from McDonald's Corporation to Vanderbilt Atlantic Holdings LLC, with cover email | |
| 109 | VA 028102-028105 | Letter dated April 15, 2019 from Vanderbilt Atlantic Holdings LLC to McDonald's Corporation, with cover email | Authenticity (April 16, 2019 top email does not go with the letter, letter goes with the bottom email) |
| 110 | VA 019386-019390 | Emails between Morris Missry and Mike Meyer from May 20, 2019 to May 29, 2019, and forwarded email | |
| 111 | VA 001785-001802 | Email chain between Morris Missry, Tom Tener, and Mike | |

| PL. EX. NO. | BATES RANGE | DESCRIPTION | OBJ |
|---|---|---|---|
| | | Meyer from September 16, 2019 to October 8, 2019 | |
| 112 | N/A | ECF No. 62-2: Declaration of Pinchus "Sam" Rottenberg dated April 28, 2022, with accompanying exhibits (4, 5, 6, 31, 32, C, D, G, O, W, AA, BB, SS) | |
| 113 | N/A | ECF No. 66-2: Declaration of Pinchus "Sam" Rottenberg dated July 28, 2022, with accompanying exhibits (A, B, C, D, E, F, G, H) | |
| 114 | N/A | Vanderbilt Answer with Counterclaims | Relevance (pleadings are not proof) |
| 115 | N/A | Vanderbilt Amended Answer with Counterclaims | Relevance (pleadings are not proof) |
| 116 | N/A | Brief for Defendant-Counterclaimant-Appellant, dated December 23, 2020, *McDonald's Corporation v. Vanderbilt Atlantic Holdings, LLC*, Case No. 20-3751, U.S. Court of Appeals for the Second Circuit | Relevance (pleadings are not proof) |
| 117 | | Declaration of Thomas J. Tener, dated July 26, 2022 | |
| 118 | | Uniform Standards of Professional Appraisal Practice (USPAP), effective January 1, 2018 through December 31, 2019 | |
| 119 | VA033610-33644 | Walsh Dec. Ex. 19 (ECF No. 68-22): Email and attachment from Sam Rottenberg to Tom Li dated November 22, 2017 | |

