UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MCDONALD'S CORPORATION, | : : : | |
| Plaintiff, | : : | No. 1:19-cv-06471-DLI-ST |
| v. | : : | Oral Argument Requested |
| VANDERBILT ATLANTIC HOLDINGS LLC, | : : : | |
|  | : | Date of Service: February 5, 2025 |
| Defendant. | : : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE THE ADMISSION OF CERTAIN EMAILS INTO EVIDENCE

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Brendan M. Walsh, Esq.
Denise Alvarez, Esq.
370 Lexington Avenue, Suite 505
New York, New York 10017
bwalsh@pashmanstein.com
dalvarez@pashmanstein.com

*Attorneys for Plaintiff McDonald's Corporation*

Dated: February 5, 2025

# TABLE OF CONTENTS

**BACKGROUND** ............................................................................................................... 1

**ARGUMENT** .................................................................................................................. 3

**CONCLUSION** ............................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*U.S. v. Mendlowitz*,
  S2 17-Cr.-248 (VSB), 2019 WL 6977120 (S.D.N.Y. Dec. 20, 2019) ......................................... 3

*Estate of Jaquez v. Flores*, No.,
  10-cv-2881, 2016 WL 1060841 (S.D.N.Y. Mar. 17, 2016) .......................................... 4

*U.S. v. Camacho*,
  353 F. Supp. 2d 524 (S.D.N.Y. 2005) ................................................................. 3

Rules

FRE 801 ................................................................................................. 3

FRE 802 ................................................................................................. 3

Plaintiff McDonald's Corporation ("McDonald's") respectfully submits this memorandum of law in support of its motion *in limine* to preclude the admission of certain emails and portions of emails into evidence.

**BACKGROUND**

On January 7, 2025, McDonald's filed a letter in this action, informing the Court of certain evidentiary disputes that had arisen between the parties. [ECF No. 101] (the "January 7 Letter"). One dispute concerned nine email chains that Vanderbilt seeks to admit into evidence. Those emails are identified in the proposed Amended Joint Civil Pretrial Order [ECF No. 106] as Exhibits V, Y, VV, WW, XX, KK, AAA, BBB and OOO. McDonald's objected to the admission of such emails on the grounds that they are hearsay and therefore inadmissible pursuant to Rule 802 of the Federal Rules of Evidence ("FRE"). At the time, Vanderbilt took the position that such emails were admissible as adoptive admissions of McDonald's pursuant to FRE 801(d)(2)(D). On January 10, 2025, Vanderbilt responded to the January 7 Letter, arguing that the emails were not only admissible as adoptive admissions but also admissible on other grounds. [ECF No. 105]. On January 15, 2025, the Court held a pretrial conference and directed the parties to file a motion *in limine* regarding the admissibility of such emails, advising the parties to annex copies of the emails and set forth their positions on whether such documents may be admitted into evidence. *See* Declaration of Denise Alvarez, dated February 5, 2025 ("Alvarez Decl." or "Alvarez Declaration"), Exhibit 1 (Transcript of Pretrial Conference, Jan. 15, 2025) at 7.

Since January 15, the parties continued to confer on the admissibility of the nine emails, as well as other proposed trial exhibits. Alvarez Decl. ¶ 4. On February 4, 2025, the parties submitted a joint letter to the Court informing the Court that they had resolved most of their disputes. [ECF No. 108]. Vanderbilt represented that it "does not foresee seeking to admit those documents to

1

which McDonald's has objected under the adoptive admissions exception to the hearsay rule." *Id.* Vanderbilt, however, contends that such emails are admissible on other grounds, "including as admissions by McDonald's or its agents, for purposes of impeachment, or for purposes other than the truth of the matter asserted." *Id.* McDonald's reconsidered its position and withdrew its objections to Exhibits V, Y, VV, WW and XX on the grounds that they are likely to be admissible as party admissions or vicarious admissions. *Id.* McDonald's also agreed that certain portions of Exhibits KK, AAA, and BBB are likely to be admissible as party admissions and has no objection to the admission of the portions of the email strings reflecting communications from individuals at McDonald's and/or McDonald's appraiser, Sharon Locatell. However, McDonald's continues to object to those portions of Exhibits KK, AAA, and BBB, as well as Exhibit OOO, that reflect communications from Vanderbilt's attorney, Morris Missry. Exhibits KK, AAA, and BBB are email strings that include communications from McDonald's in-house counsel, Michael Meyer, McDonald's appraiser, Ms. Locatell, and Mr. Missry. Exhibit OOO is a single email from Mr. Missry to Mr. Meyer. All communications from Mr. Missry constitute inadmissible hearsay and should be precluded.[1] Copies of Exhibits KK, AAA, BBB and OOO are attached to the Alvarez Declaration as Exhibits 2 through 5.

Vanderbilt contends that Exhibits KK, AAA, BBB and OOO are admissible on the grounds that they "are not being used for the truth of the matter asserted, but to demonstrate Mr. Missry's role and input throughout the [Option Rent Addendum] process." Alvarez Decl., Ex. 6 at 1 (email from Benjamin Joelson). Vanderbilt asserts that Exhibits KK, AAA, BBB, and OOO:

> may be used to demonstrate that Vanderbilt was diligently pursuing
> the process under the [Option Rent Addendum] and seeking to move

---

[1] It is not clear that Vanderbilt seeks to admit the portions of the emails containing statements from McDonald's representatives as probative of any issue that Vanderbilt seeks to prove. For this reason, McDonald's is moving to preclude the entirety of Exhibits KK, AAA, BBB and OOO.

> the rent reset process forward. They may also be used to show that
> Vanderbilt was relying on the advice and expertise of its counsel in
> the process.

