UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| MCDONALD'S CORPORATION, | : | |
| | : | |
| Plaintiff, | : | No. 1:19-cv-06471-DLI-ST |
| | : | |
| v. | : | |
| | : | Oral Argument Requested |
| VANDERBILT ATLANTIC HOLDINGS LLC, | : | |
| | : | |
| Defendant. | : | |

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE THE ADMISSION OF CERTAIN EMAILS INTO EVIDENCE

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Brendan M. Walsh, Esq.
Denise Alvarez, Esq.
370 Lexington Avenue, Suite 505
New York, New York 10017
bwalsh@pashmanstein.com
dalvarez@pashmanstein.com

*Attorneys for Plaintiff McDonald's Corporation*

Dated: March 14, 2025

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    1.    Vanderbilt's arguments confirm that Vanderbilt seeks to introduce Exhibits KK, AAA, BBB and OOO for the truth of the matter asserted. ................................................ 2

    2.    Exhibits KK, AAA, BBB and OOO do not show that Vanderbilt relied upon its counsel's advice. .................................................................................................... 5

    3.    FRE 106 does not require the admission of Exhibits KK, AAA, BBB and OOO. ............. 6

    4.    Impeachment is not a "magic door-opener" to the admission of hearsay evidence. .......... 7

    5.    McDonald's does not object to the admission of Exhibits KK, AAA, BBB and OOO for a purpose that does not assume that Mr. Missry's statements in these emails are true. ........................................................................................................ 8

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Estate of Jaquez v. Flores*, No.,
    10-cv-2881, 2016 WL 1060841 (S.D.N.Y. Mar. 17, 2016) ........................................................ 7

*Phoenix Assocs. III v. Stone*,
    60 F.3d 95 (2d Cir. 1995) ........................................................................................................ 7

*U.S. v. Coplan*,
    703 F.3d 46 (2d Cir. 2012) ...................................................................................................... 7

*U.S. v. Watts*,
    934 F. Supp. 2d 451 (E.D.N.Y. 2013) ..................................................................................... 7

**Rules**

Fed. R. Evid. 106 ................................................................................................................... 1, 6, 7

Fed. R. Evid. 801 ............................................................................................................................ 1

Fed. R. Evid. 802 ................................................................................................................... 3, 4, 5

Plaintiff McDonald's Corporation ("McDonald's") respectfully submits this reply memorandum of law in further support of its motion *in limine* to preclude the admission of certain emails into evidence.

**<u>PRELIMINARY STATEMENT</u>**

Defendant Vanderbilt Atlantic Holdings LLC ("Vanderbilt") seeks to admit into evidence numerous email communications between Vanderbilt's attorney, Morris Missry, and McDonald's in-house counsel, Michael Meyer. McDonald's does not object to admission of the emails sent by Mr. Meyer because they are likely to be admissions by a party opponent admissible under FRE 801(d)(2). McDonald's does, however, object to the admission of Mr. Missry's emails because they contain out-of-court statements being offered for truth of the matter asserted, and they are not subject to a hearsay exception. Moreover, Mr. Missry will be testifying live at trial and Vanderbilt should elicit any information it needs from Mr. Missry at trial. Vanderbilt disagrees, insisting that Mr. Missry's out-of-court statements are not being offered for their truth and identifies several reasons why it seeks to admit the email strings. But a review of Vanderbilt's purported reasons makes one thing clear – Vanderbilt intends to use these emails to establish points that require the fact finder to assume that the statements made in those emails are true. For this reason, the emails sent by Mr. Missry are inadmissible hearsay and should be excluded by the Court.

Potentially recognizing that the emails are inadmissible hearsay, Vanderbilt invokes the "completeness doctrine" in FRE 106, arguing that because McDonald's does not object to those portions of the emails strings sent by McDonald's, then the entire email strings – which includes Mr. Missry's emails – should be admitted for the sake of completeness. But Vanderbilt ignores that the completeness doctrine cannot be invoked by the same party seeking the admission of the non-hearsay statements. Vanderbilt – not McDonald's – is seeking to admit McDonald's

1

statements in the email strings into evidence. The fact that McDonald's does not object to those portions of the email strings does not give Vanderbilt the right to admit emails from its attorney – the hearsay portions of the emails strings – into evidence. Accordingly, the completeness doctrine does not apply here.

