```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MCDONALD'S CORPORATION,                   :
                                          :
                         Plaintiff,       :
                                          :
           -against-                      :        **MEMORANDUM AND ORDER**
                                          :           19-cv-6471 (DLI) (ST)
VANDERBILT ATLANTIC HOLDINGS LLC,         :
                                          :
                         Defendant.       :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On November 15, 2019, McDonald's Corporation ("Plaintiff") filed this breach of contract action against Vanderbilt Atlantic Holdings LLC ("Defendant") concerning Plaintiff's lease of Defendant's property. *See*, Compl., Dkt. Entry No. 1. Since this action commenced, the parties have engaged in significant dispositive motion practice that included: (1) Defendant's motion to dismiss, which was denied; (2) Defendant's motion for summary judgment, which was denied; and (3) three motions *in limine*. *See*, Mem. & Order, Mot. to Dismiss, Dkt. Entry No. 22; *McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, 851 F. App'x 259 (2d Cir. 2021) (affirming the Court's decision denying Defendant's motion to dismiss), Dkt. Entry No. 49; Op. & Order, Mot. for Summ. J., Dkt. Entry No. 75; Mem. & Order, Mot. *in Limine*, Dkt. Entry Nos. 99, 100, respectively.

Pending before the Court is a fourth motion *in limine* in which Plaintiff requests that the Court preclude the admission of four of Defendant's exhibits (collectively, "Exhibits"). *See*, Mot. *in Limine* ("Mot."), Dkt. Entry No. 110. Each of the Exhibits consist of emails between Defendant's in-house counsel, Morris Missry, and Plaintiff's in-house counsel, Michael Meyer, concerning the fair market value ("FMV") appraisal process ("FMV process") of the subject

property. *Id*.; Ex. 2, Dkt. Entry No. 110-2 at 36–38 ("KK"); Ex. 3, Dkt. Entry No. 110-2 at 39–43 ("AAA"); Ex. 4, Dkt. Entry No. 110-2 at 44–49 ("BBB"); Ex. 5, Dkt. Entry No. 110-2 at 50–51 ("OOO"). Plaintiff contends that portions of those emails are inadmissible hearsay. *Id*. at 5. Defendant counters that these emails are not inadmissible hearsay because they are not being offered for the truth of the matter asserted. Opp'n at 5–6, Dkt. Entry No. 111. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## **BACKGROUND**[1]

On March 18, 1998, Plaintiff entered into a lease agreement ("Lease") with the original landlord in which Plaintiff became the tenant of a parcel of real property located at 840 Atlantic Avenue, Brooklyn, New York ("Property"). Joint Civil Pretrial Order ("JPTO") ¶¶ 3, 5; Compl., Ex. 1 at 1. The Lease was set to run for twenty years (ending in April 2019), but automatically would extend to additional five-year terms, unless Plaintiff gave written notice of termination. Compl., Ex. 1 ¶¶ 13, 17. The Lease included an Option Rent Addendum ("ORA") that governed the FMV process to determine the rent for any subsequent optional terms. *See*, Pl.'s Local Rule 56.1 Statement ("56.1") ¶ 11, Dkt. Entry No. 68-1; Compl., Ex. 1. Towards the end of the initial term of the Lease, M.M.B. Associates LLC, as successor in interest to the original landlord, entered into a 99-year ground lease with Defendant that resulted in Defendant becoming Plaintiff's landlord. *See*, 56.1 ¶¶ 3, 7; Assignment and Assumption of Lease, Dkt. Entry No. 68-29.

On April 8, 2019, Plaintiff's initial twenty-year Lease term expired and the Lease automatically was extended for a five-year period. *See*, 56.1 ¶ 6. As documented in a letter Plaintiff sent to Defendant on April 15, 2019, the parties could not agree on the FMV to determine

---

[1] The Court assumes familiarity with this matter's factual background and procedural history, which are set forth in detail in the Court's opinions denying Defendant's motions to dismiss and for summary judgment. Only those facts pertinent to the instant motions are discussed herein.

2

Plaintiff's rent payments. *Id.* ¶ 15; Pl.'s Apr. 15, 2019, Letter, Dkt. Entry No. 66-7. Their disagreement triggered the FMV process described in the ORA, which they did not complete. Compl. ¶ 74. Each party alleges that its opponent engaged in the FMV process in bad faith.

## **LEGAL STANDARD**

"'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Williams v. City of New York*, 2023 WL 2911023, at *1 (S.D.N.Y. Apr. 12, 2023) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "The decision whether to grant an *in limine* motion resides in a district court's inherent and discretionary authority to manage the course of its trials." *Id.* (internal citations omitted). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Dunham v. Lobello,* 2023 WL 3004623, at *1 (S.D.N.Y. Apr. 19, 2023) (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp.2d 529, 536 (E.D.N.Y. 2011)). Additionally, "[a] trial court's ruling on a motion *in limine* is subject to change when the case unfolds." *Id.* (internal quotation marks and citation omitted). "'Indeed[,] even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

The Federal Rules of Evidence (the "FRE") provide that "relevant evidence is generally admissible at trial." *Id.* (citing FRE 402). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence." FRE 401. "A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. District courts have "'[b]road discretion to balance probative value against possible prejudice' under Rule 403." *Olutosin v. Gunsett*, 2019 WL 5616889, at *1 (S.D.N.Y. Oct. 31, 2019) (quoting *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008)).