# DEFENDANT'S TRIAL EXHIBIT LIST

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| A | Ground Lease between Anthony Musto (Landlord) and McDonald's Corporation (Tenant) | VA024774-808 | |
| B | Ground Lease Table of Contents - Highlights re:840 Atlantic Ave | MCD002041-75 | |
| C | Agreement Amending Lease - 840 Atlantic Avenue | VA000228-31 | |
| D | McDonalds Letter 2/27/19 encl Franchise Agreement | MCD007200 – MCD007248; MCD008065-82 | |
| E | Ground Lease between M.M.B. Associates, LLC and Vanderbilt Atlantic Holdings LLC | VA010103-96 | |
| F | Email chain between C.DeMarco, B. Sugaski-Hartman re: Approval Requested: Tenure Exception for 31-2093 Atlantic Ave. | MCD006445-47 | |
| G | Email chain between J. Jones, C. DeMarco, and M. Meyer re 31-2093 840 Atlantic Ave, Brooklyn, NY | MCD006375-76 | McDonald's objects under FRE 401 because the document is not probative to whether Vanderbilt or McDonald's cooperated in the FMV process, and under FRE 802 because it constitutes hearsay that is not subject to an exception. |
| H | Letter from Vanderbilt to McDonald's re FMV Determination | MCD005479-80 | |
| I | Email attaching McDonald's Executed Engagement Letter with Sharon Locatell | MCD003848-52 | |
| J | Email chain from Brian Cheung to USCG Asset Management RE: - AM Recommendation to Exercise five (5) | MCD006023-25 | |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
|  | year FMV option to protect $4million restaurant .msg |  |  |
| K | Email chain between C. DeMarco and B. Sugaski, B. Cheung, G. Potesta re: 31-2093-840 Atlantic Avenue, Brooklyn - AM Recommendation to Exercise five (5) year FMV option to protect $4million restaurant | MCD006633-36 |  |
| L | Email chain between Rita Nocito to Carol DeMarco, Brooke Sugaski-Hartman, et al RE 31-2093 - 840 Atlantic Avenue, Brooklyn - AM Recommendation to Exercise five (5) year FMV option to protect $4million restaurant .msg | MCD006650-53 |  |
| M | Asset Management Reacquisition Package | MCD006325-31 |  |
| N | Handwritten notes from Ellen Benjamin/Sharon Locatell from multiple dates in 2019 | MCD000543-79 | McDonald's objects under FRE 802 because the notes constitute hearsay that are not subject to an exception. |
| O | Email from Sam Rottenberg and Thomas Tener re: Comp Appraiser | VA000602-62 | McDonald's objects under FRE 401 because it is an email attaching appraisals conducted of a different property for a different purpose and thus is not relevant or probative to any issue in this litigation, including whether Vanderbilt or McDonald's cooperated in the FMV process, and under FRE 802 to the extent that Vanderbilt plans to introduce the report for the truth of the matter asserted. |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| P | Email from Thomas Tener to Morris Missry re Confidential | VA000699-03 | |
| Q | Email from Morris Missry to Thomas Tener re: 840 Atlantic Avenue | VA001757-59 | |
| R | Letter from McDonald's to Vanderbilt re Brooklyn, NY 840 Atlantic Avenue | MCD000888-89 | |
| S | Correspondence from Vanderbilt Atlantic to McD's Corporation re: 840 Atlantic Ave | MCD000363-64 | |
| T | Email chain between Michael Meyer to Sharon Locatell and cc: Carol DeMarco re: 840 Atlantic Ave with attachment | MCD002726-27 | |
| U | Email chain between Thomas J. Tener to Sharon Locatell re: 840 Atlantic Ave | MCD003477 | |
| V | Email from Ellen Benjamin to Carol DeMarco and cc: Sharon Locatell re: 840 Atlantic Avenue and att: Brooklyn lots rezoned | MCD004325 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| W | Email chain between M. Missry, S. Rottenberg and T. Tener re 840 Atlantic Avenue | VA019016-24 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| X | Email chain between M. Missry, S. Rottenberg and T. Tener re 840 Atlantic Avenue | VA001592-96 | |
| Y | Email from S. Locatell to C. DeMarco and E. Benjamin re Tom Tener 840 Atlantic call | MCD003003 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | matter asserted, and is not subject to a hearsay exception. |
| Z | Email chain between Sam Rottenberg to Tom with 2 images re: 840 Atlantic Ave | VA016067-069 | McDonald's objects to under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| AA | Email chain between C. Demarco to Sam Rottenberg and cc: Tom Li, Meye Michael, missry@wmllpm.com, Abel Santana re: 840 Atlantic Ave-L/C 031-2093 Brooklyn, NY | VA013139-42 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| BB | Email chain between S. Locatell, C. DeMarco, and E. Benjamin re McD's lease data request | MCD002952-54 | McDonald's objects under FRE 802 because it is an email exchange containing out of court statements made by a non-party being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| CC | Email chain between Sharon Locatell to Thomas J. Tener re: 840 Atlantic Ave | MCD003610-12 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| DD | Email from Morris Missry to Thomas Tener re: 840 Atlantic Avenue | VA001312-14 | McDonald's objects under FRE 802 because it is an |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| EE | Email between Thomas Tener to Morris Missry and Sam Rottenberg re: 840 Atlantic Ave | VA001306-08 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| FF | Email chain between Thomas Tener and Morris Missry, Sam Rottenberg cc: Shaun Kest re: 840 Atlantic Ave | VA000309 | |
| GG | Email chain between Morris Missry to Thomas J. Tener and cc: Sam Rottenberg and Tom with 3 images re: 840 Atlantic Ave | VA016120-25 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| HH | Email from T. Tener to M. Nakleh and S. Locatell | MCD003367 | |
| II | Email chain between Michael Meyer to Carol DeMarco FW: 840 Atlantic Ave | MCD006603-05 | |
| JJ | Email chain between Morris Missry and Micheal Meyer RE 840 Atlantic Ave.msg | MCD007587-91 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | statements and are not subject to a hearsay objection. |
| KK | Email chain between Morris Missry and Michael Meyer RE 840 Atlantic Ave.msg | MCD007594-95 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay objection. |
| LL | Email from C. DeMarco to D. Kearns and M. Meyer re Letter Net Lease Comps - 840 Atlantic Avenue, Brooklyn | MCD006945-7009 | McDonald's objects under FRE 401 because the document is not probative to whether Vanderbilt or McDonald's cooperated in the FMV process, and under FRE 802 because certain portions of this multi-document exhibit constitute hearsay that are not subject to an exception. |
| MM | Email chain between Sharon Locatell and Thomas Tener with attachment - Ground Lease re: 840 Atlantic Ave | VA000272-307 | |
| NN | Email chain between S. Locatell, T. Tener, and M. Nakleh re: 840 Atlantic Ave | MCD003463-66 | |
| OO | Email chain between Morris Missry and Michael Meyers Re 840 Atlantic Ave.msg | MCD007583-86 | |
| PP | Email from M. Meyer to S. Locatell 840 Atlantic_Draft Retainer Letter_3rd Appraiser | MCD002674-75 | |
| QQ | Email from S. Locatell to M Meyer re 840 Atlantic Ave | MCD002908 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay objection. |
| RR | Email chain between Morris Missry, Michael Meyer, Sam Rottenberg, et al. re: 840 Atlantic Ave [MCD-LEGAL_USA.FID962110] | MCD006708-19 | |
| SS | Email chain between Thomas J. Tener to Sam Rottenberg and cc: Morris Missry, Shaun Kest KTR, Tom re: 840 Atlantic Avenue | VA016150-52 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| TT | Email between David Orkin to Carol DeMarco Re: Atlantic Ave., Brooklyn | MCD006600 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| UU | S. Locatell Appraisal dated June 17, 2019 | MCD002973-98 | |
| VV | Email chain between S. Locatell, C. DeMarco, M. Meyer and E. Benjamin re 840 Atlantic Ave - Confidential | MCD004011 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| WW | Email from S. Locatell to C. DeMarco and M. Meyer re confi-retail | MCD005733 | McDonald's objects under FRE 802 because it is an email communication |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| XX | Email chain between C. DeMarco to S. Locatell, M. Meyer and E. Benjamin re 840 Atlantic Ave - confidential | MCD003138 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| YY | Email chain between Morris Missry and Michael Meyer Re 840 Atlantic Ave [MCD-LEGAL_USA.FID962110].msg | MCD007694-95 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| ZZ | Email chain between Michael Meyer to Ellen Benjamin and Sharon Locatell and cc: Carol DeMarco re: 840 Atlantic Ave - Confidential | MCD002892-93 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| AAA | Email chain between Morris Missry and Michael Meyer RE L_C 031-2093 Brooklyn NY_Letter [MCD-LEGAL_USA.FID962110].msg | MCD007715-18 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter |

79529605;1

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| BBB | Email chain between Morris Missry and Michael Meyer Re 840 Atlantic Ave [MCD-LEGAL_USA.FID962110].msg | MCD007704-08 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| CCC | Letter from McDonald's to Morris Missry dated July 23, 2019 | MCD006617-19 | |
| DDD | Email chain between Morris Missry to Tamara Salinas cc: Carol DeMarco, Michael Meyer, et al RE LC 031-2093 Brooklyn, NY [MCD-LEGAL_USA.FID962110].msg | MCD006803-04 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| EEE | Email from Thomas Tener to Shaun Kest re: Retail Lease Comparables | VA000809-10 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| FFF | T. Tener Excel work file for 7/30/2019 final report | VA000117 | |
| GGG | T. Tener Final Appraisal | VA001045-60 | |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| HHH | Email between Thomas Tener to Morris Missry and Sam Rottenberg re: 840 Atlantic Ave | VA001039-60 | |
| III | Email chain between Sharon Locatell to Ellen Benjamin re: McDonald's 840 Atlantic Avenue | MCD004042-44 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay objection. |
| JJJ | S. Locatell Final Appraisal with handwritten notes | MCD000707-733 | |
| LLL | S. Locatell Final Appraisal | MCD000317-342 | |
| MMM | Email chain between T. Tener and S. Locatell re 840 Atlantic Ave | MCD003520-21 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| NNN | Email chain between Sharon Locatell to Carol DeMarco re: 840 Atlantic Ave | MCD002799-00 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| OOO | Email chain between Morris Missry and Michael Meyer re Setting up a meeting.msg | MCD007667 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not |