*Id.* McDonald's disputes Vanderbilt's contention that these emails are not being offered for the truth of what they state. As demonstrated further below, the trier of fact would need to assume that Mr. Missry's statements are true to use them as evidence that Mr. Missry was "seeking to move the rent reset process forward" and they do not demonstrate Vanderbilt's reliance on his advice. And both Mr. Missry and Vanderbilt's principal, Sam Rottenberg, will be testifying at trial and can testify as to these issues. Indeed, Vanderbilt has not provided a valid basis to admit these emails or identified sufficient grounds with any particularity. For these reasons, and the reasons set forth below, the Court should preclude the admission of Exhibits KK, AAA, BBB, and OOO.

## **ARGUMENT**

When seeking to admit a document into evidence, the party offering the evidence, *i.e.,* Vanderbilt, "bears the burden of demonstrating its admissibility." *See U.S. v. Mendlowitz*, S2 17-Cr.-248 (VSB), 2019 WL 6977120, *9 (S.D.N.Y. Dec. 20, 2019) (noting "that proponents of evidence bear the burden of demonstrating its admissibility is a 'general principal [that] applies to all questions of admissibility that arise under the Federal Rules of Evidence'") (quoting *U.S. v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005)) (alteration in original).

FRE Rule 802 precludes the admission of hearsay into evidence. As the Court is aware, hearsay is an out of court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." FRE 801(c). Vanderbilt seeks to admit statements made by its attorney, Morris Missry, in email communications (Exhibits KK, AAA, BBB, and OOO) into evidence, and has failed to establish that they are admissible as non-hearsay. Vanderbilt offers a panoply of justifications for their admission, including that they are not hearsay at all or may be admissible

for impeachment purposes, but the claimed justifications raise more questions than answers.

First, claiming that the documents will be used for impeachment does not relieve Vanderbilt of demonstrating that the documents are in fact admissible. *Estate of Jaquez v. Flores*, No. 10-cv-2881, 2016 WL 1060841, *10 (S.D.N.Y. Mar. 17, 2016). While hearsay documents may be used to impeach a witness, those documents are not admissible into evidence unless they satisfy evidentiary requirements. *Id.* at *9-10. In other words, using a document for impeachment purposes "is not a magic door-opener to the admission of otherwise excluded evidence." *Id.* at *10; *see also* Alvarez Decl., Ex. 1 (Jan. 15, 2025 Tr.) at 6 (noting parties are given significant "leeway" with respect to documents used for impeachment purposes, but stating that "to actually seek to introduce [the document] into evidence is another thing altogether").

Second, Vanderbilt has not demonstrated that it intends to use Exhibits KK, AAA, BBB and OOO for a non-hearsay purpose. Although Vanderbilt claims that the documents are not being offered for the truth of the matters asserted, Vanderbilt intends to use the emails to prove matters that are essentially stated by Mr. Missry in the emails and/or requires that the fact finder assume that the statements made by Mr. Missry in those emails are true. For example, Vanderbilt contends that it intends to use the documents to demonstrate that Missry was moving the valuation process forward. Alvarez Decl., Ex. 6 at 1. In Exhibit BBB, Mr. Missry stated, "Mike, would like to finalize the letter and take the next steps." Alvarez Decl., Ex. 4 at 1. In Exhibit OOO, Mr. Missry stated, "I wanted to discuss retaining the third appraiser with you and get him signed up." *Id*., Ex. 5. In order to use these statements to show that Vanderbilt was moving the process forward, it is necessary to believe that Missry in fact wanted to finalize the letter and sign up the third appraiser.

Similarly, Exhibits AAA and KK contain statements that would need to be presumed true to be probative of the matters that Vanderbilt claims it seeks to establish. In Exhibit AAA, Mr.

4

Missry stated "Mike, I'm not following your revisions or logic" in response to an email from Mr. Meyer explaining why the existing ground lease with McDonald's must be considered in determining the fair market value of the property. *Id*., Ex. 3 at 1. It strains credulity to believe that Mr. Missry did not in fact understand Mr. Meyer's logic and position, but the fact finder would need to assume this statement was true to reach the conclusion that Vanderbilt was attempting to move the process forward. In Exhibit KK, Mr. Missry stated that "We strongly disagree with McDonald's interpretation as to the process…." *Id*., Ex. 2 at 1. Similarly, in order to show that Vanderbilt was trying to move the process along and that McDonald's was the reason for any delay, the fact finder would need to presume that this statement was in fact true.

In addition, although Vanderbilt claims that these emails will be used to show that "Vanderbilt was relying on the advice and expertise of its counsel," none of these statements is probative of the fact that Vanderbilt relied on Mr. Missry's advice. *Id.,* Ex. 6 at 1. At most, they show that Mr. Missry was involved in the fair market valuation process. Furthermore, both Mr. Missry and Sam Rottenberg, a principal of Vanderbilt, will be testifying at trial. They can therefore testify – in court – regarding Mr. Missry's role and participation in the fair market valuation process, and Vanderbilt's alleged reliance on Mr. Missry's advice. Vanderbilt does not need to admit these emails – which contain inadmissible hearsay – to prove the points that it seeks to establish.

Accordingly, Vanderbilt has failed to demonstrate a non-hearsay purpose for Exhibits KK, AAA, BBB and OOO, and thus, they should be precluded as inadmissible hearsay.

## **CONCLUSION**

For the foregoing reasons, McDonald's respectfully requests that the Court grant its motion *in limine* to preclude the admission of Exhibits KK, AAA, BBB, and OOO into evidence.

Dated:  February 5, 2025

Respectfully submitted,

PASHMAN STEIN WALDER HAYDEN, P.C.

*/s/ Denise Alvarez*
Denise Alvarez
Brendan M. Walsh
*Attorneys for Plaintiff McDonald's Corporation*