Finally, Vanderbilt also claims that the email strings are admissible for impeachment purposes. But, as demonstrated below, documents are not automatically admissible simply because they are used to impeach a witness; those "impeachment" documents must still satisfy evidentiary requirements to be admitted into evidence. As this Court recognized at the pretrial conference, while significant "leeway" is given for impeachment purposes, "to actually seek to introduce [the document] into evidence is another thing altogether." Thus, using the email strings for impeachment purposes does not render them admissible for the truth of the statements contained therein. Those statements constitute hearsay and are inadmissible pursuant to Rule 802 of the Federal Rules of Evidence.

## ARGUMENT

1. **Vanderbilt's arguments confirm that Vanderbilt seeks to introduce Exhibits KK, AAA, BBB and OOO for the truth of the matter asserted.**

The Court should preclude the admission of Exhibits KK, AAA, BBB and OOO because Vanderbilt seeks to introduce these email strings to establish the truth of the statements made by its attorney, Morris Missry, in those emails. Despite Vanderbilt's repeated contention that it does not seek to admit the emails for the truth of the matters asserted, Vanderbilt's arguments demonstrate otherwise. This becomes quickly apparent by comparing the statements made by Mr. Missry in the emails to Vanderbilt's stated purpose for their admission.

**Exhibit KK (Alvarez Cert., Ex. 2)**

For example, Vanderbilt contends that it seeks to admit Exhibit KK to show, in part, that

"there was a disagreement between the parties as to how to interpret the ORA." Opp. Mem. at 4.[1] Exhibit KK contains an email from Mr. Missry, stating "We strongly disagree with McDonald's interpretation as to the process, which is clear as day in the lease." Alvarez Decl., Ex. 2. To establish that there was in fact "a disagreement between the parties," as Vanderbilt seeks to prove, the fact finder would need to assume that Mr. Missry's statement that Vanderbilt "strongly disagree[d] with McDonald's interpretation" was true. That is plain hearsay and precluded by Rule 802 of the Federal Rules of Evidence ("FRE"). Thus, Exhibit KK is inadmissible for Vanderbilt's purpose and should be precluded by the Court.[2]

**Exhibit AAA (Alvarez Cert., Ex. 3)**

Vanderbilt argues that it seeks to admit Exhibit AAA to show that (1) Mr. Missry was "making legal decisions and revisions to the draft agreements" and (2) "Vanderbilt advised McDonald's that it 'did not want to litigate' and was open to having the 'appraisers [ ] exchange any information they choose.'" Opp. Mem. at 6. Mr. Missry's statements that Vanderbilt seeks to admit for this purpose are:

> Mike, I am not following your revisions or logic. We all discussed allowing the appraisers to exchange information including comps but not their respective Opinion. We would li[k]e to keep it that way…I don't want to litigate now. There is no reason to do that. The appraisers can exchange any information they choose and then we can have another discussion.

---

[1] "Opp. Mem." refers to Vanderbilt's Memorandum of Law in Opposition to Plaintiff's Motion *in Limine* to Preclude the Admission of Certain Emails into Evidence, dated February 26, 2025 [ECF No. 111].

[2] Vanderbilt's contention that it found McDonald's opposition to the admission of Exhibit KK "perplexing" because the email is included in a larger email string on McDonald's exhibit list shows that Vanderbilt misses the point. *See* Opp. Mem. at 5. McDonald's does not object to the admission of Exhibit KK for the purpose of providing context or for some other non-hearsay purpose, such as showing that Mr. Missry was communicating with McDonald's. *See, infra*, at Point 4. However, McDonald's objects to Vanderbilt's admission of Exhibit KK because Vanderbilt intends to use it in a manner that assumes the truth of the statements contained in Mr. Missry's emails, which is precisely what is prohibited by FRE 802.

3

Alvarez Cert., Ex. 3. To the extent that Vanderbilt seeks to admit these statements to show that Mr. Missry was corresponding with McDonald's in-house counsel with respect to the fair market valuation process, McDonald's has no objection to the admission of Exhibit AAA. However, using Mr. Missry's statements to prove that Vanderbilt sought to avoid litigation and was genuinely open to having the appraisers exchange information, requires the assumption that Mr. Missry's statements that he "did not follow [Mr. Meyer's] revisions or logic" and that "the appraisers can exchange any information they choose" are true. For that purpose, Mr. Missry's statements constitute inadmissible hearsay and should be precluded by the Court.