## DISCUSSION

Plaintiff contends that the Exhibits are inadmissible at trial as they constitute hearsay. Mot. at 5. Defendant counters that the statements and data contained within the Exhibits are admissible as non-hearsay because they: (1) are not being offered for their truth, but for the fact that they were made; (2) are necessary for completeness and, thus admissible pursuant to FRE 106; (3) are being offered merely to prove that Defendant's attorney sent them; and (4) may be offered for impeachment purposes. *See generally*, Opp'n.

### I.   Hearsay

Hearsay, "a declarant's out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement[,]' . . . is admissible only if it falls within an enumerated exception." *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (quoting FRE 801, and citing FRE 802). FRE 802 provides that "[h]earsay is not admissible unless" otherwise provided by federal statute, the FRE, or any other rule prescribed by the Supreme Court. However, Defendant does not identify any such exception. Instead, Defendant contends that the Exhibits do not constitute hearsay because it does not intend to offer them for the truth of the matters asserted therein. *See*, Opp'n at 1.

Despite vigorously arguing that all of Mr. Missry's emails constitute inadmissible hearsay, Plaintiff concedes that the following may be admitted: (1) emails sent by Plaintiff's representatives, including its in-house counsel, Mr. Meyer, and appraiser, Sharon Locatell, as

4

party-opponent statements under FRE 801(d)(2); (2) KK "for the purpose of providing context or for some other non-hearsay purpose, such as showing that Mr. Missry was communicating with [Plaintiff]"; and (3) AAA "to show that Mr. Missry was corresponding with Mr. Meyer with respect to the fair market valuation process." Mot. at 2; Reply at 1, 3 n.2, 4. The Court concurs and independently finds that Mr. Meyer's and Ms. Locatell's emails are admissible party-opponent statements. *See*, FRE 801(d)(2) (providing, in part, that a party's own statement, whether made "in an individual or representative capacity," "by a person whom the party authorized to make a statement on the subject," or "by the party's agent or employee on a matter within the scope of that relationship and while it existed," is not hearsay if offered against that party); *Dupree*, 706 F.3d at 136-37 (noting that "a statement offered to show its effect on the listener is not hearsay" because its "significance . . . lies solely in the fact that it was made, [and] no issue is raised as to the truth of anything asserted" (internal quotation marks omitted)); *United States v. Watson*, 2024 WL 4455773, at *2 (E.D.N.Y. May 31, 2024) ("[E]vidence introduced to prove the listener's knowledge, or to show that a listener was put on notice, is not hearsay.").

However, Defendant is precluded from admitting these Exhibits to show that the substance contained therein is true. For example, Defendant may not admit KK into evidence for the truth that "[Defendant] strongly disagree[s] with [Plaintiff]'s interpretation as to the process." KK at 37. As another example, Defendant seeks to admit OOO to show that Mr. Missry asked to discuss appointing the third appraiser. Opp'n at 11. Defendant is precluded from admitting OOO for that reason because it requires the statement, "I wanted to discuss retaining the third appraiser with you," to be true. OOO at 51. Similarly, Defendant cannot admit AAA for the truth of the statement "I don't want to litigate positions now." AAA at 40. While the list of hearsay statements contained

5

within these exhibits is larger than in the previous examples, hearsay statements contained within these Exhibit are inadmissible.

### A. Non-Hearsay Uses

Defendant contends that it is offering some of these Exhibits, not for their truth, but simply for the fact that statements were made regarding the FMV process. Opp'n at 14–15. Specifically, it seeks to use these statements to show that it engaged in the FMV process in good faith, and that Plaintiff was the party delaying the process. *Id*. It is blackletter law in this circuit that, when a defendant seeks to introduce his own prior statement "simply to show that it was made, rather than to establish the truth of the matter asserted, the fact that the statement was made must be relevant to the issues in the lawsuit." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) (holding that if a defendant's prior statement is irrelevant unless it is offered to prove the stated fact, then it is inadmissible). Plaintiff has not raised a relevance objection in its latest motion. Thus, Defendant may seek to admit these Exhibits to show that Mr. Missry emailed Mr. Meyer on certain dates and times, but not for the truth of the matters asserted therein.

Defendant also contends that portions of these Exhibits are admissible because they only contain questions and inquiries. Opp'n at 15. For example, in BBB, Mr. Missry asks Mr. Meyer, "[a]re we finalizing the letter?" BBB at 45. Questions or inquiries do not constitute hearsay statements because they "are not assertions offered for their truth." *United States v. Moyhernandez*, 17 F. App'x 62, 71 (2d Cir. 2001) (citing *United States v. Oguns*, 921 F.2d 442, 449 (2d Cir.1990)); *See also*, *United States v. Kuthuru*, 665 F. App'x 34, 38 (2d Cir. 2016) ("Questions and commands are ordinarily not hearsay because they are not offered for the truth of the matter asserted."); *United States v. Coplan*, 703 F.3d 46, 84 (2d Cir. 2012) (holding that "questions posed by the IRS agent were not hearsay, because[,] as a matter of law, questions are

not 'assertions' within the meaning of Rule 801"); *Oguns*, 921 F.2d at 449 ("Because a question cannot be used to show the truth of the matter asserted, the dangers necessitating the hearsay rule are not present."). Thus, the portions of the Exhibits that contain questions or inquiries are admissible.