79529605;1

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | subject to a hearsay exception. |
| PPP | Email from Thomas Tener to Sam Rottenberg and Morris Missry re: 840 Atlantic Avenue | VA000778-80 | |
| QQQ | Email chain between Sam Rottenberg to Tom re: 840 Atlantic Ave | VA016213-44 | McDonald's objects to VA016213 through VA)16217 under FRE 802 because they are communications made out of court being offered for the truth of the matter asserted, and are not subject to a hearsay exception. |
| RRR | Email chain between Morris Missry and Michael Meyer Re L_C 031-2093 Brooklyn NY_Letter Agreement(1081319.5) (002).doc [MCD-LEGAL_USA.FID962110].msg | MCD007748-54 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| SSS | Email chain between Morris Missry and Michael Meyer Re L_C 031-2093 Brooklyn NY_Letter Agreement(1081319.5) (002).doc [MCD-LEGAL_USA.FID962110].msg | MCD007739-40 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| TTT | Email from M. Missry to M. Meyer re Brooklyn NY_Letter Agreement | MCD008048 | McDonald's objects under FRE 802 because it is an email communication made out of court being |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| UUU | Email chain between M. Meyer and S. Locatell re 840 Atlantic Ave - call with Morris, Sam and Tom | MCD005310-11 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| VVV | Handwritten notes from S. Locatell, on call with Sam/Tom/Morris/Carol/Mike | MCD000761-64 | McDonald's objects under FRE 802 because the notes constitute hearsay that are not subject to an exception. |
| WWW | Email chain between S. Locatell and M. Meyer re 840 Atlantic Ave call with Morris, Sam and Tom | MCD005440-42 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| YYY | Email chain between Sharon Locatell to Michael Meyer re: 840 Atlantic Avenue - call with Morris , Sam and Tom | MCD005437-39 | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce certain portions of the email chain for the truth of the matter asserted because the emails contain out of court statements and are not subject to a hearsay exception. |
| ZZZ | Tener's spreadsheet "Basic Rent Comps" | VA002153 | |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| AAAA | Appraisal of Real Estate 14th Ed. Table 17.1 "Applicability and Limitations of Land Valuation Methods" | | |
| BBBB | Appraisal of Real Estate 14th Ed. Figure 4.1 "The Valuation Process" | | |
| CCCC | Textbook excerpt, "The Valuation Professional Serving as an Expert Witness" | | McDonald's objects under FRE 802 to the extent that Vanderbilt seeks to introduce the textbook excerpt for the truth of the matter asserted because it contains out of court statements and are not subject to a hearsay objection. If this excerpt is to be admitted, McDonald's demands production of the entirety of the textbook |
| DDDD | Email from T. Salinas to C. Demarco & M. Schneier re L/C 031-2093 Brooklyn, NY (with attachment) | MCD006623-24 | |
| EEEE | Plaintiff's Privilege Log, dated May 17, 2021 | N/A | McDonald's objects to this exhibit and all of the following exhibits because they were untimely disclosed as trial exhibits by Defendant on the afternoon of January 10, 2025 in violation of the Court's directives. McDonald's reserves the right to interpose additional, substantive objections in the event Defendant attempts to introduce this document into evidence or use it for any other purpose. McDonald's also demands |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
|  |  |  | that it be permitted to counter-designate related documents if Defendant is permitted to use any of the untimely disclosed or produced exhibits at trial.[4] |
| FFFF | Declaration of Sharon Locatell, executed on June 9, 2022 | N/A | McDonald's objects under FRE 802 because it is an out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| GGGG | Appraisal by Appraisers and Planners, Inc, signed by S. Locatell, dated May 22, 2019 | MCD001240-53 | McDonald's objects under FRE 401 because the document is not relevant to any claim or defense in this case, and under FRE 802 because it is an out of court statement being offered for the truth of the matter asserted, and is not |