Similarly, admitting Mr. Missry's statement that "I think we should get through this and let the appraisers do their thing…" for the purpose of showing that "Vanderbilt's counsel was trying to get McDonald's to the proceed with…retaining the third appraiser" requires the assumption that Mr. Missry's statement was true. For that purpose, Exhibit AAA is inadmissible under FRE 802.[3]

**Exhibit BBB (Alvarez Cert., Ex. 4)**

Vanderbilt's alleged purpose for admitting Exhibit BBB further demonstrates that Vanderbilt intends to use these emails to establish the truth of the statements contained therein. Vanderbilt claims that it seeks to admit Exhibit BBB to show that Vanderbilt emailed McDonald's "to continue to move the ORA process forward, but McDonald's delayed the process and did not timely respond." Opp. Mem. at 7. As a preliminary matter, McDonald's in-house counsel, Mr. Meyer, was in constant communication with Mr. Missry, and did timely respond to his emails. Further, to use Exhibit BBB to show that Vanderbilt was continuing to move the process forward,

---

[3] This statement is also contained in Exhibit BBB, further rendering Exhibit BBB inadmissible for Vanderbilt's stated purpose.

one would need to assume that Mr. Missry's statement that he "would like to finalize the letter and take next steps" was in fact true. Assuming the truth of this statement is precisely what is prohibited by FRE 802. And, Mr. Missry will be testifying in person at trial and can inform the Court of his intentions without admitting his out-of-court statements. For these reasons, the Court should preclude the admission of Exhibit BBB into evidence.

### Exhibit OOO (Alvarez Cert., Ex. 5)

Vanderbilt also seeks to admit Exhibit OOO for the truth of the statements contained therein. In Exhibit OOO, Mr. Missry states that the party-appointed appraisers are setting up a call or meeting, and that Mr. Missry "wanted to discuss retaining the third appraiser…." Alavrez Dec., Ex. 5. Vanderbilt seeks to admit Exhibit OOO to show that Vanderbilt "emailed McDonald's counsel in September 2019…to discuss appointing the third appraiser…but that McDonald's never agreed to retain the third appraiser." Opp. Mem. at 7. First, there is no dispute – and McDonald's stipulates – that McDonald's agreed to the selection of Marc Nakleh as the third appraiser, but did not agree to retain Mr. Nakleh. Second, and more importantly, Exhibit OOO can only be used to show that Vanderbilt sought to retain the third appraiser if the fact finder assumes that Mr. Missry's statement that he "wanted to discuss retaining the third appraiser" was true. For this purpose, Exhibit OOO is inadmissible hearsay.

2. **Exhibits KK, AAA, BBB and OOO do not show that Vanderbilt relied upon its counsel's advice.**

Vanderbilt argues that Exhibits KK, AAA, BBB and OOO are admissible to show that Mr. Missry was "leading the ORA process, including based on his interpretation," and thus, "the emails are probative of Vanderbilt's advice of counsel defense." Opp. Mem. at 13. As an example, Vanderbilt points to Exhibit KK where Mr. Missry stated that "we strongly disagree with McDonald's interpretation as to the [appraisal] process, which is clear as day in the lease." For

5

this statement to be minimally probative of Vanderbilt's argument that it relied upon Mr. Missry's advice, one must assume that Mr. Missry's statement was true, which again, constitutes hearsay. At most, Exhibits KK, AAA, BBB and OOO demonstrate that Vanderbilt's counsel corresponded with McDonald's counsel about the fair market valuation process. They do nothing to show that Vanderbilt in fact relied upon its attorney's advice. To establish reliance upon its counsel's advice, Vanderbilt should rely upon (and produce) communications between Mr. Missry and Vanderbilt, showing that Mr. Missry discussed these issues with Vanderbilt. Vanderbilt, however, refused to produce such communications, citing attorney/client privilege. *See* Declaration of Denise Alvarez, dated March 19, 2025, Ex. 1 (Vanderbilt's Privilege Log) at 2, 3, 6, 7, 9, 10, 12, 13 (logging communications between Mr. Missry and Vanderbilt concerning "McDonald's lease renewal"); at 4, 9-11, 13 (logging communications between Mr. Missry and Vanderbilt concerning "840 Atlantic lease agreements"); 6, 9, 10, 13 (logging communications between Mr. Missry and Vanderbilt concerning "840 Atlantic Appraisal"). In other words, despite Vanderbilt's attempts to disguise the true purpose for which it seeks to admit these emails, it is apparent that Vanderbilt is offering Exhibits KK, AAA, BBB and OOO for the truth of the matter asserted, and for this reason, they should be excluded from evidence.