Defendant also argues that the Exhibits are being offered to demonstrate who sent them, *i.e.*, that Mr. Missry engaged with Mr. Meyer. Opp'n. at 17. Metadata, such as sender information and timestamps, is not subject to the hearsay rule because it does not qualify as a statement under FRE 801. *See*, *CA, Inc. v. Simple.com, Inc.*, 780 F. Supp.2d 196, 224 (E.D.N.Y. 2009) (citation omitted) ("Computer-generated data, which includes metadata, . . . are extrajudicial statements that are not hearsay. In these circumstances, there is no declarant making a statement."). "The computer is itself performing the transaction at issue." *Id*. Therefore, metadata, such as the fact that Mr. Missry is listed as the sender of an email, is admissible.

### B. FRE 106

Defendant attempts to overcome hearsay restrictions by invoking FRE 106, which permits the introduction of certain statements as completion for fairness "over a hearsay objection," if the opposing party has introduced part of a statement that creates a misimpression about the meaning of a proffered statement. FRE 106 provides in pertinent part: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time." The Advisory Committee's Note to FRE 106's 2023 amendment states that, "[t]he mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion . . . ." *See*, *United States v. Chang*, 2024 WL 3303717, at *5 (E.D.N.Y. July 3, 2024) ("[T]he rule provides that 'even though a statement may be hearsay, an omitted portion of the statement must

7

be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" (citation omitted)). Thus, Plaintiff first must introduce a statement or part thereof into evidence before Defendant can invoke FRE 106.

Plaintiff argues Defendant's invocation of FRE 106 is premature and must wait for trial. Defendant unavailingly counters that, because Plaintiff will introduce parts of these Exhibits as evidence at trial, and it can use FRE 106 preemptively. Opp'n at 13. FRE 106 requires the "introduction" of part of a statement that creates a misimpression about the statement and presumes that it occurs during a hearing or trial. *See*, FRE 106 (a party may invoke Rule 106 "at th[e] time" the opposing party introduces a statement). Accordingly, ruling on this issue is deferred to trial.

### C. Impeachment

Defendant's assertion that the Exhibits are admissible as impeachment evidence similarly is premature. FRE 613(b) allows a party to introduce a witness's prior inconsistent statement, whether it is admissible or not, for the limited purpose of impeachment. *See*, FRE 613(b); *See also, Gray v. Busch Entertainment Corp.*, 886 F.2d 14, 16 (2d Cir. 1989) (report admissible, but only with instruction limiting its use to impeachment as prior inconsistent statement under FRE 613(b)). Impeachment is not a basis to admit or exclude the Exhibits at this juncture. *See*, *Est. of Jaquez v. Flores*, 2016 WL 1060841, at *10 (S.D.N.Y. Mar. 17, 2016) ("If plaintiffs believe there is a proper use for the[] [materials] as impeachment in response to a specific line of questioning at trial, they may make an appropriate application at that time."); *See also, Roniger v. McCall*, 119 F. Supp.2d 407, 410 (S.D.N.Y. 2000) ("Insofar as the theory for the admissibility of Exhibit 47 is its impeachment value at trial, a ruling at this juncture would be premature."). Indeed, Defendant's

own submission recognizes this fact, stating that "[Defendant] may also need to use these emails for purposes of impeachment, should Mr. Meyer testify." *See*, Opp'n at 14.

Additionally, any argument here suggesting that hearsay evidence may be used for its truth as a prior inconsistent statement without regard for the rules of evidence is incorrect. *See*, *Est. of Jaquez*, 2016 WL 1060841, at *10 ("[P]roffering evidence 'for impeachment' is not a magic door-opener to admission of otherwise excluded evidence."). Under FRE 801(d)(1)(a), a declarant-witness's prior inconsistent statement given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition does not constitute hearsay. *See*, *United States v. Mergen*, 543 F. App'x 46, 49 (2d Cir. 2013) (reasoning that "[p]rior inconsistent statements are not offered for their truth, but rather to demonstrate the witness's lack of credibility" (citation omitted)). Here, none of the Exhibits in question were made under penalty of perjury. *See generally*, Exhibits. Thus, they are not admissible pursuant to FRE 801(d)(1)(a).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion *in limine* is granted to the extent that Defendant is precluded from introducing portions of the Exhibits for the truth of the matters asserted therein. Rulings on the introduction of the Exhibits for impeachment or other non-hearsay purposes, or pursuant to FRE 106 are premature and are deferred to trial.

SO ORDERED.

Dated: Brooklyn, New York
      July 1, 2025

/s/
DORA L. IRIZARRY
United States District Judge