---

[4] Vanderbilt notes that it added certain exhibits in response to the Court's decision on the motions *in limine*, which was rendered after the parties submitted their initial exhibit lists. Additionally, there is no prejudice to McDonald's, as the exhibits are all emails and documents directly involving their appraiser, Sharon Locatell, and would primarily be used for purposes of impeachment. Further, McDonald's ignores that they also added new exhibits on January 8, 2025, and therefore to the extent that the Court sustains McDonald's objections to Vanderbilt's new exhibits, the Court should also preclude use of McDonald's new exhibits. McDonald's responds by noting that it added two exhibits to its exhibit list on January 8, 2025 after Vanderbilt added a single exhibit to its list on January 7, 2025. McDonald's clarifies that its objection is based on the timing of Vanderbilt's addition of nearly 30 new exhibits to the list—just before 3:00 pm on Friday, January 10, 2025, less than one business day before the court-mandated deadline for submission of the joint proposed pre-trial order (Monday, January 13, 2025 at noon). McDonald's further notes that the Court issued its decision on the parties' *in limine* motions on September 30, 2024 and yet Vanderbilt waited until the afternoon of January 10, 2025 to seek to add exhibits that are purportedly in response to the Court's decision. Finally, McDonald's notes that it has been prejudiced by Vanderbilt's late addition of so many proposed exhibits because it did not have an opportunity to review the documents and add counter-designations before the Court-ordered deadline for submission of the proposed joint pre-trial order.

79529605;1

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. McDonald's further objects on the basis that Defendant did not produce this document to McDonald's until January 10, 2025. |
| HHHH | Appraisal Review Report of Three Separate Reports and One by Leitner Group, Inc., signed by S. Locatell, dated January 30, 2020 | N/A | McDonald's objects under FRE 401 because the document is not relevant to any claim or defense in this case, and under FRE 802 because it is an out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. McDonald's further objects on the basis that Defendant did not produce this document to McDonald's until January 10, 2025. |
| IIII | Affidavit of Sharon Locatell, dated May 3, 2016, filed in *the Matter of Campbell Apartment, Ltd. v. Metropolitan Transportation* (Index No. 100532/2016) | N/A | McDonald's objects under FRE 401 because the document is not relevant to any claim or defense in this case, and under FRE |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | 802 because it is an out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. McDonald's further objects on the basis that Defendant did not produce this document to McDonald's until January 10, 2025. |
| JJJJ | Affidavit of Sharon Locatell, dated June 25, 2014, filed in the action *1552 Broadway Retail Owner LLC v. McDonalds Corporation* (Index No. 651884/2014) | N/A | McDonald's objects under FRE 401 because the document is not relevant to any claim or defense in this case, and under FRE 802 because it is an out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. McDonald's further objects on the basis that Defendant did not produce this document to McDonald's until January 10, 2025. |

79529605;1

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| KKKK | Expert report of S. Locatell, dated October 1, 2021, in the action *The Gap Inc v. Ponte Gadea New York LLC* (Case No. 1:2020cv04541) | N/A | McDonald's objects under FRE 401 because the document is not relevant to any claim or defense in this case, and under FRE 802 because it is an out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. McDonald's further objects on the basis that Defendant did not produce this document to McDonald's until January 10, 2025. |
| LLLL | Email from E. Benjamin to M. Meyer, CC: C. DeMarco, S. Locatell, Subject: 840 Atlantic Avenue - McD's Loc Code 031-2093, dated December 11, 2018, attaching "Ground Lease Comps-840 Atlantic Avenue.pdf" and "Land Sale Comps-840 Atlantic Avenue.pdf" | MCD002677-79 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| MMMM | Email from S. Locatell to M. Meyer and C. DeMarco, Subject: 840 Atlantic Ave - Letter of Value, dated December 12, 2018, attaching | MCD002658-71 | McDonald's objects under FRE 802 because it is an email communication made out of court being |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | "Letter for Lease Renewal - 840 Atlantic Avenue-SL.pdf" | | offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| NNNN | Email from S. Locatell to M. Meyer and C. DeMarco, Subject: CONFIDENTIAL - GRID FOR DISCUSSION, dated June 17, 2019, attaching "840 atlantic ave- grid June 17, 2019.xlsx" | MCD002712 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| OOOO | Email from C. Demarco to S. Locatell, E. Benjamin, CC M. Meyer, Subject: Confidential and Privilege, dated June 10, 2019, with reply from E. Benjamin to all attaching "Land Sale Comps-840 Atlantic Avenue -SL.pdf" | MCD002935-36 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |

79529605;1

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| PPPP | Email from B. Garrison to C. DeMarco and M. Meyer, Subject: *Privileged & Confidential* (NY Comps), dated June 18, 2019, then forward to S. Locatell and E. Benjamin with attachment "840 Atlantic Letter 6-18-19-sl.pdf" | MCD002973-98 | This document is the same document identified as exhibit UU. |
| QQQQ | Email from C. DeMarco to S. Locatell, E. Benjamin, and M. Meyer, Subject: Proprietary and Confidential - LC: 31-0304 - 968 4th Avenue, Brooklyn, dated June 18, 2019, attaching "31-0304 - 4th & 37th - Survey - 5-1-13.pdf" | MCD002852-53 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| RRRR | Email from C. DeMarco to S. Locatell, E. Benjamin, CC M. Meyer, Subject: Confidential and Proprietary, attaching "GL.xlsx" | MCD003014 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| SSSS | Email from E. Benjamin to M. Meyer, CC: C. DeMarco, S. Locatell, Subject: 840 Atlantic Avenue - McD's Loc Code 031-2093, dated December 11, 2018 | MCD003962-63 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| TTTT | Email from S. Locatell to E. Benjamin, Subject: Can you send me Atlantic ave, dated June 19, 2019, and later attaching "Boerum Hill Leases and Listings.xlsx" and "BKLYN-RETAIL Atlantic Ave.xlsx" | MCD004198 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| UUUU | Email from M. Meyer to S. Locatell, CC: C. DeMarco, Subject: LC 31-2093 Atlantic Ave Brooklyn, attaching "Lease - Ground Lease 31-2093.pdf" | MCD002815-50 | McDonald's objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit |
| VVVV | Email from S. Locatell to D. Sciannameo, Subject: hi - comps, dated June 6, 2019 | MCD005335 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the |

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| WWWW | Email from A. Wald to S. Locatell, Subject: Document1, dated June 19, 2019, attaching "Document1.docx" | MCD005305-06 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| YYYY | Email from D. Percival to S. Locatell, Subject: Atlantic Avenue Property, dated June 6, 2019 | MCD005475 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| ZZZZ | Email from C. DeMarco to S. Locatell, E. Benjamin, and M. Meyer, Subject: GL, with reply attaching "Letter Net Lease Comps - 840 Atlantic Avenue-SL.pdf" | MCD005539-48 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not |

79529605;1

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| AAAAA | Email from S. Locatell to A. Aaron, Subject: Hi, dated June 19, 2019 | MCD005549 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. |
| BBBBB | Email from D. Percival to C. DeMarco, CC: S. Locatell, Subject: Open Invoices, attaching "15575A.pdf," "15561.pdf," "15562.pdf," and "15575.pdf" | MCD005712-16 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| CCCCC | Email thread from D. Orkin to D. Rosenzweig, Subject: Brooklyn comps, dated June 11, 2019, later sent to C. DeMarco, S. Locatell, E. Benjamin, and M. Meyer | MCD002937-41 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the |

79529605;1

| Exhibit Letter | Description | Bates | Objections |
|---|---|---|---|
| | | | same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| DDDDD | Email from S. Locatell to M. Meyer, C. DeMarco, CC: E. Benjamin, Subject: CONFIDENTIAL - GRID FOR DISCUSSION, dated June 17, 2019 and reply email from C. DeMarco attaching "310486 2154 Hylan Blvd Staten Island aerial.jpg," "310486 - 2154 Hylan Blvd - SI Lease - Amended and Restated Ground Lease.pdf" | MCD004419 | McDonald's objects under FRE 802 because it is an email communication made out of court being offered for the truth of the matter asserted, and is not subject to a hearsay exception. McDonald's further objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| EEEEE | Email from S. Locatell to M. Meyer and C. DeMarco FW: 840 Atlantic Ave - Report from E. Benjamin, attaching Letter of Opinion of Value for 840 Atlantic (dated June 17, 2019), sent on June 18, 2019 | MCD005377-08 | McDonald's objects on the same grounds identified for proposed Exhibit EEEE and reserves the right to interpose additional objections as to this exhibit. |
| FFFFF | Email from C. DeMarco to S. Locatell, attaching letter from T. Li to McDonald's, dated April 2, 2019 | MCD003017-19 | Same as Plaintiff's Ex. 96, but with all pages and cover email. |

The parties reserve their rights to introduce deposition transcripts, expert reports and declarations given in this case for purposes of impeachment and/or refreshing a witness' recollection.

79529605;1

DATED:      Brooklyn, New York
         _____, 20__

            _____
                 DORA L. IRIZARRY
                 United States District Judge

79529605;1