**3. FRE 106 does not require the admission of Exhibits KK, AAA, BBB and OOO.**

Surprisingly, Vanderbilt argues that the "completeness doctrine," set forth in Rule 106 of the Federal Rules of Evidence, requires that the Court admit the four email strings into evidence regardless of whether they constitute hearsay. *See* Opp. Mem. at 9. Vanderbilt is wrong by the plain language of the rule. FRE 106 expressly states that "*If a party introduces* all or part of a statement, *an adverse party may require the introduction*, at that time, of any other party – or any other statement – that in fairness ought to be considered at the time." Fed. R. Evid. 106 (emphasis

added). Vanderbilt contends that because McDonald's does not object to the admission of those portions of the email strings that contain statements made by McDonald's and/or its agents, then the entire email strings are admissible under FRE 106. *See* Opp. Mem. at 9. But there is a difference between seeking to admit a document into evidence and not objecting to its admission. Vanderbilt, not McDonald's, is seeking to admit the email strings into evidence. And FRE 106 can be invoked only by an "adverse party" when another "party introduces all or part of a statement." *See U.S. v. Coplan*, 703 F.3d 46, 84-85 (2d Cir. 2012) ("Under Federal Rule of Evidence 106, where a party introduces all or part of a recorded statement, *an adverse party* may require the introduction of any other part that 'in fairness ought to be considered at the same time.'") (emphasis added); *U.S. v. Watts*, 934 F. Supp. 2d 451, 480 (E.D.N.Y. 2013) ("[W]hen a party introduces only part of a document into evidence, Rule 106 requires that *an adverse party* be permitted to present the entire document 'when it is essential to explain an already admitted document, to place the admitted document in context, or to avoid misleading the trier of fact.'") (quoting *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 102 (2d Cir. 1995)) (emphasis added). Because Vanderbilt is seeking to introduce *both* the statements made by McDonald's and the statements made by Vanderbilt's agent, FRE 106 has no bearing here.

**4. Impeachment is not a "magic door-opener" to the admission of hearsay evidence.**

The Court should not admit Exhibits KK, AAA, BBB and OOO into evidence simply because Vanderbilt seeks to use them for impeachment purposes. As demonstrated in McDonald's moving memorandum, using hearsay statements to impeach a witness does not render such statements admissible. Rather, the proponent must demonstrate that the documents containing such statements meet evidentiary requirements and are in fact admissible. *Estate of Jaquez v. Flores*, No. 10-cv-2881, 2016 WL 1060841, *10 (S.D.N.Y. Mar. 17, 2016) (using a document for

7

impeachment purposes "is not a magic door-opener to the admission of otherwise excluded evidence."); *see also* Alvarez Decl., Ex. 1 (Jan. 15, 2025 Tr.) at 6 (noting parties are given significant "leeway" with respect to documents used for impeachment purposes, but stating that "to actually seek to introduce [the document] into evidence is another thing altogether"). As demonstrated herein, Vanderbilt seeks to admit Exhibits KK, AAA, BBB and OOO for the truth of the statements contained therein, and thus, the emails constitute inadmissible hearsay. Using them to impeach a witness at trial does not change this conclusion or render them admissible as evidence. Accordingly, the Court should exclude the emails from evidence.

5. **McDonald's does not object to the admission of Exhibits KK, AAA, BBB and OOO for a purpose that does not assume that Mr. Missry's statements in these emails are true.**

To be clear, McDonald's has no objection to the admission of Exhibits KK, AAA, BBB and OOO if Vanderbilt can demonstrate a non-hearsay purpose for their admission. To the extent the Court believes that Mr. Missry's statements should be admitted to provide context or for some other non-hearsay purpose, McDonald's has no objection to their admission. However, as demonstrated herein, Vanderbilt seeks to admit each of these emails to prove (a) the matters actually stated in the emails and/or (b) matters that require the fact finder to assume that the statements in the emails are true. For these reasons and the reasons demonstrated in McDonald's moving memorandum, Exhibits KK, AAA, BBB and OOO constitute inadmissible hearsay and should be precluded by the Court.

## CONCLUSION

For the foregoing reasons, McDonald's respectfully requests that the Court grant its motion *in limine* to preclude the admission of Exhibits KK, AAA, BBB, and OOO into evidence.

Dated:  March 14, 2025

Respectfully submitted,

PASHMAN STEIN WALDER HAYDEN, P.C.

*/s/ Denise Alvarez*
Denise Alvarez
Brendan M. Walsh
*Attorneys for Plaintiff McDonald's Corporation*